IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, AS TRUSTEE OF THE FURIE LITIGATION TRUST, <br><br> *Plaintiff*, <br><br> v. <br><br> KAY RIECK, LARS DEGENHARDT, THEODOR VAN STEPHOUDT, DAVID HRYCK, REED SMITH LLP, THOMAS E. HORD, MICHAEL ANTHONY NUNES, STONE PIGMAN WALTHER WITTMAN LLC, IN ITS OWN CAPACITY AND AS SUCCESSOR BY MERGER TO COGAN & PARTNERS LLP, DAVID ELDER, BRUCE GANER, SIERRA PINE RESOURCES INTERNATIONAL, INC. AND HELENA ENERGY, LLC, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-cv-02698 |

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1441, 1446, and 1452, Defendant Stone Pigman Walther Wittmann L.L.C.[1] ("Stone Pigman") removes to this Court the state-court action described in paragraph 1 below.

## THE REMOVED ACTION

1. The removed action is a civil case filed on August 6, 2021, styled *Clingman & Hanger Management Associates, LLC as Trustee of the Furie Litigation Trust v. Kay Rieck, et al.*, No. 2021-48592, 334th Judicial District Court, Harris County, Texas (the "Removed Action").

## DOCUMENTS FROM REMOVED ACTION

---

[1] Plaintiff incorrectly named and mis-spelled Stone Pigman as "Stone Pigman Walther Wittman LLC, in its own capacity and as successor by merger to Cogan & Partners LLP." Stone Pigman Walther Wittmann L.L.C. is not a "successor by merger to Cogan & Partners LLP" and cannot be sued in that capacity.

**NOTICE OF REMOVAL – PAGE 1**

2. Under 28 U.S.C. § 1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas, Stone Pigman includes the following under the attached Exhibit A: (a) an index of matters being filed; (b) the docket sheet; (c) pleadings asserting causes of action, *e.g.*, petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings; and (d) a list of all counsel of record, including addresses, telephone numbers and parties represented. The state court's docket does not reflect any executed process, and the state court judge has not signed any orders. *See* Local Rule 81(1) and (3).

## REMOVAL IS TIMELY

3. Removal is timely under 28 U.S.C § 1446(b) and Fed. R. Bankr. P. 9027(a)(3) because this notice is filed within 30 days of Stone Pigman's receipt of the initial pleading setting forth the claim for relief upon which the Removed Action is based.

## THE VENUE REQUIREMENT IS MET

4. The venue requirement is met under 28 U.S.C. § 1441(a) and Fed. R. Bankr. P. 9027(a)(1) because this Court is the United States District Court for the district and division corresponding to the place where the Removed Action was pending. To the extent the Removed Action is referred to the Bankruptcy Court, Stone Pigman does not consent to entry of final orders or judgment by the Bankruptcy Court. *See* Fed. R. Bankr. P. 9027(a)(1).

## JURISDICTION EXISTS

5. The Removed Action is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1331[2] and 28 U.S.C. § 1367 and may be removed to this Court under 28 U.S.C. §§ 1441 and 1446. Because the Removed Action is not being removed "solely

---

[2] The Removed Action asserts claims under a federal statute, 11 U.S.C. § 548. *See* Petition ¶¶ 171-175 (Third Cause of Action) and ¶¶ 176-179 (Fourth Cause of Action).

**NOTICE OF REMOVAL – PAGE 2**

under section 1441(a),"[3] the consent-to-removal requirements in 28 U.S.C. § 1446(b)(2)(A) do not apply.  In any event, the state court's docket does not reflect any other defendants "who have been properly joined and served."

6. Additionally and alternatively, the Removed Action is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1334(b) because it "aris[es] under" the Bankruptcy Code and/or "aris[es] in" or is "related to" a jointly administered bankruptcy case under title 11 of the United States Code styled *In re Furie Operating Alaska, LLC, et al.,* No. 19-11781 (LSS), United States Bankruptcy Court for the District of Delaware.  Accordingly, the Removed Action may be removed to this Court under 28 U.S.C. § 1452(a), which does not require the consent of other parties. In any event, the state court's docket does not reflect any other defendants "who have been properly joined and served."

## FILING OF REMOVAL PAPERS

7. Under 28 U.S.C. § 1446(d) and FED. R. BANKR. P. 9027(c), written notice of the removal of this action has been given simultaneously to Plaintiff's counsel, and a Notice to the State Court of Filing Notice of Removal is simultaneously being filed with the 334th Judicial District Court, Harris County, Texas.  A true and correct copy of this Notice is attached as Exhibit B.

WHEREFORE, Defendant Stone Pigman Walther Wittmann L.L.C. removes the above-captioned action from the 334th Judicial District Court, Harris County, Texas, to this Court.

---

[3] *See* ¶ 6, below (effecting removal under 28 U.S.C. § 1452(a)).

**NOTICE OF REMOVAL – PAGE 3**

Respectfully submitted,

*/s/ George M. Kryder*
George M. Kryder
  State Bar No. 11742900
  gkryder@velaw.com
Matthew W. Moran
   State Bar No. 24002642
   mmoran@velaw.com
Jordan W. Leu
   State Bar No. 24070139
   jleu@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas  75201
Telephone: (214) 220-7700

Patrick W. Mizell
   State Bar No. 14233980
   pmizell@velaw.com
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: (713) 758-2222

*Attorneys for Defendant*
*Stone Pigman Walther Wittmann L.L.C.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon counsel of record on August 18, 2021, using the Court's electronic filing system and by email to:

rcorn@corn-law.com
bamini@aminillc.com
asamet@aminillc.com

*/s/ George M. Kryder*
George M. Kryder