IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, AS TRUSTEE OF THE FURIE LITIGATION TRUST, <br><br> *Plaintiff*, <br><br> v. <br><br> KAY RIECK, LARS DEGENHARDT, THEODOR VAN STEPHOUDT, DAVID HRYCK, REED SMITH LLP, THOMAS E. HORD, MICHAEL ANTHONY NUNES, STONE PIGMAN WALTHER WITTMAN LLC, IN ITS OWN CAPACITY AND AS SUCCESSOR BY MERGER TO COGAN & PARTNERS LLP, DAVID ELDER, BRUCE GANER, SIERRA PINE RESOURCES INTERNATIONAL, INC. AND HELENA ENERGY, LLC, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-cv-02698 |

**STATEMENT OF INFORMATION IN REMOVED ACTION**

Under the COURT PROCEDURES FOR HON. CHARLES R. ESKRIDGE III, ¶ 1.f and Form 1, the removing party, Defendant Stone Pigman Walther Wittmann L.L.C.[1] ("Stone Pigman") respectfully provides the following information within ten days of removal:

1. **State the date(s) on which defendant(s) or their representative(s) first received a copy of the summons and complaint in the removed state court action. If different, the date on which each defendant was served with a copy of the summons and complaint.**

---

[1] Plaintiff incorrectly named and mis-spelled Stone Pigman as "Stone Pigman Walther Wittman LLC, in its own capacity and as successor by merger to Cogan & Partners LLP." Stone Pigman Walther Wittmann L.L.C. is not a "successor by merger to Cogan & Partners LLP" and cannot be sued in that capacity.

STATEMENT OF INFORMATION IN REMOVED ACTION – PAGE 1

Plaintiff filed its state-court Petition on August 6, 2021, which was assigned to the 334th District Court, Harris County, Texas. On August 10, 2021, the undersigned counsel obtained a copy of the Petition from the Harris County docket and removed the action to this Court on August 18, 2021, without Stone Pigman having been served with process. At the time of removal, the state-court docket did not reflect any defendant who had been "properly joined and served." *See* 28 U.S.C. §1446(b)(2)(A).

2. **In actions removed based on diversity jurisdiction, list the citizenship of all parties, including the citizenship of each member of a partnership or other type of business association such as LLCs and LLPs. Specifically identify whether any defendants who have been served are citizens of Texas.**

   The action was not removed based on diversity jurisdiction.

3. **In actions removed based on diversity jurisdiction, state the amount alleged in controversy and the basis for this amount.**

   The action was not removed based on diversity jurisdiction.

4. **In actions removed based on diversity jurisdiction pending more than one year in state court, specify why the case should not be summarily remanded.**

   The action was not removed based on diversity jurisdiction.

5. **Identify any defendant that did not join in the notice of removal and explain why.**

   Defendants Kay Rieck, Lars Degenhardt, Theodor Van Stephoudt, David Hryck, Reed Smith LLP, Thomas E. Hord, Michael Anthony Nunes, David Elder, Bruce Ganer, Sierra Pine Resources International, Inc. and Helena Energy, LLC did not join the notice of removal.

   At the time of removal, the state-court docket did not reflect any defendant who had been "properly joined and served." *See* 28 U.S.C. §1446(b)(2)(A).

This action falls under the Court's original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because it asserts claims under a federal statute, 11 U.S.C. § 548. *See* Petition ¶¶ 171-175 (Third Cause of Action) and ¶¶ 176-179 (Fourth Cause of Action). Accordingly, this action was subject to removal under 28 U.S.C. § 1441 and 1446. But because this action was not removed "solely under section 1441(a),"[2] the consent-to-removal requirements in 28 U.S.C. § 1446(b)(2)(A) do not apply.

Additionally and alternatively, this action falls under the Court's original jurisdiction under 28 U.S.C. § 1334(b) because it "aris[es] under" the Bankruptcy Code and/or "aris[es] in" or is "related to" a jointly administered bankruptcy case under title 11 of the United States Code styled *In re Furie Operating Alaska, LLC, et al.,* No. 19-11781 (LSS), United States Bankruptcy Court for the District of Delaware. Removal under 28 U.S.C. § 1452(a) does not require the consent of other parties. In any event, as noted above, the state court's docket did not reflect any other defendants "who ha[d] been properly joined and served" at the time of removal.

---

[2] This action was removed under 28 U.S.C. §§ 1441(a), 1446, and 1452(a). *See* Notice of Removal, ¶¶ 5-6.

Respectfully submitted,

/s/  *George M. Kryder*
George M. Kryder – *Attorney in Charge*
  State Bar No. 11742900
  Southern District of Texas Bar No. 14778
  gkryder@velaw.com
Matthew W. Moran
  State Bar No. 24002642
  Southern District of Texas Bar No. 24471
  mmoran@velaw.com
Jordan W. Leu
  State Bar No. 24070139
  Southern District of Texas Bar No. 1133712
  jleu@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas  75201
Telephone: (214) 220-7700
Fax: (214) 220-7716

Patrick W. Mizell
  State Bar No. 14233980
  Southern District of Texas Bar No. 36390
  pmizell@velaw.com
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: (713) 758-2222

*Attorneys for Defendant*
*Stone Pigman Walther Wittmann L.L.C.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon counsel of record on August 25, 2021, using the Court's electronic filing system and by email to:

    rcorn@corn-law.com
    bamini@aminillc.com
    asamet@aminillc.com

                                                            */s/ George M. Kryder*
                                                            George M. Kryder

US 8227295