**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CLINGMAN & HANGER** | § | |
| **MANAGEMENT ASSOCIATES,** | § | |
| **LLC, as Trustee of the Furie** | § | |
| **Litigation Trust,** | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KAY RIECK; LARS** | § | |
| **DEGENHARDT; THEODOR VAN** | § | |
| **STEPHOUDT; DAVID HRYCK,** | § | **Civil Action No. 4:21-cv-02698** |
| **REED SMITH LLP; THOMAS E.** | § | |
| **HORD; MICHAEL ANTHONY** | § | |
| **NUNES; STONE PIGMAN** | § | |
| **WALTHER WITTMAN LLC, in its** | § | |
| **own capacity and as successor by** | § | |
| **merger to COGAN & PARTNERS** | § | |
| **LLP; DAVID ELDER; BRUCE** | § | |
| **GANER; SIERRA PINE** | § | |
| **RESOURCES INTERNATIONAL,** | § | |
| **INC.; and HELENA ENERGY, LLC,** | § | |
| *Defendants.* | § | |

---

## KAY RIECK'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

---

TO THE HONORABLE CHARLES R. ESKRIDGE III:

Defendant, Kay Rieck, respectfully requests that the Court dismiss all claims made

against him for a lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). This Court

should dismiss all causes of action against him because:

1. It would violate due process and traditional standards for fair fair play and
   substantial justice to fore Rieck to defend a civil action within this District

when his contacts with Texas were extremely limited and involved matters directly related to the internal affairs of Furie Operating Alaska, LLC or its parent, Cornucopia Oil & Gas, LLC;

2. Texas' only interests in these two compaies were because they were organized under Texas law until they were converted to Delaware limited liability companies in 2018. Where their bankruptcy estates and the Plaintiff, litigation trust are presently governed under Delaware law and the case law of the Third Circuit.

3. The transactions at issue occurred in Alaska, and virtually all meetings Rieck had when he was on Furie's Board of Managers occurred telephonically with the other participants also being located outside Texas.

4. Plaintiff cannot lawfully serve process on him under the Texas long-arm statute.

In further support, Rieck respectfully shows:

# I.
## Introduction

Kay Rieck is one of 13 Defendants who have been sued by the Trustee of the Furie Litigation Trust, which was created pursuant to the confirmed plan of reorganization of Furie Operating Alaska, LLC.[1] This civil action was originally filed in the 334th District Court of Harris County, Texas on August 6, 2021, and it was removed to this Court on August 18, 2021.

Based upon the return of service of the summons, the deadline for Rieck to answer or file a motion under Rule 12(b) is September 7, 2021. (ECF no. 5). Rieck files this Motion

---

[1] *In re Furie Operating Alaska, LLC*, No. 19-11781-LSS, in the United States Bankruptcy Court, District of Delaware.

and its evidence out of an abundance of caution; however, he reserves the right to amend

this Motion and present evidence with an hand-signed Declaration rather than an electronic

signature under the ESIGN Act of 2000. 15 U.S.C. § 7001, et seq.

Before removal, Plaintiff served a Citation on Rieck, through the Texas Secretary of

State, by utilizing the Texas Long-Arm Statute, which provides, in relevant part:

(a) The secretary of state is an agent for service of process or complaint on a nonresident who:

    (1) is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process;

    (2) has one or more resident agents for service of process, but two unsuccessful attempts have been made on different business days to serve each agent; or

    (3) is not required to designate an agent for service in this state, but becomes a nonresident after a cause of action arises in this state but before the cause is matured by suit in a court of competent jurisdiction.

(b) The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.

Tex. Civ. Prac. & Rem. Code Ann. § 17.044; *see also id*. § 17.041 (defining "nonresident" as an individual who is not a resident of Texas); *see also id*. § 17.042 (non-exclusive list of acts constituting conducting business in Texas).

While the Citation and a copy of the Plaintiff's Original Petition was indeed served

on the Texas Secretary of State, there is nothing in the record indicating that these papers

were mailed to Rieck who is residing in Dubai, United Arab Emirates. As shown in the

Declaration of Kay Rieck, attached as Exhibit 1, any attempt to mail the papers to the address listed in Plaintiff's Original Petition would be unsuccessful. (Exhibit 1, ¶¶ 16–17).

At all material times, Rieck has been a citizen of Germany and has resided in Dubai, United Arab Emirates. (Exhibit 1, ¶¶ 15–16).

Additional facts in support of this Motion are also included in the attached Declaration, the contents of which are incorporated herein by reference.

## II.
## Argument & Authorities

### A.  This Court Lacks Personal Jurisdiction over Reick

Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established *minimum contacts* with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### 1.  No Minimum Contacts

In examining Rieck's contacts with Texas, the Court must determine whether, as a nonresident defendant, he purposefully availed himself of the benefits and protections of Texas by conducting activities within Texas. *See Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano County*, 480 U.S. 102, 109 (1987); *International Shoe*, 326 U.S. at 316. In measuring minimum contacts, the Court should consider the following:

1.   the nature and quality of the contacts with the forum state,

2.  the quantity of the contacts,

3.  the relation of the claim to the contacts,

4.  the interest of the forum state in providing a forum for its residents, and

5.  the convenience of the parties.

*Whaley v. Esebag*, 946 F.3d 447, 452 (8th Cir. 2020). Minimum contacts are not established unless the Court finds it has either specific or general jurisdiction over the defendant. *See Vetrotex CertainTeed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150–51 (3d Cir. 1996); *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993).

**2.   Rieck Is not Subject to General Jurisdiction**

There is no general jurisdiction over Rieck. To establish general jurisdiction, Rieck's contacts with Texas must be so continuous and systematic as to render him essentially "at home" in Texas. *See Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014). The standard for finding general jurisdiction is strict. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101–02 (5th Cir. 2018). An individual defendant is usually considered "at home" in the state where he is domiciled. *Daimler* at 137. Here, there is no evidence that Rieck is domiciled in Texas. Plaintiff's pleadings do not allege in any way that Rieck is domiciled in Texas. Moreover, there is no exception that would justify deeming Rieck to be "at home" in Texas. *See id.*

**3.   Rieck Is not Subject to Specific Jurisdiction**

Specific jurisdiction, on the other hand, arises form, or is directly related to, Rieck's contacts with Texas. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, ___ U.S. ___, 137

S.Ct. 1773, 1780 (2017); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414

n. 8 (1984). Specific jurisdiction is not based on a defendant's contacts with the plaintiff but

focuses on a defendant's contacts with the forum state itself. *Walden v. fiore*, 571 U.S. 277,

283–84 & n. 6 (2014). A court has specific jurisdiction if a defendant committed at least one

act in the forum state and if that act is substantially related to the lawsuit. *See Moncrief Oil*

*Int'l v. OAO Gazprom*, 481 F.3d 309, 211 (5th Cir. 2007) (single act directed at forum state

can support jurisdiction if the act gives rise to a claim).

The Court does not have specific jurisdiction over Rieck because Rieck did not pur-

posefully direct his activities to Texas and Plaintiff's claims did not arise from or relate to

Rieck's contacts with Texas. Rather, the contacts described by Plaintiff and in the attached

Declaration ultimately relate to internal governance of a company that was only a Texas

entity until January 25, 2018, when it converted itself to a Delaware limited liability com-

pany. After November 2016, Furie did not have a physical office in Texas for its employees

to work. (ECF no. 1-5, ¶¶ 5–6). The transactions giving rise to this civil action occurred in

Alaska. This case involves a litigation trust that is prosecuting claims of the bankruptcy es-

tate of Furie Operating Alaska, LLC, a bankruptcy case that was filed in Delaware.

Rieck was never involved in the day-to-day operations of Furie. (Ex. 1, ¶ 9). As the

chairman of the board of a company that had a wholly-owned subsidiary—Brutus AG—

which was the sole owner of Cornucopia Oil and Gas Company, LLC, which was the sole

owner of Fury, Rieck's involvement with Cornucopia and its subsidiaries was most certainly

indirect. (Ex. 1, ¶ 3). Any business decisions made by Furie were always scrutinized by its

principal lender, Energy Capital Partners, and when the Furie's Board of Managers was created in the same year Cornucopia and its subsidiaries closed its League City, Texas office, Rieck was only one of three managers. Moreover, virtually all meetings of the Board of Maners were held telephonically, and all participants participated in such teleconferences from outside Texas. (Ex. 1, ¶¶ 9–10). When these meetings were held, Furie had only one office in Alaska. (Ex. 1, ¶ 8).

Rieck's participation in telephonically-held board meetings did not create any purposeful contacts with Texas that give rise to specific jurisdiction within Texas. Interistingly, a Texas statute governing when a foreign business entity has to register to conduct business in Texas excludes participation as a doverning person of Texas business entity as not conducting business in Texas. Tex. Bus. Orgs. Code § 9.251(16). Thus, if a business enity is not conducting business under such circumstances, it should be hard to say an individual would be conducting business in Texas by being a governing person of a Texas business entity.

This Court's assumption of jurisdiction over Rieck and would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. *See International Shoe*, 326 U.S. at 316. The Court should decline to exercise jurisdiction over Rieck because, Cornucopia and its subsidiaries are no longer Texas companies, and Delaware is now primarily concerned with the governance of these companies. Moreover, with the subject transactions involving petroleum transactions in Alaska, the interests of the State of Alaska and its regulation of the petroleum industry there is of primary concern. Texas' connection to the subject matter of this lawsuit is minor.

Dismissal of the claims against Reick would aid the interstate judicial system in obtaining the most efficient resolution of controversies and recognize the compelling interests of Delaware and Alaska in the matters raised in this civil action.

Being an agent of a company two levels of ownership above Cornucopia, the owner of Furie, Reick could not reasonably expect that he would have to defend a civil action in Texas when the business interests and assets of Cornucopia and Furie were in Alaska.

For these reasons, this Court should dismiss the claims against Reick for lack of personal jurisdiction against him.

## B.   No Authority for Service Abroad by the Texas Long-Arm Statute

Federal courts do not have jurisdiction over a nonresident defendant unless a statute or rule authorizes service of process on the nonresident defendant. When serving an individual in a foreign country, service may only be done by an internationally agreed means of service that is reasonably calculaged to gove rise to the notice, such as the Hague Convention on ervice Aborad of Judicial and Extrajudicial Documents ("Hague Convention"), or other applicable treaty. Fed. R. Civ. P. 4(f)(1). The United Arab Emirates is not a members of the Hague Convention. *Associaitons, Inc. v. Associa menasa, Inc.*, No. 3:16-cv-3480-N, 2017 WL 7512936, at *1 (N.D. Tex. Jun. 9, 2017). In the absence of that, service must be done in a manner prescribed by the foreign country's laws or by other means not prohibited by international agreement as the Court may so order. Fed. R. Civ. P. 4(f)(2), 4(f)(3).

Generally the use of a state's long-arm statute is not authorized for serving an individual residing in a foreign country unless such long-arm service comports with: (1) due

process; (2) the requirements of Fer. R. Civ. P. 4(f); (3) principles of international comity; (4) and other applicable legal principles of domestic and international law. *See Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 644 (5th Cir. 1994) (remanding case to determine whether service under Texas long-arm statute was effective in Mexico).

The Texas Long-Arm Statute authorizes service on the Texas Secretary of State for a nonresident individual when such individual "engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party." Tex. Civ. Prac. & Rem. Code § 17.044(b). The Texas long-arm statute only extends to the limits of due process. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 372 (5th Cir. 1987). Interistingly, a Texas statute governing when a foreign business entity has to register to conduct business in Texas excludes participation as a doverning person of Texas business entity as not conducting business in Texas. Tex. Bus. Orgs. Code § 9.251(16). Thus, if a business enity is not conducting business under such circumstances, it should be hard to say an individual would be conducting business in Texas by being a governing person of a Texas business entity.

Under Texas law, service of process is deemed complete when a citation is actually served on the Secretary of State. However, the defendant still does not have notice. That is done when the Secretary of State mails a copy of the papers to the defendant by "registered mail or by certified mail, return receipt requested." Tex. Civ. Prac. & Rem. Code § 17.045. The person serving the Secretary of State must provide a valid mailing address, and the

Secretary of State will not issue a certificate of service until the Secretary of State can certify the ultimate disposition of the mailing by a postal return receipt. *See* 1 Tex. Admin. Code § 17.21. Moreover, when serving a person abroad in an manner not provided by any applicable treaty or convention, service can only be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." Fed. R. Civ. P. 4(*l*)(2)(B).

Here, there is nothing in the record shows that the Texas Secretary of State actually was forwarded the Citation and copy of the Plaintiff's Original Petition to Rieck. *See* Tex. Civ. Prac. & Rem. Code § 17.045 (requiring the Secretary of State to forward the papers to the nonresident defendant by registered mail or certified mail, return receipt requested).

Therefore, the Court should dismiss the case against Rieck due to improper service of process. Alternatively, the Court should quash service under Rule 12(b)(5) and require the Plaintiff to serve process on Rieck in strict compliance with Rule 4(f).

### III.
### Request for Evidentiary Hearing

Rieck respectfully requests that any disputed factual issues regarding his contacts with Texas be resolved through an evidentiary hearing.

WHEREFORE, premises considered, Defendant, Kay Rieck, respectfully requests that the Court resolve any factual disputes in his favor, find that it would offend due process and traditional standards for fair play and substantial justice to require him to defend this civil action in Texas, and dismiss Plaintiff's claims against him.

Respectfully Submitted,

Pendergraft & Simon, LLP

/s/ *William P. Haddock*
Leonard H. Simon
  lsimon@pendergraftsimon.com
  Texas Bar No. 18387400
  S.D. Tex. Adm. No. 8200
William P. Haddock
  whaddock@pendergraftsimon.com
  Texas Bar No. 00793875
  S.D. Tex. Adm. No. 19637
2777 Allen Parkway, Suite 800
Houston, TX 77019

*Counsel for Kay Rieck and*
*Helena Energy, LLC*

### Certificate of Conference

I hereby certify that prior to filing the above Kay Rieck's Motion to Dismiss for Lack of Personal Jurisdiction, the undersigned conferred with opposing counsel in an effort to resolve the disputed issues without seeking relief from the Court as follows:

On September 7, 2021, the undersigned discussed the motion with Plaintiff's counsel, Robert Corn, and Plaintiff is opposed.

/s/ *William P. Haddock*
William P. Haddock

## Certificate of Service

I hereby certify that a true and correct copy of the above Kay Rieck's Motion to Dismiss for Lack of Personal Jurisdiction has been served on the following counsel/parties of record in accordance with Fed. R. Civ. P. 5 and local rules for electronic filing and service on this 7th day of September 2021:

Service via CM/ECF –

Robert M. Corn, Counsel for Plaintiff
George M. Kryder, III, Counsel for Stone, Pigman, Walther, Wittman, LLC
Ayesha Najim, Counsel for David Hryck and Theodor Van Stephoudt
Murry Fogler, Counsel for Michael Anthony Nunes
Collin J. Cox, Counsel for Reed Smith, LLP

/s/ *William P. Haddock*
William P. Haddock