**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, as Trustee of the Furie Litigation Trust,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KAY RIECK; LARS DEGENHARDT; THEODOR VAN STEPHOUDT; DAVID HRYCK, REED SMITH LLP; THOMAS E. HORD; MICHAEL ANTHONY NUNES; STONE PIGMAN WALTHER WITTMAN LLC, in its own capacity and as successor by merger to COGAN & PARTNERS LLP; DAVID ELDER; BRUCE GANER; SIERRA PINE RESOURCES INTERNATIONAL, INC.; and HELENA ENERGY, LLC,** | § | **Civil Action No. 4:21-cv-02698** |
| ***Defendants.*** | § | |

---

**HELENA ENERGY, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

---

## Table of Contents


Table of Authorities ..... 3

I. Background ..... 6

II. This Court lacks personal jurisdiction over Helena ..... 8

A. Helena lacks the requisite minimum contacts with Texas to establish personal jurisdiction ..... 8

B. Helena is not subject to general jurisdiction in Texas ..... 9

C. Helena Is not subject to specific jurisdiction in Texas ..... 10

III. Plaintiff cannot assert a claim for unjust enrichment ..... 11

A. Alaska law should control under choice of law principles ..... 11

B. Plaintiff's pleadings do not state a cause of action under Alaska law that would enable it to prevail ..... 12

C. Plaintiff's pleadings do not state a viable cause of action under Texas law15

IV. Conclusion ..... 18

## Table of Authorities

### Cases

*Alaska Sales & Serv., Inc. v. Millet*,
735 P.2d 743 (Alaska 1987) ........ 12, 13

*Anderson Remodeling & Construction, LLC v. Smith*,
No. 08-19-00292-CV, 2021 WL 302749 (Tex. App—El Paso Jan. 29, 2021, no pet.) (mem. op) ........ 16

*Argyle I.S.D. ex rel Bd. of Trustees v. Wolf*,
234 S.W.3d 229 (Tex. App—Fort Worth 2007, no pet.) ........ 16

*Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano County*,
480 U.S. 102 (1987) ........ 8

*Bennett v. Artus*,
20 P.3d 560 (Alaska 2001) ........ 12, 15

*Berger Engineering Co. v. Village Casuals, Inc.*,
576 S.W.2d 649 (Tex. Civ. App—Beaumont 1978, no writ) ........ 17

*BNSF Ry. Co. v. Tyrrell*,
___ U.S. ___, 137 S.Ct. 1549 (2017) ........ 9

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
___ U.S. ___, 137 S.Ct. 1773 (2017) ........ 10

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ........ 8

*Casa Orlando Apartments, Ltd. v. Federal Nat. Mortg. Ass'n*,
624 F.3d 185 (5th Cir. 2010) ........ 11, 12

*Chapman v. Commonwealth Land Title Ins. Co.*,
814 F.Supp.2d 716 (N.D. Tex. 2011) ........ 15

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ........ 9

*Elias v. Pilo*,
781 F. App'x 336 (5th Cir. 2019) ........ 15, 17

*Freeman v. Harleton Oil & Gas, Inc.*,
528 S.W.3d 708 (Tex. App—Texarkana 2017, pet. denied)........................................ 16

*Haines v. Comfort Keepers, Inc.*,
393 P.3d 422 (Alaska 2017) .......................................................................12, 13, 14

*Hancock v. Chicago Title Ins. Co.*,
635 F.Supp.2d 539 (N.D. Tex. 2009)..........................................................................17

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
466 U.S. 408 (1984)..................................................................................................... 10

*Hydrokinetics, Inc. v. Alaska Mech., Inc.*,
700 F.2d 1026 (5th Cir. 1983) ..................................................................................... 10

*International Shoe Co. v. Washington*,
326 U.S. 310 (1945) ................................................................................................8, 11

*McCullough v. Scarborough, Medlin & Associates, Inc.*,
435 S.W.3d 871 (Tex. App—Dallas 2014, pet. denied) ............................................... 16

*McFadin v. Gerber*,
587 F.3d 753 (5th Cir. 2009) ....................................................................................... 10

*Midwestern Cattle Marketing, LLC v. Legend Bank, N.A.*,
999 F.3d 970, 972 (5th Cir. 2021)................................................................................ 18

*Moncrief Oil Int'l v. OAO Gazprom*,
481 F.3d 309 (5th Cir. 2007) ....................................................................................... 10

*Monkton Ins. Servs. v. Ritter*,
768 F.3d 429 (5th Cir. 2014) .........................................................................................9

*Mowbray v. Avery*,
76 S.W.3d 663 (Tex. App—Corpus Christi 2002, pet. denied).................................... 16

*Nacogdoches Heart Clinic, P.A. v. Pokala*,
No. 12-11-00133-CV, 2013 WL 451810 (Tex. App—Tyler Feb. 6, 2013,
pet. denied) (mem. op.) ................................................................................................ 16

*Oxford Finance Companies, Inc. v. Velez*,
807 S.W.2d 460 (Tex. App—Austin 1991, no writ)..................................................... 16

*Pepi Corp. v. Galliford*,
254 S.W.3d 457 (Tex. App—Houston [1st Dist.] 2007, pet. denied) ............................ 15

*R.M. Dudley Const. Co., Inc. v. Dawson*,
258 S.W.3d 694 (Tex. App—Waco 2008, pet. denied) ................................................ 16

*Sangha v. Navig8 ShipManagement Private Ltd.*,
882 F.3d 96 (5th Cir. 2018) ........................................................................................ 9

*Sharp v. Mosier*,
No. 04-11-00449-CV, 2012 WL 2021390 (Tex. App—San Antonio Jun. 6,
2012, no pet.) (mem. op.) ........................................................................................ 16

*Spellmann v. Love*,
534 S.W.3d 685 (Tex. App—Corpus Christi 2017, pet. denied) .................................. 16

*SVT, LLC v. Seaside Village Townhome Association, Inc.*,
No. 14-19-00586-CV, 2021WL 2800463 (Tex. App—Houston
[14th Dist.] Jul. 6, 2021, no pet. h.) (mem. op.) ........................................................ 16

*Walden v. Fiore*,
571 U.S. 277 (2014) .................................................................................................. 10

*Walker v. Walker*,
___ S.W.3d ___, No. 14-18-00569-CV, 2020 WL 1951631 (Tex. App—
Houston [14th Dist.] 2020, no pet.) ........................................................................ 15

*Ware v. Ware*,
161 P.3d 1188 (Alaska 2007) .................................................................................. 13

*Whaley v. Esebag*,
946 F.3d 447, 452 (8th Cir. 2020) .............................................................................. 8

*World-Wide Volkswagen Corp. v. Woodson*,
444 U.S. 286 (1980) ................................................................................................... 8

*Yowell v. Granite Operating Co.*,
___ S.W.3d ___, No. 07-17-00112-CV, 2021 WL 2639921 (Tex. App—
Amarillo Jun. 25, 2021, no pet. h.) .......................................................................... 16

**Statutes**

Alaska Stat. § 45.02.107 ........................................................................................ 14

TO THE HONORABLE CHARLES R. ESKRIDGE III:

Defendant, Helena Energy, LLC, respectfully requests that the Court dismiss this civil action against it because:

a. As a Delaware limited liability company whose contacts with Texas are limited to leasing certain oil and gas interests in Dimmit County, Texas, Helena is not subject to the general jurisdiction of courts in Texas and should not have to defend any cause of action in Texas for transactions that took place in Alaska;

b. If the Court determines that it can exercise its jurisdiction over Helena, Plaintiff has failed to state a cause of action for which relief may be granted under either Alaska or Texas law;

c. Under Alaska law, unjust enrichment is merely one of the prerequisites to an equitable claim for restitution or a quasi-contract. The other prerequisite is having no adequate remedy at law. Plaintiff cannot show that it is entitled to equitable relief; and

d. Under Texas law, unjust enrichment been authoritatively recognized by either the Texas Supreme Court or the Fifth Circuit as a valid, independent cause of action.

In further support, Helena respectfully shows:

## I.
## Background

Plaintiff's pleading pleads only one cause of action against Helena Energy, LLC ("Helena")—unjust enrichment. (ECF no. 1-5, ¶¶ 183–88).

Plaintiff is the Trustee of the Furie Litigation Trust, which was created pursuant to the confirmed plan of reorganization of Furie Operating Alaska, LLC.[1] Prior to January 25, 2018, Furie was a Texas limited liability company, and after that date, it was a Delaware limited liability company. Prior to November 2016, Furie had its corporate headquarters in League City, Texas. (ECF no. 1-5, ¶¶ 4–6).

Helena is currently a Delaware limited liability company that is registered to conduct business in Texas. (ECF no. 1-5, ¶ 28). Prior to July 29, 2020, it was an Alaska limited liability company. Helena has never been a Texas entity; however, it is currently registered to conduct business in Texas as a foreign limited liability company. The business Helena conducts in Texas is the leasing of oil and gas properties in Dimmit County. In doing so, Helena does not have any employees in Texas. (Exhibit 1, p. 2). The only agent Helena has in Texas is its statutorily required registered agent for service of process.

All the alleged sales or transfers of natural gas described in Plaintiff's pleadings occurred in Alaska. (ECF no. 1-5, ¶¶ 42–54, 90–95). Of the transactions described in Plaintiff's pleadings where Helena was a party, none involved any transaction that took took place in Texas.

[1] *In re Furie Operating Alaska, LLC*, No. 19-11781-LSS, in the United States Bankruptcy Court, District of Delaware.

## II.
## This Court lacks personal jurisdiction over Helena

Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established *minimum contacts* with the forum state and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

### A. Helena lacks the requisite minimum contacts with Texas to establish personal jurisdiction

In examining Helena's contacts with Texas, the Court must determine whether, as a nonresident defendant, it purposefully availed itself of the benefits and protections of Texas by conducting activities within Texas. *See Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano County*, 480 U.S. 102, 109 (1987); *International Shoe*, 326 U.S. at 316. In measuring minimum contacts, the Court should consider the following:

1. the nature and quality of the contacts with the forum state,
2. the quantity of the contacts,
3. the relation of the claim to the contacts,
4. the interest of the forum state in providing a forum for its residents, and
5. the convenience of the parties.

*Whaley v. Esebag*, 946 F.3d 447, 452 (8th Cir. 2020). Minimum contacts are not established unless the Court finds it has either specific or general jurisdiction over the defendant. *See*

*Vetrotex CertainTeed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150–51 (3d Cir. 1996); *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993).

## B. Helena is not subject to general jurisdiction in Texas

There is no general jurisdiction over Helena. To establish general jurisdiction, Helena's contacts with Texas must be so continuous and systematic as to render it essentially "at home" in Texas. *See Daimler AG v. Bauman*, 571 U.S. 117, 137–39 (2014). The standard for finding general jurisdiction is strict. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101–02 (5th Cir. 2018). As a business entity, Helena will be considered "at home" where it is incorporated and where it has its principal place of business. *Daimler*, 571 U.S. at 137. Only in the most exceptional of cases will a business entity's contacts with a state be so substantial as to subject it to the general jurisdiction of a court in a state other than the state of its organization or principal place of business. *BNSF Ry. Co. v. Tyrrell*, ___ U.S. ___, 137 S.Ct. 1549, 1558 (2017); *Daimler*, 571 U.S. at 139, n. 19; *Patterson v. Aker Solutions, Inc.*, 826 F.3d 231, 234–35 (5th Cir. 2016). "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). Leasing oil and gas properties does not justify an exception to the principle that a business entity should not be considered "at home" in a state other than where it is organized or where it has its principal place of business.

## C. Helena Is not subject to specific jurisdiction in Texas

Specific jurisdiction, on the other hand, arises form, or is directly related to, Helena's contacts with Texas. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, ___ U.S. ___, 137 S.Ct. 1773, 1780 (2017); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). Specific jurisdiction is not based on a defendant's contacts with the plaintiff but focuses on a defendant's contacts with the forum state itself. *Walden v. Fiore*, 571 U.S. 277, 283–84 & n. 6 (2014). A court has specific jurisdiction if a defendant committed at least one act in the forum state and if that act is substantially related to the lawsuit. *See Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (single act directed at forum state can support jurisdiction if the act gives rise to a claim).

Plaintiff's claim against Helena is not related to its oil wells in Dimmit County, Texas (Exhibit 1, p. 2); therefore, the Court cannot establish specific jurisdiction. Any transactions involving natural gas transactions in Alaska did not arise from Helena's contacts with Texas. As alleged in Plaintiff's pleadings, Furie sold natural gas to Aurora, which sold gas to Helena; other sales of natural gas are alleged to have been direct between Furie and Aurora, even though that has not been quantified. (ECF no. 1-5, ¶¶ 89–95). The natural gas was extracted and delivered in Alaska. (ECF no. 1-5, ¶¶ 42–49).

Payment, or the duty to make a payment, to an entity located in Texas is not enough to confer minimum contacts. *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1029 (5th Cir. 1983); *see also McFadin v. Gerber*, 587 F.3d 753, 761 (5th Cir. 2009) ("The little contact with Texas came only from the fortuity of the plaintiff's residence there.").

Thus, this Court's assumption of jurisdiction over Helena would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. *See International Shoe*, 326 U.S. at 316. The Court should therefore decline to exercise jurisdiction over Helena because, its contacts with Texas are insufficient to confer general jurisdiction and the transactions at issue are too removed from Texas for Helena to be subject to specific jurisdiction.

## III.
## Plaintiff cannot assert a claim for unjust enrichment

Plaintiff's claim for unjust enrichment is unsustainable if the Court applies either Alaska law or Texas law. Applying Alaska law, Plaintiff has not sufficiently pled facts that, if presumed as true, would entitle Plaintiff to relief. Applying Texas law, it is unlikely that Plaintiff would be able to maintain an independent cause of action for unjust enrichment.

### A. Alaska law should control under choice of law principles

As to the matters pled against Helena, the Court must first determine which state's law of unjust enrichment applies.

Choice of law matters should be decided based upon the laws of the forum state. *Casa Orlando Apartments, Ltd. v. Federal Nat. Mortg. Ass'n*, 624 F.3d 185, 190 (5th Cir. 2010). And Texas follows the *most significant relationship* test as outlined in the *Restatement (Second) of Conflict of Laws*, which relies on an analysis of the following five factors:

1. the place where the parties' relationship was centered;
2. the place where defendants received the benefit or enrichment;

3. the location where the act conferring the enrichment or benefit was done;
4. the parties' domicile or place of business; and
5. the jurisdiction where a physical thing substantially related to the enrichment was situated at the time of the enrichment

*Id.* at 190, 193–94.

An analysis of these factors indicates that Alaska has the most significant relationship to the allegations of unjust enrichment as all sales of natural gas described in the Plaintiff's pleadings occurred in Alaska, and Alaska was the state where all alleged benefits or enrichment occurred. As pled, the parties' relationship was centered in Alaska. As discussed more fully in Section II, Helena was, at the time, an Alaska limited liability company. The only factor that leads to the application of any other state's law is that Furie was, at the time of the transactions at issue, a Texas company that had its headquarters in Texas

### B. Plaintiff's pleadings do not state a cause of action under Alaska law that would enable it to prevail

Assuming the Court determines that Alaska law applies, in Alaska, unjust enrichment is not a theory of recovery; rather, it is the foundation, or an essential element, for the doctrine of restitution. Restitution is not a cause of action, but it is a remedy for various causes of actions. *Alaska Sales & Serv., Inc. v. Millet*, 735 P.2d 743, 746 (Alaska 1987); *see also Haines v. Comfort Keepers, Inc.*, 393 P.3d 422, 428 (Alaska 2017) ("'Unjust enrichment' is not a cause of action but a prerequisite to recovery under the doctrine of restitution."). Unjust enrichment and quantum meruit claims are treated in essentially the same manner. *Bennett v. Artus*, 20 P.3d 560, 563 (Alaska 2001) (citing *Millet*, 735 P.2d at 746 n. 6).

In *Millet*, the Alaska Supreme Court held:

> Unjust enrichment is a broad equitable concept that underlies various legal theories and remedies. It is most closely linked with the law of restitution and implied (quasi) contracts. . . .
>
> [U]njust enrichment is not in and of itself a theory of recovery. Rather, it is a prerequisite for the enforcement of the doctrine of restitution; that is, if there is no unjust enrichment, there is no basis for restitution. Restitution, in turn, is not a "cause of action" but rather a remedy for various causes of actions. Millet's complaint avers a "contract ... implied in law" as his "cause of action" in this case.
>
> *Millet*, 735 P.2d at 746 (Alaska 1987) (internal citations omitted)

In the context of a quasi-contract, which arises in equity, restitution is appropriate when equity requires that one person should not be unjustly enriched to the detriment of another. *See Millet*, 735 P.2d at 746. Moreover, restitution or any quasi-contract is available only when there is no adequate remedy at law. *Haines*, 393 P.2d at 428. Absent from Plaintiff's pleading is any allegation that it has no adequate remedy at law as to Helena.

Under Alaska law, there are three essential elements of a quasi-contract:

> 1. a benefit conferred upon the defendant by the plaintiff;
> 2. appreciation by the defendant of such benefit; and
> 3. acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain it without paying the value thereof.
>
> *Id.*; *see also Ware v. Ware*, 161 P.3d 1188, 1197 (Alaska 2007) (the same elements must be shown by a party seeking recovery for unjust enrichment).

Having to prove these elements under Alaska law, Plaintiff pleads, "Helena received Furie gas from Aurora (both before and after Aurora was forced into involuntary bankruptcy) for which Furie was never fully compensated, and for which Furie wrote off more

than $900,000 in uncollectible gas sales." (ECF no. 1-5, ¶ 185). From this sentence, Plaintiff makes no allegation that Helena received any gas from Furie in a two-way transaction of any sort. Plaintiff also admits that it received some compensation. The entity that was supposed to pay Plaintiff was Aurora, which ended up in bankruptcy. (ECF no. 1-5, ¶¶ 90–93, 185).

Plaintiff continues pleading, "Helena also received gas directly from Furie, for which Furie either received no compensation or less than fair compensation." (ECF no. 1-5, ¶ 186). What Plaintiff does not state is how much gas Helena allegedly received directly from Furie and whether there was no compensation or some compensation. If Helena received natural gas directly from Furie, it should have been under a contract because a contract for the sale of natural gas removed from realty is a sale of goods under the Uniform Commercial Code. *See* Alaska Stat. § 45.02.107(a) (part of Alaska's adoption of UCC article 2). Thus, there is an adequate legal remedy that precludes the equitable relief sought by Plaintiff. *See Haines*, 393 P.2d at 428 (allowing recovery under a quasi-contract only when there is no adequate legal remedy).

Plaintiff's pleadings do not adequately plead adequate facts showing how Plaintiff is entitled to restitution under Alaska law. Moreover, there are insufficient facts pled to set forth what the ultimate amount of restitution should be. In any claim for restitution or unjust enrichment, a plaintiff is entitled to a credit measured by the value of the benefit he conferred on the plaintiff, but that does not necessarily equal what was actually spent. The court may review the actual amounts spent as well as other evidence of value. *Bennett*, 20

P.3d at 564. The most facts that have been pled only seek a dollar for dollar benefit allegedly received by Helena.

Helena acknowledges that Plaintiff could indeed seek to amend its pleadings to attempt to cure the problems in applying Alaska law to the claim made against Helena. If Plaintiff does amend its pleadings, Helena respectfully requests the right to amend or withdraw this part of its motion made seeking dismissal under Rule 12(b)(6) to respond to such amended pleading.

As the pleadings currently stand, if the Court applies Alaska law to the unjust enrichment claim the Court should dismiss the claim under Rule 12(b)(6).

### C. Plaintiff's pleadings do not state a viable cause of action under Texas law

If Texas law were to control Plaintiff's claim for unjust enrichment, the Court should, most certainly, dismiss the claims against Helena because the Texas Supreme Court has not authoritatively held that unjust enrichment can be asserted as an independent cause of action under Texas law, and the courts of appeals are divided. *Elias v. Pilo*, 781 F. App'x 336, 338 n. 3 (5th Cir. 2019); *see also Chapman v. Commonwealth Land Title Ins. Co.*, 814 F.Supp.2d 716, 725 (N.D. Tex. 2011).

Only a minority of the 14 courts of appeals have recognized unjust enrichment as an independent cause of action in Texas:

a. *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App—Houston [1st Dist.] 2007, pet. denied);

b. *Walker v. Walker*, ___ S.W.3d ___, No. 14-18-00569-CV, 2020 WL 1951631, at *4–5 (Tex. App—Houston [14th Dist.] 2020, no pet.); *SVT, LLC v.*

*Seaside Village Townhome Association, Inc.*, No. 14-19-00586-CV, 2021WL 2800463, at *5 (Tex. App—Houston [14th Dist.] Jul. 6, 2021, no pet. h.) (mem. op.);

c. *Freeman v. Harleton Oil & Gas, Inc.*, 528 S.W.3d 708, 742 (Tex. App—Texarkana 2017, pet. denied); and

d. *Anderson Remodeling & Construction, LLC v. Smith*, No. 08-19-00292-CV, 2021 WL 302749, at *5 (Tex. App—El Paso Jan. 29, 2021, no pet.) (mem. op).

Most courts of appeals do not recognize unjust enrichment as an independent cause of action. They include:

a. *Yowell v. Granite Operating Co.*, ___ S.W.3d ___, No. 07-17-00112-CV, 2021 WL 2639921, at *8 (Tex. App—Amarillo Jun. 25, 2021, no pet. h.);

b. *McCullough v. Scarborough, Medlin & Associates, Inc.*, 435 S.W.3d 871, 891 (Tex. App—Dallas 2014, pet. denied);

c. *R.M. Dudley Const. Co., Inc. v. Dawson*, 258 S.W.3d 694, 703 (Tex. App—Waco 2008, pet. denied);

d. *Argyle I.S.D. ex rel Bd. of Trustees v. Wolf*, 234 S.W.3d 229, 246 (Tex. App—Fort Worth 2007, no pet.);

e. *Spellmann v. Love*, 534 S.W.3d 685, 693 (Tex. App—Corpus Christi 2017, pet. denied); *Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App—Corpus Christi 2002, pet. denied);

f. *Oxford Finance Companies, Inc. v. Velez*, 807 S.W.2d 460, 465 (Tex. App—Austin 1991, no writ);

g. *Nacogdoches Heart Clinic, P.A. v. Pokala*, No. 12-11-00133-CV, 2013 WL 451810, at *18 (Tex. App—Tyler Feb. 6, 2013, pet. denied) (mem. op.); and

h. *Sharp v. Mosier*, No. 04-11-00449-CV, 2012 WL 2021390, at *4 (Tex. App—San Antonio Jun. 6, 2012, no pet.) (mem. op.).

The only courts that have not authoritatively held whether unjust enrichment may be brough as an independent action are the courts in Eastland, with no opinions, and Beaumont, which equated unjust enrichment with quantum meruit. *Berger Engineering Co. v. Village Casuals, Inc.*, 576 S.W.2d 649, 652 (Tex. Civ. App—Beaumont 1978, no writ).

Thus, four courts of appeals in Houston (First and Fourteenth Districts), Texarkana, and El Paso have held that there is an independent cause of action for unjust enrichment while eight courts, in Fort Worth, Austin, San Antonio, Dallas, Amarillo, Waco, Tyler, and Corpus Christi, have held the opposite.

In the absence of a definitive ruling from the Texas Supreme Court, the law is just as unclear in the Fifth Circuit. In *Elias v. Pilo*, the Fifth Circuit stated:

> Although the Texas Supreme Court has referred to a "cause of action" or "claims" of unjust enrichment, it appears to have not yet resolved whether unjust enrichment is an independent cause of action or a "theory of liability that a plaintiff can pursue through several equitable causes of action."
>
> 781 F. App'x at 338 n. 3 (citing *Hancock v. Chicago Title Ins. Co.*, 635 F.Supp.2d 539, 560 (N.D. Tex. 2009)).

Without an authoritative pronouncement from the Texas Supreme Court, the Fifth Circuit has most recently leaned against holding that unjust enrichment may be pursued as an independent cause of action. In *Midwestern Cattle Marketing, LLC v. Legend Bank, N.A.*, the Fifth Circuit rejected appellant's argument that the Court's prior opinion endorsed unjust enrichment as an independent cause of action when it previously remanded a case referring to Midwestern's claims for "money had and received and unjust enrichment" as an

adoption of a pleading convention rather than a remand of an independent unjust enrichment claim. 999 F.3d 970, 972 (5th Cir. 2021).

Therefore, if the Court determines Texas law applies to Plaintiff's claim for unjust enrichment, it should dismiss the claim under Rule 12(b)(6). This civil action, pending in a federal court, is not the case to create new law in Texas.

## IV.
## Conclusion

Because Helena is a Delaware limited liability company, it can only be subject to the general jurisdiction of this Court if its contents with Texas have been so extensive as to render it effectively a resident of Texas. This is an extremely high burden that the facts do not support. The transactions at issue in this case do not subject Helena to any specific jurisdiction when the all of the alleged benefit was given and received in Alaska.

Plaintiff's claim for unjust enrichment is unsustainable if the Court applies either Alaska law or Texas law. Applying Alaska law, Plaintiff has not sufficiently pled facts that, if presumed as true, would entitle Plaintiff to relief. Applying Texas law, it is unlikely that Plaintiff would be able to maintain an independent cause of action for unjust enrichment.

WHEREFORE, premises considered, Helena Energy, LLC respectfully requests that the Court dismiss Plaintiff's claims for lack of personal jurisdiction over it due to the absence of minimum contacts with Texas. Alternatively, Helena respectfully requests that the Court dismiss Plaintiff's claims for failure to state a claim upon which relief may ultimately be granted because: (1) in applying Alaska law, Plaintiff has not shown that it should

be entitled to an equitable remedy after not having any legal remedy, or (2) in applying Texas law, unjust enrichment is not recognized as an independent cause of action.

Respectfully Submitted,

PENDERGRAFT & SIMON, LLP

/s/ *William P. Haddock*

Leonard H. Simon
lsimon@pendergraftsimon.com
Texas Bar No. 18387400
S.D. Tex. Adm. No. 8200
William P. Haddock
whaddock@pendergraftsimon.com
Texas Bar No. 00793875
S.D. Tex. Adm. No. 19637
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. 713-528-8555
Fax. 713-868-1267

*Counsel for Kay Rieck and Helena Energy, LLC*

**Certificate of Conference**

I hereby certify that above Helena Energy, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), the undersigned conferred with opposing counsel in an effort to resolve the disputed issues without seeking relief from the Court as follows:

> On September 14, 2021, the undersigned e-mailed Plaintiff's counsel with a summary of the relief sought and the grounds for such relief. Avery Samet, Robert Corn, and the undersigned counsel also discussed the matter by telephone. Plaintiffs are opposed to the relief sought; however, the parties acknowledge that a response may involve an amended complaint and that Helena will reevaluate its arguments.

*/s/ William P. Haddock*
William P. Haddock

## Certificate of Word Count

I hereby certify that prior to filing the above Helena Energy, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) contains 3,516 words, excluding the case caption, table of contents, table of authorities, signature block, and certificates.

*/s/ William P. Haddock*
William P. Haddock

## Certificate of Service

I hereby certify that a true and correct copy of the above Helena Energy, LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) has been served on the following counsel/parties of record in accordance with Fed. R. Civ. P. 5 and local rules for electronic filing and service on this 14th day of September 2021:

Service via CM/ECF

Robert M. Corn, Counsel for Plaintiff
George M. Kryder, III, Counsel for Stone, Pigman, Walther, Wittman, LLC
Ayesha Najim, Counsel for David Hryck and Theodor Van Stephoudt
Barrett Reasoner, Counsel for David Hryck and Theodor van Stephoudt
Murry Fogler, Counsel for Michael Anthony Nunes
Collin J. Cox, Counsel for Reed Smith, LLP

*/s/ William P. Haddock*
William P. Haddock