UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINGMAN & HANGER | § | |
| MANAGEMENT ASSOCIATES, LLC, | § | CIVIL ACTION NO. |
| AS TRUSTEE OF THE FURIE | § | 4:21-cv-02698 |
| LITIGATION TRUST, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | JUDGE CHARLES ESKRIDGE |
| *v.* | § | |
| | § | |
| KAY RIECK, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT STONE PIGMAN WALTHER WITTMANN L.L.C.'S RESPONSE OPPOSING DEFENDANT THOMAS HORD'S MOTION TO REMAND OR ABSTAIN

George M. Kryder – *Attorney in Charge*
  State Bar No. 11742900
  S.D. Tex. Bar No. 14778
  gkryder@velaw.com
Matthew W. Moran
  State Bar No. 24002642
  S.D. Tex. Bar No. 24471
  mmoran@velaw.com
Jordan W. Leu
  State Bar No. 24070139
  S.D. Tex. Bar No. 1133712
  jleu@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas  75201
Telephone: (214) 220-7700
Fax: (214) 220-7716

Patrick W. Mizell
  State Bar No. 14233980
  S.D. Tex. Bar No. 36390
  pmizell@velaw.com
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: (713) 758-2222

*Attorneys for Defendant*
*Stone Pigman Walther Wittmann L.L.C.*

To The Honorable Charles R. Eskridge III, United States District Judge:

The Court should deny Defendant Thomas Hord's *Motion to Remand and in the Alternative Motion to Abstain* (Dkt. 51), which Plaintiff and all other defendants oppose.

First, the Court clearly has federal question jurisdiction, bankruptcy jurisdiction, and supplemental jurisdiction.  Plaintiff pled two federal fraudulent transfer claims under 11 U.S.C. § 548, and Hord's motion never disputes this Court's bankruptcy jurisdiction.

Second, Stone Pigman Walther Wittmann, L.L.C. ("Stone Pigman") properly removed this case.  Hord fails to acknowledge that Stone Pigman removed this case under 28 U.S.C. § 1452(a) (bankruptcy removal) in addition to 28 U.S.C. § 1441/1446 (ordinary federal question removal).  Removal under § 1452(a) does not require the consent of other parties such as Hord.  Moreover, the state court's docket had nothing to suggest that Hord had been served as of August 18, 2021, when Stone Pigman removed.

Finally, the Court should not abstain or decline to exercise supplemental jurisdiction.  Hord utterly failed to meet his burden to show any basis for mandatory or permissive abstention under 28 U.S.C. § 1334(c).  This Court has – and should exercise – its supplemental jurisdiction under 28 U.S.C. § 1367 because all of Plaintiff's state law claims are intertwined with Plaintiff's federal fraudulent transfer claims based on the overall theme that Furie Operating Alaska, LLC ("Furie") allegedly was damaged by transactions and transfers that purportedly benefitted Furie's directors, officers, and attorneys.  Indeed, Plaintiff incorporates all of the same alleged facts to support every cause of action.  These intertwined claims should be tried together in this Court, which clearly has jurisdiction.  Thus, the Court should deny Hord's Motion and retain this case.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................... 4

NATURE AND STAGE OF PROCEEDINGS ................................................................... 7

STATEMENT OF FACTS ............................................................................................ 8

STATEMENT OF ISSUES ........................................................................................... 8

STANDARD OF REVIEW FOR EACH ISSUE ................................................................ 8

ARGUMENT ............................................................................................................. 9

I.      THIS COURT HAS FEDERAL QUESTION, BANKRUPTCY, AND SUPPLEMENTAL
        JURISDICTION. ............................................................................................. 9

        A.      This Court has federal question jurisdiction. ................................... 9

        B.      This Court has bankruptcy jurisdiction – which Hord does not dispute.
                ......................................................................................................... 12

        C.      This Court has supplemental jurisdiction over the intertwined state
                law claims. ..................................................................................... 13

        D.      Diversity is irrelevant. ................................................................... 13

II.     HORD'S CONSENT WAS NOT REQUIRED FOR REMOVAL. ........................... 14

III.    THIS COURT SHOULD NOT ABSTAIN FROM EXERCISING ITS CLEAR
        JURISDICTION. ........................................................................................... 15

        A.      Mandatory abstention under 28 U.S.C. § 1334(c)(2) does not apply
                because the Court has federal question jurisdiction and its bankruptcy
                jurisdiction "aris[es] under" the Bankruptcy Code. ..................... 15

        B.      Permissive abstention under 28 U.S.C. § 1334(c)(1) does not apply
                because the Court has federal question jurisdiction and Hord failed to
                meet his burden to show why the Court should abstain. .............. 16

        C.      The Court should retain jurisdiction over the state law claims under
                28 U.S.C. § 1367 because all of Plaintiff's intertwined claims arise
                from and incorporate the same alleged facts. ............................... 18

IV.     HORD'S ALLEGED EMPLOYMENT AGREEMENT IS IRRELEVANT TO
        JURISDICTION, REMOVAL, AND ABSTENTION. ........................................... 19

CONCLUSION ........................................................................................................ 20

CERTIFICATE OF COMPLIANCE ............................................................................. 21

CERTIFICATE OF SERVICE .................................................................................... 21

## TABLE OF AUTHORITIES

**Cases**

*Bernhard v. Whitney Nat'l Bank*,
  523 F.3d 546 (5th Cir. 2008) ...................................................................... 10

*Cantu v. Colonial Savings*,
  No. 7:19-CV-00287, 2020 WL 3525476 (S.D. Tex. Feb. 12, 2020) ............... 19

*Carlsbad Technology, Inc. v. HIF Bio, Inc*.,
  556 U.S. 635 (2009) ...................................................................................... 9

*Carlton v. Baww, Inc.*,
  751 F.2d 781 (5th Cir. 1985) ....................................................................... 15

*Dixon v. Coburg Dairy, Inc.*,
  369 F.3d 811 (4th Cir. 2004) ....................................................................... 10

*Eastus v. Blue Bell Creameries, L.P.*,
  97 F.3d 100 (5th Cir. 1996) ......................................................................... 19

*Energy Mgmt. Services, LLC v. City of Alexandria*,
  739 F.3d 255 (5th Cir. 2014) ........................................................................ 9

*Hernandez-Mendoza v. Fatemi*,
  No. 5:20-CV-284-M-BQ, 2021 WL 2517700 (N.D. Tex. May 27, 2021), *report
  and recommendation adopted*, 2021 WL 2516079 (N.D. Tex. June 18, 2021) ........... 18

*In re Cyrus II P'ship*,
  413 B.R. 609 (Bankr. S.D. Tex. 2008) ......................................................... 11

*In re Draper*,
  No. 09-39078, 2010 WL 4736168 (Bankr. S.D. Tex. Nov. 15, 2010) ........... 17

*In re Enron Corp. Sec., Derivative & ERISA Litig. (Newby v. Enron Corp.)*
  No. H-01-3624, 2004 WL 1237497 (S.D. Tex. May 20, 2004) .................... 14

*In re Fuel Oil Supply & Terminaling, Inc.*,
  30 B.R. 360 (Bankr. N.D. Tex. 1983) ..................................................... 12, 15

*In re Guerrero*,
  No. 12-35341, 2013 WL 6834642 (Bankr. S.D. Tex. Dec. 20, 2013) .......... 14

*In re MortgageAmerica Corp.*,
  714 F.2d 1266 (5th Cir. 1983) ..................................................................... 11

*In re Williams*,
  No. 19-32784, 2021 WL 1289672 (Bankr. S.D. Tex. Apr. 6, 2021) ....... 12, 15

*Inge v. Walker*,
  No. 3:16-CV-0042-B, 2016 WL 4920288 (N.D. Tex. Sept. 15, 2016) ......... 18

*Limon Masonry, Inc. v. Eberle Materials, Inc.*,
   No. CV M-09-160, 2009 WL 10694801 (S.D. Tex. Aug. 19, 2009) ........................... 12

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
   No. 3:08-CV-0261-L, 2008 WL 4449508 (N.D. Tex. Sept. 30, 2008),
   *aff'd*, 594 F.3d 383 (5th Cir. 2010) ........................................................................... 16, 17

*McKnight v. Dresser, Inc.*,
   676 F.3d 426 (5th Cir. 2012) ......................................................................................... 9

*Poche v. Texas Air Corps, Inc.*,
   549 F.3d 999 (5th Cir. 2008) ....................................................................................... 18

*Portillo v. CAM XV Trust*,
   No. 5:20-CV-932, 2021 WL 2772806 (W.D. Tex. May 7, 2021) ................................ 17

*Quackenbush v. Allstate Ins. Co.*,
   517 U.S. 706 (1996) ....................................................................................................... 9

*Reyes-Naifeh v. Ocwen Loan Servicing, LLC*,
   No. EP-17-CV-00219-FM, 2017 WL 11236931 (W.D. Tex. Sept. 25, 2017) ............. 16

*South Technical Diesel, Inc. v. Volvo Group N. Am., LLC*,
   No. CIV.A. 5-10-129, 2011 WL 830330 (S.D. Tex. Mar. 3, 2011) ............................ 18

*Things Remembered, Inc. v. Petarca*,
   516 U.S. 124 (1995) ....................................................................................................... 8

*Villarreal v. JP Morgan Chase Bank, Nat. Ass'n*,
   720 F. Supp. 2d 806 (S.D. Tex. 2010) ........................................................................ 19

*Younger v. Harris*,
   401 U.S. 37 (1971) ....................................................................................................... 17

## Statutes

11 U.S.C. § 1107 .............................................................................................................. 10

11 U.S.C. § 544(b)(1) ....................................................................................................... 11

11 U.S.C. § 548 ......................................................................................................... passim

11 U.S.C. § 548(a) ........................................................................................................... 10

11 U.S.C. § 550 ................................................................................................................ 10

11 U.S.C. § 550(a) ........................................................................................................... 10

28 U.S.C. § 1331 ....................................................................................................... passim

28 U.S.C. § 1334 ............................................................................................................... 8

28 U.S.C. § 1334(b) ..................................................................................................... 7, 12

28 U.S.C. § 1334(c) ........................................................................................................... 2

28 U.S.C. § 1334(c)(1) ......................................................................................... 16

28 U.S.C. § 1334(c)(2) ......................................................................................... 15

28 U.S.C. § 1367 .................................................................................... 2, 7, 13, 16

28 U.S.C. § 1367(c) ............................................................................................... 9

28 U.S.C. § 1441 ........................................................................................... 2, 7, 8

28 U.S.C. § 1441(a) ............................................................................................. 14

28 U.S.C. § 1446 ...................................................................................... 2, 7, 8, 14

28 U.S.C. § 1446(b)(2)(A) ................................................................................... 14

28 U.S.C. § 1447(c) ............................................................................................... 8

28 U.S.C. § 1447(d) ............................................................................................... 8

28 U.S.C. § 1452 ......................................................................................... 7, 8, 14

28 U.S.C. § 1452(a) ............................................................................................... 2

28 U.S.C. § 1452(b) ............................................................................................... 8

TEX. BUS. & COM. CODE § 24.008 ......................................................................... 11

## Other Authorities

1 COLLIER ON BANKRUPTCY P 3.01 (16th ed. 2021) ....................................... 15

H.R. REP. NO. 595, 95TH CONG., 1ST SESS. 445 (1977) .................................... 16

## NATURE AND STAGE OF PROCEEDINGS

In a state court petition filed August 6, 2021 (the "Petition"), Plaintiff sued Stone Pigman[1] and others to recover allegedly fraudulent transfers under 11 U.S.C. § 548 and asserted breach-of-fiduciary-duty and other claims.  On August 10, 2021, the undersigned counsel obtained a copy of the Petition from the Harris County docket.

On August 18, 2021, Stone Pigman removed the case to this Court.  *See* Dkt. 01 (Notice of Removal) (removing the case under 28 U.S.C. §§ 1441, 1446, and 1452).  This Court has original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because Plaintiff asserts claims under 11 U.S.C. § 548 – a federal statute.  *See* Petition ¶¶ 171-179. Additionally and alternatively, this Court has original jurisdiction under 28 U.S.C. § 1334(b) because Plaintiff's claims "aris[e] under" the Bankruptcy Code and/or "aris[e] in" or are "related to" a jointly administered bankruptcy case under title 11 of the United States Code styled *In re Furie Operating Alaska, LLC, et al.,* No. 19-11781 (LSS), United States Bankruptcy Court for the District of Delaware.

On September 17, 2021, Hord filed his *Motion to Remand and in the Alternative Motion to Abstain* (Dkt. 51). On September 20, 2021, Hord invoked this Court's jurisdiction by filing an answer and counterclaims (Dkt. 54), purportedly subject to his *Motion to Remand.*

---

[1] Plaintiff incorrectly named and mis-spelled Defendant Stone Pigman Walther Wittmann L.L.C. law firm as "Stone Pigman Walther Wittman LLC, in its own capacity and as successor by merger to Cogan & Partners LLP."  As its *Motion to Dismiss* (Dkt. 45 filed September 14, 2021) proves, Stone Pigman is not a "successor by merger to Cogan & Partners LLP" and cannot be liable in that capacity.

On September 23, 2021, the parties filed their Joint Discovery and Case Management Plan, which provides that "Plaintiff and all defendants other than Mr. Hord agree with Stone Pigman's positions as to this Court's jurisdiction and the propriety of Stone Pigman's removal under 28 U.S.C. §§ 1441, 1446, and 1452." *See* Dkt. 58, p. 5.

## STATEMENT OF FACTS

Stone Pigman incorporates by reference the foregoing "Nature and Stage of Proceedings" for purposes of its statement of facts.

## STATEMENT OF ISSUES

1.    Does the Court have federal-question jurisdiction under 28 U.S.C. § 1331?

2.    Does the Court have bankruptcy jurisdiction under 28 U.S.C. § 1334 – which Hord's Motion does not dispute?

3.    Was removal proper under 28 U.S.C. § 1441, 1446, and 1452?

4.    Did Hord meet his burden to show any basis for remand or abstention?

5.    Should the Court exercise supplemental jurisdiction over Plaintiff's intertwined state-law claims which arise from and incorporate the same alleged facts as the federal claims?

## STANDARD OF REVIEW FOR EACH ISSUE

When, as here, removal occurs under the federal bankruptcy removal statute, 28 U.S.C. § 1452, "[a]n order . . . remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal . . . ." 28 U.S.C. § 1452(b). *Things Remembered, Inc. v. Petarca,* 516 U.S. 124, 129 (1995).

An order remanding the case to state court under 28 U.S.C. § 1447(c) "is not reviewable on appeal or otherwise" but an order denying the motion to remand is reviewable *de novo*. *See* 28 U.S.C. § 1447(d) (remand not reviewable); *McKnight v.*

*Dresser, Inc.*, 676 F.3d 426, 429 (5th Cir. 2012) (denial of remand generally reviewed *de novo*); *Energy Mgmt. Services, LLC v. City of Alexandria,* 739 F.3d 255, 257 (5th Cir. 2014) (same).

Cases remanded under an abstention doctrine can be immediately appealable as collateral or final orders. *See Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 711-12 (1996) (discretionary abstention-based remand order); *see also Carlsbad Technology, Inc. v. HIF Bio, Inc*., 556 U.S. 635 (2009) (discretionary decision not to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) reviewable on appeal).

## ARGUMENT

## I.    THIS COURT HAS FEDERAL QUESTION, BANKRUPTCY, AND SUPPLEMENTAL JURISDICTION.

As part of a 43-page Petition complaining about alleged transactions and transfers that allegedly harmed Furie and benefitted Furie's directors, officers, and attorneys, Plaintiff asserts two fraudulent transfer claims under 11 U.S.C. § 548 – a federal statute within the Bankruptcy Code. *See* Petition, ¶¶ 171-179. Plaintiff's allegations confer federal question jurisdiction, bankruptcy jurisdiction, and supplemental jurisdiction upon this Court.

### A.    This Court has federal question jurisdiction.

Stone Pigman's Notice of Removal cites 28 U.S.C. § 1331 as a basis for this Court's original, federal question jurisdiction. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's claims under 11 U.S.C. § 548 indisputably "aris[e] under

the . . . laws . . . of the United States," *i.e.*, the United States Code.  Indeed, those claims would not exist without a federal statute – nor would any right to ***recover*** the allegedly fraudulent transfers Plaintiff seeks to ***avoid***, because the right to recover a fraudulent transfer arises under a second federal statute the Petition cites: 11 U.S.C. § 550.  *See* Petition, ¶¶ 175, 179 (citing 11 U.S.C. § 550); *see also* 11 U.S.C. § 548(a) (authorizing the trustee to "***avoid***" certain transfers "of an interest of the debtor in property, or [certain] obligation[s] . . . incurred by the debtor") (emphasis added); 11 U.S.C. § 550(a) (providing that "to the extent that a transfer is ***avoided*** under section . . . 548 . . . the trustee may ***recover***, for the benefit of the estate, the property transferred . . . .") (emphasis added).  Here, Plaintiff's standing derives from an assignment by a debtor-in-possession which, under 11 U.S.C. § 1107, had the § 550 avoidance powers of a chapter 11 trustee.

Despite two federal statutes grounding these federal fraudulent transfer claims, Hord erroneously states that "the lawsuit does not involve a federal question."  Motion, ¶ 26.  Hord's cited cases do not support his argument.  In *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008), and *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 818-19 (4th Cir. 2004), the plaintiffs pled no federal claims and the courts found that the plaintiffs' state law claims did not raise federal issues sufficient to confer federal question jurisdiction.  In contrast, Plaintiff expressly pled federal claims under 11 U.S.C. §§ 548 and 550.

Hord incorrectly argues that Plaintiff's claims under 11 U.S.C. § 548 are "ancillary to the numerous Texas common law claims made and duplicative of [Plaintiff's state-law fraudulent transfer claims under] Section 24 of the Texas Business and Commerce Code."

*See* Motion, ¶ 26.  Although Plaintiff asserts fraudulent transfer claims under both state and federal law, Plaintiff only has standing to pursue state-law fraudulent transfer claims under yet a third federal statute, 11 U.S.C. § 544(b)(1), which allows a chapter 11 trustee to "avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law ***by a creditor*** holding an unsecured claim . . . ."  11 U.S.C. § 544(b)(1) (emphasis added).

Section 24 of the Texas Business and Commerce Code provides remedies for "[a] transfer made or obligation incurred by a debtor [that] is fraudulent ***as to a creditor*** . . . ." – and outside bankruptcy those claims are assertable by injured creditors – not by transferors or their trustees, such as the Plaintiff.  *See* TEX. BUS. & COM. CODE § 24.008 (titled "Remedies of Creditors" and cited in Petition, ¶¶ 175 and 179); *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1275 (5th Cir. 1983) ("The "strong arm" provision of the [Bankruptcy] Code, 11 U.S.C. § 544, allows the bankruptcy trustee to step into the shoes of a creditor for the purpose of asserting causes of action under state fraudulent conveyance acts for the benefit of all creditors . . . .").

Although Plaintiff does not expressly cite 11 U.S.C. § 544(b)(1), Plaintiff – a litigation trustee, not a creditor – would lack standing to assert the Texas state law fraudulent transfer claims without § 544(b)(1).  Thus, even Plaintiff's state-law fraudulent transfer claims confer jurisdiction on this Court.  *See In re Cyrus II P'ship*, 413 B.R. 609, 614 (Bankr. S.D. Tex. 2008) ("Although claims under § 544(b) refer to applicable state law, bankruptcy courts hearing such claims sit in federal question jurisdiction as a result of the Bankruptcy Code . . . .").

**B.**      **This Court has bankruptcy jurisdiction – which Hord does not dispute.**

Because 11 U.S.C. § 548 is part of the Bankruptcy Code (Title 11, United States Code), Stone Pigman's Notice of Removal also relied on 28 U.S.C. § 1334(b) as a basis for this Court's original jurisdiction.   Hord apparently concedes that this Court has bankruptcy jurisdiction under 28 U.S.C. § 1334(b), because his Motion never disputes that jurisdictional basis.  This alone supports jurisdiction.

Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

> A suit "arises under" the Bankruptcy Code where it involve[s] a cause of action created or determined by a statutory provision of title 11, and it "arises in" a bankruptcy proceeding where it would have no existence outside of the bankruptcy.  A case is "related to" a bankruptcy proceeding if the outcome of the case could *conceivably* have any effect on the estate being administered in bankruptcy.

*Limon Masonry, Inc. v. Eberle Materials, Inc.,* No. CV M-09-160, 2009 WL 10694801, at *1 (S.D. Tex. Aug. 19, 2009) (emphasis in original; quotations and citations omitted).

Plaintiff's federal fraudulent transfer claims under 11 U.S.C. § 548 thus confer bankruptcy jurisdiction on this Court.  *In re Williams*, No. 19-32784, 2021 WL 1289672, at *4 (Bankr. S.D. Tex. Apr. 6, 2021) ("Plaintiffs' cause[] of action under . . . § 548 arise[s] under title 11 . . . ."); *In re Fuel Oil Supply & Terminaling, Inc*., 30 B.R. 360, 362 (Bankr. N.D. Tex. 1983) ("As to the 'arising under' jurisdiction nothing needs to be said other than its claims arise under §§ 362, 548 and 549 of the Bankruptcy Code. Its claims are also

related to the bankruptcy case because if successful the proceeds will become a part of the debtor's estate.").

**C.    This Court has supplemental jurisdiction over the intertwined state law claims.**

This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367, which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   All of Plaintiff's claims arise out of the same intertwined alleged facts complaining about transactions and transfers which purportedly benefitted Furie's directors, officers, and attorneys.  Indeed, Plaintiff incorporates all of the same alleged facts to support every cause of action.  *See* Petition, ¶¶ 148, 164, 171, 176, 180, 183, 189, 195, 198.  Thus, supplemental jurisdiction exists.

**D.    Diversity is irrelevant.**

Hord also seeks remand "should it be found the parties are not diverse."  Motion, ¶ 27.  But Stone Pigman never invoked diversity as a basis for original jurisdiction.  *See* Notice of Removal.  Instead, Stone Pigman invoked federal question jurisdiction and bankruptcy jurisdiction, as described above.  The absence of diversity is irrelevant in light of two clear bases for original jurisdiction in this Court.

## II.     HORD'S CONSENT WAS NOT REQUIRED FOR REMOVAL.

Hord complains that Stone Pigman "did not obtain consent of all properly joined and served defendants."  Motion, ¶ 28.  This argument is meritless for two reasons.

First, consent is only required under 28 U.S.C. § 1446 if the case is *only* being removed under § 1441(a).  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b)(2)(A).  Here, Stone Pigman also removed under 28 U.S.C. § 1452.  Removal under § 1452 does not require consent of other parties.  *See In re Enron Corp. Sec., Derivative & ERISA Litig. (Newby v. Enron Corp.)* No. H-01-3624, 2004 WL 1237497, at *5, *24-25 (S.D. Tex. May 20, 2004) ("[T]he majority of courts addressing the issue have concluded that the unanimity rule does not apply to removal under 28 U.S.C. § 1452; the majority instead have determined that one party may remove a case from state court under 28 U.S.C. § 1452 without the consent of other parties") (footnote omitted); *In re Guerrero*, No. 12-35341, 2013 WL 6834642, at *4 (Bankr. S.D. Tex. Dec. 20, 2013) ("Because any one *party* may remove an action under § 1452, consent is irrelevant.") (emphasis in original).  Thus, Hord's argument about a purported lack of consent fails.

Second, it is undisputed that the state court's docket did not reflect service on Hord as of August 18, 2021, when Stone Pigman removed this case.  Hord cannot complain that he was not consulted about removal when: (a) Hord's consent was not required under 28 U.S.C. § 1452; (b) Hord's counsel had not appeared in the state court case; and (c) there was no evidence on the state court's docket that Hord had been served.

### III.   THIS COURT SHOULD NOT ABSTAIN FROM EXERCISING ITS CLEAR JURISDICTION.

#### A.   Mandatory abstention under 28 U.S.C. § 1334(c)(2) does not apply because the Court has federal question jurisdiction and its bankruptcy jurisdiction "aris[es] under" the Bankruptcy Code.

Hord's attempt to invoke mandatory abstention under 28 U.S.C. § 1334(c)(2) (Motion, ¶ 30) fails for at least two reasons.

First, mandatory abstention only applies to a "proceeding . . . with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this [bankruptcy jurisdiction] section . . . ." 28 U.S.C. § 1334(c)(2).  Here, the Court clearly has federal question jurisdiction under 28 U.S.C. § 1331 and therefore this "action *could* . . . have been commenced in a court of the United States absent [bankruptcy] jurisdiction," which renders mandatory abstention inapplicable.  *See id*. (emphasis added).

Second, mandatory abstention only applies to a proceeding "related to a case under title 11 but not arising under title 11 or arising in a case under title 11 . . . ." 28 U.S.C. § 1334(c)(2).  A fraudulent transfer claim under 11 U.S.C. § 548 "aris[es] under" title 11, and thus mandatory abstention cannot apply because the Court's jurisdiction is not *solely* "related to a case under title 11." *See In re Williams*, 2021 WL 1289672, at *4 (holding that a § 548 claim arises under title 11); *In re Fuel Oil Supply & Terminaling, Inc.*, 30 B.R. at 362 (same); *Carlton v. Baww, Inc.*, 751 F.2d 781, 788 (5th Cir. 1985) ("A proceeding by a trustee to void a fraudulent conveyance clearly 'arises under title 11.'"); 1 COLLIER ON BANKRUPTCY P 3.01 (16th ed. 2021) ("Any action by a bankruptcy trustee under an avoiding power would be a proceeding arising under title 11, because the trustee would be

claiming based on a right given by one of the sections in subchapter III of chapter 5 of title

11.") (citing H.R. REP. NO. 595, 95TH CONG., 1ST SESS. 445 (1977)).

      **B.**    **Permissive abstention under 28 U.S.C. § 1334(c)(1) does not apply because the Court has federal question jurisdiction and Hord failed to meet his burden to show why the Court should abstain.**

Hord also asks the Court to permissively abstain.  Motion, ¶ 30.  But 28 U.S.C.

§ 1334(c)(1) merely states that "nothing *in this section* prevents a district court . . . from

abstaining from hearing a particular proceeding arising under title 11 or arising in or related

to a case under title 11." 28 U.S.C. § 1334(c)(1) (emphasis added).  Hord mischaracterizes

§ 1334(c)(1) in his Motion by stating that it "prevents" a district court from abstaining

under certain circumstances.  *See* Motion, ¶ 30.

This Court should not abstain based on 28 U.S.C. § 1334(c)(1)  when it clearly has

***both*** federal question jurisdiction under 28 U.S.C. § 1331 ***and*** supplemental jurisdiction

under 28 U.S.C. § 1367, neither of which requires a bankruptcy tie-in.  *See Reyes-Naifeh*

*v. Ocwen Loan Servicing, LLC*, No. EP-17-CV-00219-FM, 2017 WL 11236931, at *3

(W.D. Tex. Sept. 25, 2017) (finding § 1334(c)(1) inapplicable where the court had diversity

jurisdiction); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, No. 3:08-CV-0261-L,

2008 WL 4449508, at *5 (N.D. Tex. Sept. 30, 2008), *aff'd*, 594 F.3d 383 (5th Cir. 2010)

(identifying 14 factors courts consider in evaluating permissive abstention and finding that

"the court has an independent basis for jurisdiction beyond the 'related to' jurisdiction, and

taken as a whole, [the court] determines that these factors do not weigh in favor of

abstention or remand").  The same is true here – this Court clearly has both federal question

jurisdiction and "arising under" bankruptcy jurisdiction, not merely "related to" bankruptcy jurisdiction.

Importantly, it was Hord's burden to show a basis for permissive abstention. *See In re Draper*, No. 09-39078, 2010 WL 4736168, at *3 (Bankr. S.D. Tex. Nov. 15, 2010) ("As the moving parties, [plaintiffs] bear the burden of proving that abstention is appropriate") (citing cases). Hord failed to address ***any*** of the 14 permissive abstention factors in his Motion and thus failed to meet that burden. *See id.* (declining to abstain where plaintiffs "did not present any evidence on the record to support their argument for . . . permissive abstention"); *see also Lone Star*, 2008 WL 4449508, at *5 (explaining that the abstention "statutes appear to be aimed at cases involving primarily state claims that are removed to federal court because of a tangential relationship to a federal bankruptcy proceeding" and declining to remand case in which "there are more than state claims; Plaintiffs have also brought several claims pursuant to the federal securities laws). As in *Lone Star*, there are more than state claims here – Plaintiff also brought claims under the federal fraudulent transfer provisions, which confer federal question jurisdiction under 28 U.S.C. § 1331.

Hord also cites *Younger v. Harris*, 401 U.S. 37 (1971), to support his abstention argument in Motion, ¶ 29, but *Younger* abstention is inapplicable for at least three reasons: (a) *Younger* does not apply to a removed state-court case; (b) *Younger* does not apply to claims for monetary relief; and (c) Hord failed to identify an "important state interest" that (among other things) would be required to support *Younger* abstention. *See Portillo v. CAM XV Trust*, No. 5:20-CV-932, 2021 WL 2772806, at *4 (W.D. Tex. May 7, 2021) (citing Fifth Circuit and Supreme Court cases for these propositions).

**C.**     **The Court should retain jurisdiction over the state law claims under 28 U.S.C. § 1367 because all of Plaintiff's intertwined claims arise from and incorporate the same alleged facts.**

Without explaining ***how*** Plaintiff's state-law claims supposedly predominate, Hord conclusorily states that "[t]his Court may decline to exercise supplemental jurisdiction if the state law claims substantially predominate" over the federal claims.  *See* Motion, ¶ 29.

As an initial matter, "the Fifth Circuit has consistently held that the district court has no discretion to remand claims arising under federal law, even where . . . the federal claims are few and the state claims are many."  *South Technical Diesel, Inc. v. Volvo Group N. Am., LLC*, No. CIV.A. 5-10-129, 2011 WL 830330, at *2 (S.D. Tex. Mar. 3, 2011) (citing *Poche v. Texas Air Corps, Inc*., 549 F.3d 999, 1005 (5th Cir. 2008)).  Thus, the question whether to exercise supplemental jurisdiction affects ***only*** the state law claims and does not impact this Court's non-discretionary federal question jurisdiction over the fraudulent transfer claims.  *See id.*; *see also Hernandez-Mendoza v. Fatemi*, No. 5:20-CV-284-M-BQ, 2021 WL 2517700, at *4 (N.D. Tex. May 27, 2021), *report and recommendation adopted*, 2021 WL 2516079 (N.D. Tex. June 18, 2021) ("[W]here a case involves a pending, properly removed federal claim, this Court has no authority [under § 1367] to remand the entire suit.").

In any event, Plaintiff's state-law claims are thoroughly intertwined with Plaintiff's federal claims because the same alleged facts are pled in support of every claim.  Indeed, even when state law claims ***do*** predominate, courts should not remand state law claims that are "too closely interconnected" to a properly removed federal question claim.  *Inge v. Walker*, No. 3:16-CV-0042-B, 2016 WL 4920288, at *6-7 (N.D. Tex. Sept. 15, 2016)

(finding that plaintiff's state law claims substantially predominated, but exercising supplemental jurisdiction over such claims because they were based on the same "intertwined facts" as a properly removed federal RICO claim) (citing *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 105 (5th Cir. 1996)); *Cantu v. Colonial Savings*, No. 7:19-CV-00287, 2020 WL 3525476, at *3 (S.D. Tex. Feb. 12, 2020) ("[E]ven assuming, but not deciding, that state law predominates in this case, that factor alone does not prevent the Court from exercising its supplemental jurisdiction here."); *Villarreal v. JP Morgan Chase Bank, Nat. Ass'n*, 720 F. Supp. 2d 806, 808 (S.D. Tex. 2010) (finding that state law claims did not predominate where the state law claims against one defendant were "closely intertwined" with the federal law claims against other defendants).

Finally, the Court should exercise supplemental jurisdiction over Plaintiff's intertwined state-law and federal claims to prevent the risk of inconsistent rulings by multiple courts considering the same facts and the expense and inconvenience that multiple proceedings would cause for all parties.

## IV. HORD'S ALLEGED EMPLOYMENT AGREEMENT IS IRRELEVANT TO JURISDICTION, REMOVAL, AND ABSTENTION.

Hord ends his Motion with the confusing argument that, because his employment agreement was governed by Texas law, this federal court should remand the case because "the right of removal has been waived." *See* Motion, ¶ 30 (citing § 18 of Hord's employment agreement).

None of the cases Hord cites stands for the proposition that an agreement between Hord and Plaintiff could undermine Stone Pigman's right to remove a case on grounds that

do not require Hord's consent, or suggests that Plaintiff waived its right to bring federal claims against Hord by entering an employment agreement governed by Texas law.

Moreover, Hord's employment agreement does not limit jurisdiction or venue to state courts.  It merely provides that "any dispute between [Hord] and the Company . . . shall be submitted to trial by Court or to a trial by a jury in Houston, Texas."  See Dkt. 51-1, pp. 3-4 (Hord's Employment Agreement, § 17).  ***This Court is*** in Houston, Texas.

Hord's employment agreement thus is wholly irrelevant to the questions of jurisdiction, removal, and abstention.

## CONCLUSION

Accordingly, the Court should deny *Defendant Thomas Hord's Motion to Remand and in the alternative Motion to Abstain* and grant Stone Pigman such other and further relief to which it is entitled.

Respectfully submitted,

/s/  George M. Kryder

George M. Kryder – *Attorney in Charge*
  State Bar No. 11742900
  Southern District of Texas Bar No. 14778
  gkryder@velaw.com
Matthew W. Moran
  State Bar No. 24002642
  Southern District of Texas Bar No. 24471
  mmoran@velaw.com
Jordan W. Leu
  State Bar No. 24070139
  Southern District of Texas Bar No. 1133712
  jleu@velaw.com
 VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas  75201
Telephone: (214) 220-7700
Fax: (214) 220-7716

Patrick W. Mizell
  State Bar No. 14233980
  Southern District of Texas Bar No. 36390
  pmizell@velaw.com
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: (713) 758-2222

*Attorneys for Defendant Stone Pigman Walther Wittmann L.L.C.*

## CERTIFICATE OF COMPLIANCE

Under the COURT PROCEDURES FOR HON. CHARLES R. ESKRIDGE III, ¶ 18(c), I certify that this Motion contains 3,988 words, except the excluded case caption, table of contents, table of authorities, signature block, and certificates. It was prepared in Microsoft Word using 13-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/  George M. Kryder
George M. Kryder

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon all counsel of record on October 6, 2021, using the Court's electronic filing system.

/s/  George M. Kryder
George M. Kryder

US 8315846