**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CLINGMAN & HANGER** | § | |
| **MANAGEMENT ASSOCIATES, LLC, as** | § | |
| **Plaintiff of the Furie Litigation Trust,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL NO.: 4:21-cv-02698 |
| | § | |
| **KAY RIECK, LARS DEGENHARDT,** | § | |
| **THEODOR VAN STEPHOUDT, DAVID** | § | |
| **HRYCK REED SMITH LLP, THOMAS** | § | |
| **E. HORD, MICHAEL ANTHONY** | § | |
| **NUNES, STONE PIGMAN WALTHER** | § | |
| **WITTMAN LLC, IN ITS OWN** | § | |
| **CAPACITY AND AS SUCCESSOR BY** | § | |
| **MERGER TO COGAN & PARTNERS** | § | |
| **LLP, DAVID ELDER, BRUCE GANER,** | § | |
| **SIERRA PINE RESOURCES** | § | |
| **INTERNATIONAL, INC., AND** | § | |
| **HELENA ENERGY, LLC,** | § | |
| | § | |
| *Defendants*. | § | |

## DAVID ELDER'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant David Elder ("Mr. Elder") files this Answer to Plaintiff Clingman & Hanger

Management Associates, LLC's ("Clingman & Hanger") Original Petition and respectfully shows

the Court as follows:

## INTRODUCTION

1.      Defendant admits he was an officer of Furie Operating Alaska, Cornucopia Oil and

Gas LLC; Defendant otherwise denies the allegations in Paragraph 1 of Plaintiff's Original

Petition.

2.      Defendant admits that Furie filed for bankruptcy; Defendant otherwise denies the allegations in Paragraph 2 of Plaintiff's Original Petition.

3.      Defendant admits that the Plaintiff seeks to recover over $100 million but denies the remaining allegations in Paragraph 3 of Plaintiff's Original Petition and denies the Plaintiff is entitled to recover over $100 million.

4.      Defendant admits that Furie filed a Chapter 11 bankruptcy in Delaware and that Furie had a litigation Plaintiff; otherwise, Defendant denies the remaining allegations in Paragraph 4 of Plaintiff's Original Petition.

## THE PARTIES AND SERVICE OF CITATION

5.      Defendant admits that Furie maintained its corporate headquarters in League City, Galveston County until November 2016.  Defendant admits that after November 2016, Defendant would periodically work from the Houston area.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 5 of Plaintiff's Original Petition; therefore, deny.

6.      Defendant admits that at its inception Furie was a Texas limited liability company and later converted to a Delaware limited liability company; Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 6 of Plaintiff's Original Petition; therefore, deny.

7.      Defendant denies Paragraph 7 of Plaintiff's Original Petition because the allegations seek a legal conclusion and/or because Defendant is without information sufficient to admit or deny the allegations.

8.      Defendant admits that Rieck is a German national and that at some time, Rieck resided in Dubai, United Arab Emirates.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 8 of Plaintiff's Original Petition; therefore, deny.

9.      Defendant admits that Rieck was engaged in business in Texas and that he traveled to Houston to meet with Furie's executives and counterparts and with attorneys.  Defendant admits that Tony Nunes acted as Furie's general counsel.  Defendant denies the remaining allegations of Paragraph 9 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same or because they call for a legal conclusion.

10.     Defendant admits that Lars Degenhardt was Furie's President from 2014 to 2017 while he simultaneously served as CFO of DOGSA. Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 10 of Plaintiff's Original Petition; therefore, deny.

11.     Defendant admits that Degenhardt is a German national and that at some time, Degenhardt resided in Frankfurt, Germany.  Defendant admits that Degenhardt was engaged in business in Texas and that he traveled to Texas in connection with his work for Furie.  Defendant denies the remaining allegations of Paragraph 11 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same or because they call for a legal conclusion.

12.     Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 12 of Plaintiff's Original Petition; therefore, deny.

13.     Defendant admits that Theodor van Stephoudt was an economist at Reed Smith LLP who handled tax matters for various entities; Defendant denies the remaining allegations of Paragraph 13 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same or because they call for a legal conclusion..

14.     Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 14 of Plaintiff's Original Petition; therefore, deny.

15.     Defendant admits that Reed Smith is a law firm and has a Houston office. Defendant denies the remaining allegations of Paragraph 15 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same or because they call for a legal conclusion.

16.     Defendant admits that Reed Smith is a law firm and has a Houston office, that David Hryck was a lawyer at Reed Smith, and that Defendant received letters from Hryck.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 16 of Plaintiff's Original Petition; therefore, deny.

17.     Defendant admits that David Hryck was a lawyer at Reed Smith and that Defendant received letters from Hryck.  Defendant denies the remaining allegations of Paragraph 17 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same or because they call for a legal conclusion.

18.     Defendant admits that Thomas E. Hord was Furie's COO, that Hord was responsible for Furie's drilling activities, and that at some time, Hord resided in Galveston County. Defendant denies the remaining allegations of Paragraph 18 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion, and because the employment agreement itself is the best evidence.

19.     Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 19 of Plaintiff's Original Petition; therefore, deny.

20.     Defendant admits that Michael Anthony (Tony) Nunes acted as Furie's General Counsel; Defendant denies the remaining allegations of Paragraph 20 of Plaintiff's Original

Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion, and because the agreements themselves are the best evidence.

21.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 21 of Plaintiff's Original Petition; therefore, deny.

22.     Defendant admits that Stone Pigman Walther Wittman LLC and Cogan & Partners LLP are law firms.  Defendant denies the remaining allegations of Paragraph 22 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion, and because the filings and certificates themselves are the best evidence.

23.     Defendant admits that he was Furie's CFO from November 2011 through June 30, 2018.  Defendant admits that he was the CFO for Furie Drilling, LLC from November 2011 and resigned in early 2018, but denies that he was a manager.  Defendant admits that he was the CFO of Furie Operating, LLC from November 2011 until he resigned in 2018.  Defendant admits that he was CFO of Furie Petroleum Company, LLC and admits he was a manager for a period of time. Defendant admits he was CFO of Advanced Capital Funding, LLC but denies he was a manager of same. Defendant denies the remaining allegations of Paragraph 23 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion, and because the employment agreement itself is the best evidence.

24.     Defendant denies the allegations in Paragraph 24 of Plaintiff's Original Petition.

25.     Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 25 of Plaintiff's Original Petition; therefore, deny.

26.      Defendant denies the allegations of Paragraph 26 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because they call for a legal conclusion.

27.     Defendant denies the allegations of Paragraph 27 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because they call for a legal conclusion.

28.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 28 of Plaintiff's Original Petition; therefore, deny.

## JURISDICTION AND VENUE

29.     Defendant admits that this Court has jurisdiction over this action but denies Plaintiff is entitled to relief that Plaintiff seeks in Paragraph 29 of Plaintiff's Original Petition.

30.     Defendant denies the allegations of Paragraph 30 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because they call for a legal conclusion.

## RULE 47 STATEMENT

31.     Defendant admits that Plaintiff seeks monetary relief over $1,000,000.00 and demands judgment for all other relief but denies Plaintiff is entitled to relief that Plaintiff seeks in Paragraph 31 of Plaintiff's Original Petition.

## FACTS

### I.     GENERAL BACKGROUND

#### A.     Rieck's Enterprise and Defendants' Role Therein

32.     Defendant admits that Rieck owned Deutsche Oel und Gas, S.A., that Rieck owned Furie Petroleum Company, LLC, which in turn owned Furie Operating, LLC, Furie Drilling, LLC, Advanced Capital Funding LLC, and that oil and gas mineral rights in Alaska were owned by Cornucopia Oil and Gas, LLC, and its wholly owned subsidiary Furie Operating Alaska, LLC. Defendant denies the remaining allegations of Paragraph 32 of Plaintiff's Original Petition because

he is without information sufficient to admit or deny same and because they call for a legal conclusion.

33.     Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 33 of Plaintiff's Original Petition; therefore, deny.

34.     Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 34 of Plaintiff's Original Petition; therefore, deny.

35.     Defendant admits that Reed Smith advised Furie Petroleum Company, LLC, Cornucopia Oil and Gas, LLC, and Furie Operating Alaska, LLC.  Defendant denies the remaining allegations of Paragraph 35 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because they call for a legal conclusion.

36.     Defendant admits that he was told by Rieck that van Stephoudt would serve as President of Furie.  Defendant admits that Furie received an engagement letter from Reed Smith and that Reed Smith billed Furie for work.  Defendant denies the remaining allegations of Paragraph 36 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the engagement letter is the best evidence.

37.     Defendant admits that Nunes represented Rieck personally.  Defendant denies the allegations of Paragraph 37 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because they call for a legal conclusion.

38.     Defendant admits that Nunes was a partner of Cogan & Partners, LLP and that Nunes continued working for Furie as a lawyer when Cogan & Partners LLP merged into Stone Pigman Walter Wittman LLC.  Defendant denies the remaining allegations of Paragraph 38 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same,

because they call for a legal conclusion and because the secondment agreement is the best evidence.

39.     Defendant admits that he served as Manager and CFO of Furie Petroleum Company, LLC and that he served as CFO of Furie Drilling, LLC, Furie Operating, LLC, and Advanced Capital Funding, LLC.  Defendant admits he moved funds as authorized for Furie Operating, LLC, Furie Operating Alaska, LLC, and Cornucopia Oil & Gas Company, LLC. Defendant admits that he dispersed funds as authorized for Cornucopia Oil & Gas Company, LLC, Furie Operating, LLC and Furie Drilling, LLC for Furie Operating Alaska, LLC to pay bills for these respective companies.  Defendant admits that he worked with van Stephoudt and Reed Smith to respond to tax regulators.  Defendant admits his employment agreement with Furie dictated he would receive a $250,000.00 per year.  Defendant admits he would get a bonus if the company sold.  Defendant denies the remaining allegations of Paragraph 39 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because his employment agreement is the best evidence.

40.     Defendant denies the allegations of Paragraph 40 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because employment agreement is the best evidence.

41.     Defendant admits that Ganer acted as Technical Adviser for Furie Operating Alaska, LLC and issued reserve reports for Furie Operating Alaska, LLC.  Defendant denies the remaining allegations of Paragraph 41 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the reserve reports are the best evidence.

### B.    Background Facts Concerning Furie

42.    Defendant admits that the State of Alaska designated around 80,000 acres in the Cook Inlet as the Kitchen Lights United ("KLU") and leased gas drilling rights therein to Furie. Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 42 of Plaintiff's Original Petition; therefore, deny.

43.    Defendant admits the allegations in Paragraph 43 of Plaintiff's Original Petition.

44.    Defendant admits the allegations in Paragraph 44 of Plaintiff's Original Petition.

45.    Defendant denies the allegations of Paragraph 45 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same.

46.    Defendant admits that independent reserve auditor Netherland Sewell & Associates, Inc. ("NSAI") estimated there were 59.4 billion cubic feet ("BCF") in proved, undeveloped gas reserves at KLU #3.  Defendant denies the remaining allegations of Paragraph 46 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because the August 23, 2013 report is the best evidence.

47.    Defendant denies the allegations of Paragraph 47 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because the September 3, 2013 SPRI report is the best evidence.

48.    Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 48 of Plaintiff's Original Petition; therefore, deny.

49.    Defendant admits that a second report from NSAI estimated there were 59 billion cubic feet ("BCF") in proved, undeveloped gas reserves at KLU #3.  Defendant denies the remaining allegations of Paragraph 49 of Plaintiff's Original Petition because he is without

information sufficient to admit or deny same, and because the February 26, 2014 NSAI report is the best evidence.

50.     Defendant denies the allegations of Paragraph 50 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, and because the March 24, 2014 draft report is the best evidence.

51.     Defendant admits Furie entered into a loan with ECP.   Defendant denies the remaining allegations of Paragraph 51 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the loan agreement is the best evidence.

52.     Defendant admits that the infrastructure was not built on schedule or within budget but that same was complete in November 2015.   Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 52 of Plaintiff's Original Petition; therefore, deny.

53.     Defendant admits it took out additional loans from ECP and ING.   Defendant denies the remaining allegations of Paragraph 53 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the loan agreements and projected tax credit receipts are the best evidence.

54.     Defendant admits that Furie drilled one additional well as required by the State of Alaska.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 54 of Plaintiff's Original Petition; therefore, deny.

## II.     DISLOYAL TRANSACTIONS

55.     Defendant denies the allegations in Paragraph 55 of Plaintiff's Original Petition.

56.     Defendant denies the allegations in Paragraph 56 of Plaintiff's Original Petition.

A.      **Randolph Yost Rig Charter**

57.      Defendant denies the allegations in Paragraph 57 of Plaintiff's Original Petition with respect to allegations regarding his own actions or inactions; with respect to actions or inactions of any other of Furie's owners and managers, Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 57 of Plaintiff's Original Petition; therefore, deny.

58.      Defendant denies the allegations in Paragraph 58 of Plaintiff's Original Petition with respect to allegations regarding his own actions or inactions; with respect to actions or inactions of any other Defendant named in Paragraph 58, Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 58 of Plaintiff's Original Petition; therefore, deny.

59.      Defendant admits that he saw the Bareboat Charter Agreement.  Defendant denies the remaining allegations of Paragraph 59 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the emails, and the charter agreements are the best evidence.

60.      Defendant is without information sufficient to admit or deny the allegations of Paragraph 60 of Plaintiff's Original Petition; therefore, deny.

61.      Defendant admits that he saw the Bareboat Charter Agreement.  Defendant denies the remaining allegations of Paragraph 61 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the emails, and the assignment instrument and the charter agreements are the best evidence.

62.      Defendant denies allegations of Paragraph 62 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal

conclusion and because the emails, and the drilling vessel management and charter agreements are the best evidence.

63.     Defendant admits that sometime in December 2015, Furie agreed to pay Nordic $220,000/day to charter the rig after drilling began, pursuant to an Offshore Daywork Drilling Contract.  Defendant denies the remaining allegations of Paragraph 63 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the Offshore Daywork Drilling Contract is the best evidence.

64.     Defendant denies the remaining allegations of Paragraph 64 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the charter and Stone Pigman bills are the best evidence.

65.     Defendant denies that Doy Dugan was a financial analyst at Furie. Defendant is without information sufficient to admit or deny the allegations of Paragraph 65 of Plaintiff's Original Petition; therefore, deny.

66.     Defendant denies the allegations of Paragraph 66 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because they call for a legal conclusion.

67.     Defendant denies the allegations in Paragraph 67 of Plaintiff's Original Petition because, among other reasons, the best evidence are the invoices and emails.

68.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 68 of Plaintiff's Original Petition; therefore, deny.

69.     Defendant admits that Furie paid Hord approximately $500,000 a year.  Defendant denies the remaining allegations of Paragraph 69 of Plaintiff's Original Petition because he is

without information sufficient to admit or deny same and because the payments and invoices themselves are the best evidence.

70.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 70 of Plaintiff's Original Petition; therefore, deny.

71.     Defendant admits that sometime in December 2015, Furie agreed to pay Nordic $220,000/day to charter the rig after drilling began.  Defendant denies the remaining allegations of Paragraph 71 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the Offshore Daywork Drilling Contract is the best evidence.

72.     Defendant admits that he was unfamiliar with Advanced Drilling, Kadmas, Nordic, and ODS as drilling contracts recognized in the industry.  Defendant denies the remaining allegations of Paragraph 72 of Plaintiff's Original Petition because, among other reasons, thw written document containing these purported admissions of Defendant is the best evidence.

73.     Defendant admits that he authorized payments that were approved by a lender, an officer and sometimes the owner, pursuant to a contract, prior to being made.  Defendant otherwise denies the allegations in Paragraph 73 of Plaintiff's Original Petition.

74.     Defendant admits that he was a manager for ministerial functions of FPC; Defendant otherwise denies the allegations in Paragraph 74 of Plaintiff's Original Petition.

75.     Defendant denies the allegations in Paragraph 75 of Plaintiff's Original Petition.

76.     Defendant denies the allegations of Paragraph 76 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the draft profit-sharing agreement is the best evidence.

77.     Defendant admits that he heard Degenhardt tell ECP that it was not an affiliated/related transaction and that the transaction was ultimately approved.   Defendant denies the remaining allegations of Paragraph 77 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because the written communication with Degenhardt's purported assurances is the best evidence.

78.     Defendant denies the allegations of Paragraph 78 of Plaintiff's Original Petition because, among other reasons, the best evidence are the recorded expenses themselves.

79.     Defendant denies the allegations of Paragraph 79 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because they call for a legal conclusion.

80.     Defendant denies the allegations of Paragraph 80 of Plaintiff's Original Petition.

81.     Defendant denies the allegations as they relate to Defendant in Paragraph 81 of Plaintiff's Original Petition. Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 81 of Plaintiff's Original Petition; therefore, deny.

82.     Defendant admits he received a Verification Note from Nunes.  Defendant denies the remaining allegations of Paragraph 82 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the Verification Note is the best evidence.

83.     Defendant admits that he asked van Stephoudt and Nunes whether Advanced Drilling was an affiliate and who owned Advanced Drilling and that van Stephoudt advised him that Advanced Drilling was not an affiliate.   Defendant admits that he advised Nunes and Stephoudt that if Hord was an owner of Advanced Drilling, Advanced Drilling would be considered an affiliate and it would be disclosed.  Defendant admits that he was told Tom Hord

would resign as an officer Advanced Drilling.  Defendant denies he worked together with Nunes, Rieck, Hryck, Hord and Degenhardt to create an idea that Hryck would form a trust with himself as Plaintiff that would own enough of Advanced Drilling to make Hord a minority owner. Defendant denies that he plausibly denied or was in denial that Advanced Drilling was not related or was not an affiliate.  Defendant denies Advanced Drilling was an affiliate.  Defendant denies the remaining allegations of Paragraph 83 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the purported draft message is the best evidence.

84.    Defendant denies the allegations of Paragraph 84 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because they call for a legal conclusion.

85.    Defendant admits he remembers receiving a draft letter confirming the independence of Advanced Drilling.  Defendant denies the remaining allegations of Paragraph 85 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because the draft letter is the best evidence.

86.    Defendant is without information sufficient to admit or deny the allegations of Paragraph 86 of Plaintiff's Original Petition; therefore, deny.

87.    Defendant denies that prior to various bankruptcy filings related to entities mentioned in Plaintiff's Original Petition, he knew of the "Memorandum of Agreement" purporting to release Hord and Nunes from any conflict of interest that may arise as a result of their employment by Furie and their ownership/management of Advanced Drilling.  Defendant denies the remaining allegations of Paragraph 87 of Plaintiff's Original Petition because he is

without information sufficient to admit or deny same, because they call for a legal conclusion and because the Memorandum of Agreement is the best evidence.

88.     Defendant denies the allegations of Paragraph 88 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion and because the May 5 and 19, 2016 alleged writings are the best evidence.

**B.      Gas "Sales"**

1.      <u>Aurora</u>

89.     Defendant denies that he caused Furie to enter into gas "sales" transactions with Aurora Gas, LLC.  Defendant admits that Aurora Gas, LLC was owned by Reick.  Defendant admits that he found out sometime in 2017 that Bruce Webb was an officer in the holding company that owned Aurora Gas, LLC.   Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 89 of Plaintiff's Original Petition; therefore, deny.

90.     Defendant denies that he knew in March 2016 that Aurora sold gas to Helena. Defendant did not find this information out until he sent emails to Rieck and others when Aurora was not paying Furie.  After Defendant sent the emails, he received an email from Webb wherein he learned that Aurora was selling gas Helena.   Defendant spoke to Rieck about stopping the sales. Despite Defendant's advisement to Rieck about stopping the sales, the sales did not stop and Defendant did not have authority to stop the sales in his position as CFO.   Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 90 of Plaintiff's Original Petition; therefore, deny.

91.     Defendant admits that he asked internally if Furie could continue selling gas to Aurora because Elder understood that once Aurora declared bankruptcy, any gas sold after the bankruptcy would have to be paid to Furie due to Aurora's reorganization.  Defendant admits Furie

continued to sell gas to Aurora and that Defendant had no authority to stop the sales.  Defendant

denies that ultimate loss was more than $900,000.  Defendant denies the remaining allegations of

Paragraph 91 of Plaintiff's Original Petition because he is without information sufficient to admit

or deny same, and because the written communications from Webb quoted in Paragraph 91 are the

best evidence.

92.     Defendant admits he was directed to send a gas supply contract between Helena

and Furie to ECP and that he sent same per the direction.  Defendant denies that there was ever a

contract approved or executed.  Defendant denies the remaining allegations of Paragraph 92 of

Plaintiff's Original Petition because he is without information sufficient to admit or deny same

and  because  the  written  communications  from  Mark  Slaughter  quoted  in  Paragraph  92  of

Plaintiff's Original Petition are the best evidence.

93.     Defendant admits the allegations in Paragraph 93 of Plaintiff's Original Petition.

2.     <u>Helena</u>

94.     Defendant admits that in 2015 Furie received consent from the lenders and working

interest owners to sell gas to Aurora.  Defendant denies that he knew before 2016 that Aurora was

selling to Helena.  Defendant denies that he knew in April 2016 that Aurora sold gas to Helena.

Defendant did not find this information out until he sent emails to Rieck and others when Aurora

was not paying Furie.  After Defendant sent the emails, he received an email from Webb wherein

he learned that Aurora was selling gas Helena.  Defendant admits in 2017 he found one transaction

where Furie sold gas to Helena.  Defendant told Slaughter and Webb sales to Helena could not

occur. Elder then called van Stephoudt  and told him about the sale.  He was told that the sale

would be stopped.  Defendant admits that he learned in 2016 that Rieck owned Helena.  Defendant

admits that he learned in 2018 that Webb was president of Helena.  Defendant admits that Webb

and Slaughter were Furie employees.  Defendant denies the remaining allegations of Paragraph 94 of Plaintiff's Original Petition because he is without information sufficient to admit or deny and/or because they call for a legal conclusion.

95.     Defendant admits he was directed to work with others to put together a draft gas sales agreement with Helena and that he was directed to present the agreement to Furie's lenders. Defendant admits that he did in fact work with others to put together the agreement and presented same to ECP, despite the fact that Defendant did not think the agreement would be approved and told ECP that.  Defendant admits that ECP balked at the agreement.  Defendant denies the agreement was ever approved or put into place.  Defendant denies the remaining allegations of Paragraph 95 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion, and because the draft gas sales agreement and the written communications reflecting the quotations in Paragraph 95 of Plaintiff's Original Petition are the best evidence.

### C.      Tax Credit Transfers

96.     Defendant denies the allegations of Paragraph 96 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion, and because the offering memorandum is the best evidence.

97.     Defendant denies the allegations of Paragraph 97 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, because they call for a legal conclusion, and because the offering memorandum is the best evidence.

98.     Defendant is without information sufficient to admit or deny the allegations of Paragraph 98 of Plaintiff's Original Petition; therefore, deny.

99.     Defendant admits that he found out about this transaction in 2019 on but denies that at the time the transaction occurred Defendant had any knowledge of same.

100.     Defendant admits that he found out about this transaction in 2019 on but denies that at the time the transaction occurred Defendant had any knowledge of same.  The remaining allegations in Paragraph 100 of Plaintiff's Original Petition call for a legal conclusion; therefore, deny.

101.     Defendant admits that he found out about these transfers eventually but denies that at the time the transaction occurred Defendant had any knowledge of same.  The remaining allegations in Paragraph 101 of Plaintiff's Original Petition call for a legal conclusion; therefore, deny.

### D.     Other Compensation

102.    Defendant denies that he received a host of additional benefits; the remaining allegations in Paragraph 102 of Plaintiff's Original Petition call for a legal conclusion; therefore, deny.

103.    Defendant admits that during the bankruptcy he saw Webb's complaint to Rieck but did not otherwise know of these allegations at the time they were alleged to have occurred; Defendant only knew at the time these allegations occurred that Ricky Bell was Hord's cousin. Defendant admits it was commonplace to rent apartments for Furie contractors while they were working in Alaska so they would have someplace to stay.  Defendant denies the remaining allegations in Paragraph 103 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, and because the written communication reflecting the quoted language in the allegations of Paragraph 103 of Plaintiff's Original Petition are the best evidence.

104.    Defendant admits he received wire transfers from Rieck-owned Furie Petroleum Company for putting together the tax credit financing facility and that was the last bonus ever paid to him directly.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 104 of Plaintiff's Original Petition; therefore, deny.

105.    Defendants admits that Nunes received at least $600,000 per year from Furie; Defendant denies the remaining allegations of Paragraph 105 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because they call for a legal conclusion.

## III.    INFLATION OF ESTIMATED PROVED RESERVES

106.    Defendant denies the allegations in Paragraph 106 of Plaintiff's Original Petition.

107.    Defendant admits that reserves and leases were a portion of the collateral for the ECP loans.  Defendant denies the remaining allegations of Paragraph 107 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because they call for a legal conclusion.

108.    Defendant is without information sufficient to admit or deny the allegations of Paragraph 108 of Plaintiff's Original Petition because the best evidence are the NSAI reports themselves; therefore, deny.

109.    Defendant is without information sufficient to admit or deny the allegations of Paragraph 109 of Plaintiff's Original Petition because the best evidence are the NSAI reports themselves; therefore, deny.

110.    Defendant admits that the loan agreement with ECP called for Furie to furnish annual, independent reports by NSAI or an alternative approved firm; Defendant is without

information sufficient to admit or deny the allegations of Paragraph 110 of Plaintiff's Original Petition because the best evidence is the engagement letter between Furie and NSAI.

111.  Defendant admits that NSAI's first post-engagement report estimated Furie to have approximately 60 BCF in "total proved" reserves; Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 111 of Plaintiff's Original Petition because the best evidence is the NSAI March 25, 2015 first post-engagement reserve report itself.

112.  Defendant admits that NSAI's next reserve report estimated Furie to have approximately 60 BCF in "total proved" reserves, or the same gas reserves as the first report; Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 112 of Plaintiff's Original Petition because the best evidence is the February 29, 2016 NSAI reserve report itself.

113.  Defendant denies the allegations in Paragraph 113 of Plaintiff's Original Petition.

114.  Defendant admits that he is aware of interest holders complaining about operations but denies that he had anything to do with operations or selecting wells as the CFO.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 114 of Plaintiff's Original Petition because the best evidence is the written communication itself.

115.  Defendant admits that he did not discover the preliminary report by NSAI until after it was drafted when Defendant received a call from NSAI, wherein NSAI told Defendant they would not issue a final report they had written without Defendant's knowledge.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 115 of Plaintiff's Original Petition because, among other things, the best evidence is the September 9, 2016 NSAI preliminary report itself.

116.     Defendant admits that NSAI did not issue a year-end 2016 report as it had done in previous years.  Defendant admits that he used a February 1, 2017 report issued by Ganer to calculate depreciation and depletion to complete Furie's audited financial statements and to comply with reporting requirements, but denies that he sent Ganer's report or any other reserve reports to lenders, including but not limited to, ECP or ING.  Defendant denies the remaining allegations in Paragraph 116 of Plaintiff's Original Petition because, among other reasons, they call for a legal conclusion.

117.     Based on Defendant's knowledge in early 2017, Defendant denies the allegations in Paragraph 117 in Plaintiff's Original Petition as to himself; Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 117 of Plaintiff's Original Petition with respect to other executive Defendants.

118.     Defendant denies that he knew whether Ganer considered himself bound by the ordinary rules of oil and gas reserve estimation.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 118 of Plaintiff's Original Petition as the best evidence is the written communication from Ganer to Elder itself.

119.     Defendant denies the allegations in Paragraph 119 of Plaintiff's Original Petition with respect to his own knowledge; Defendant denies the remaining allegations of Paragraph 119 of Plaintiff's Original Petition because he is without information sufficient to admit or deny the allegations with respect to Rieck, Degenhardt, and Nunes's knowledge and because the reports referenced in Paragraph 119 of Plaintiff's Original Petition are the best evidence.

120.     Defendant denies the allegations in Paragraph 120 of Plaintiff's Original Petition with respect to his own knowledge; Defendant is without information sufficient to admit or deny

the remaining allegations of Paragraph 120 of Plaintiff's Original Petition with respect to Rieck, Degenhardt, and Nunes's knowledge.

121.     Defendant admits that in 2017, Degenhardt resigned from DOGSA and ceased being Furie's President.   Defendant admits that Rieck told him that van Stephoudt became President of Furie, but van Stephoudt never told Defendant that.  Defendant admits that Hryck told him that van Stephoudt was not President of Furie.  Defendant admits that Reed Smith billed Furie for van Stephoudt's time and that Furie did not pay van Stephoudt directly.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 121 of Plaintiff's Original Petition; therefore, deny.

122.     Defendant admits that in summer of 2017, Rieck and van Stephoudt were soliciting new lenders; Defendant denies that he was engaged in this process other than to provide information or answer questions as directed.  Defendant admits that he worked with PJT Partners to provide projections, financial information, and to obtain any other reports or information PJT Partners required in order to find a replacement lender.  Defendant denies that PJT Partners was a potential investor; PJT Partners was instead a restructuring adviser hired by Rieck.  Defendant admits that PJT Partners required a current reserve report.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 122 of Plaintiff's Original Petition; therefore, deny.

123.     Defendant admits that NSAI was given all actual information that was normally given to NSAI including costs of water disposal and water production.  Defendant admits that Furie agreed to continue with NSAI for reserve reporting services but denies that Defendant agreed to keep this quiet or stay under the radar.  Defendant denies the remaining allegations of Paragraph 123 of Plaintiff's Original Petition because he is without information sufficient to admit or deny

same, and because the written communications containing the quoted statements in Paragraph 123 of Plaintiff's Original Petition are the best evidence.

124.    Defendant admits that Ganer explained to him and van Stephoudt the goal was to keep the reserves at 200 Bcf.  Defendant denies the remaining allegations of Paragraph 124 of Plaintiff's Original Petition because the written communications containing the quoted statements in Paragraph 124 of Plaintiff's Original Petition are the best evidence.

125.    Defendant denies the allegations of Paragraph 125 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same, and because they call for a legal conclusion.

126.    Defendant is without information sufficient to admit or deny the allegations of Paragraph 126 of Plaintiff's Original Petition; therefore, deny.

127.    Defendant is without information sufficient to admit or deny the allegations of Paragraph 127 of Plaintiff's Original Petition; therefore, deny.

128.    Defendant denies the allegations in Paragraph 128 of Plaintiff's Original Petition with respect to Plaintiff's allegations regarding Defendant.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 128 of Plaintiff's Original Petition as the allegations relate to van Stephoudt and Ganer; therefore, deny.

129.    Defendant denies that the statement from van Stephoudt to Elder that "I think that [PJT Partners] start to understand that with the costs of the rig added to the deal the deal will be difficult at best" had anything to do with what was put into the reserve report.  Defendant admits that he provided NSAI's Burton with Furie financial plans and projections.  Defendant denies the remaining allegations in Paragraph 129 of Plaintiff's Original Petition because, among other

reasons, the best evidence of the quoted statements in Paragraph 129 of Plaintiff's Original Petition are the written communications themselves.

130.    Defendant admits he questioned whether Furie could really produce the gas called for and questioned how many wells would be required to produce the amount of gas in the forecast. Defendant admits that van Stephoudt stated that three wells were sufficient.  Defendant denies he has any personal knowledge or expertise with respect to the well production operations. Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 130 of Plaintiff's Original Petition; therefore deny.  Defendant is without information sufficient to admit or deny the quoted statements purportedly made by van Stephoudt as the best evidence is the written communication itself; therefore deny.

131.    Defendant denies the allegations in Paragraph 131 of Plaintiff's Original Petition because he is without information sufficient to admit or deny same and because they call for a legal conclusion.

132.    Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 132 of Plaintiff's Original Petition; therefore, deny.

133.    Defendant is without information sufficient to admit or deny the allegations of Paragraph 133 of Plaintiff's Original Petition because, among other reasons, the quoted statements purportedly testified to by Thomas Walsh are not the best evidence—the testimony itself is; therefore, deny.

134.    Defendant is without information sufficient to admit or deny the allegations of Paragraph 134 of Plaintiff's Original Petition because, among other reasons, the quoted statements purportedly testified to by Thomas Walsh are not the best evidence—the testimony itself is; therefore, deny.

## IV.   GAS SUPPLY CONTRACTS FIXING UNREALISTIC PRODUCTION REQUIREMENTS

135.    Defendant admits that the ECP loan agreement projected realization of revenues. Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 135 of Plaintiff's Original Petition because, among other reasons, the best evidence is the ECP loan agreement itself; therefore, deny.

136.    Defendant admits that Furie entered into a gas sales contract with Homer Electric Association and Enstar Natural Gas Company; Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 136 of Plaintiff's Original Petition because, among other reasons, the best evidence are the gas sales contracts themselves; therefore, deny.

137.    Defendant admits he reviewed credit and payment provisions of the GSAs. Defendant admits that the Enstar GSA was approved by Rieck, Degenhardt and Webb as well as the lender ECP.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 137 of Plaintiff's Original Petition because, among other things, the best evidence is the Enstar GSA itself; therefore, deny.

138.    Defendant denies the allegations in Paragraph 138 of Plaintiff's Original Petition.

139.    Defendant admits the Enstar GSA was a take or pay contract.  Defendant denies the remaining allegations of Paragraph 139 of Plaintiff's Original Petition because he is without information sufficient to admit or deny, because they seek a legal conclusion, and because the best evidence is the Enstar GSA itself.

140.    Defendant admits that the Enstar GSA called for three wells.  Defendant denies the remaining allegations of Paragraph 140 of Plaintiff's Original Petition because he is without information sufficient to admit or deny, because they seek a legal conclusion, and because the best evidence is the Enstar GSA itself.

141.     Defendant admits that Reick and Webb told Enstar that Furie would not meet its deadline, which resulted in a reduction of the price.  Defendant denies the remaining allegations of Paragraph 141 of Plaintiff's Original Petition because he is without information sufficient to admit or deny and because the best evidence is the Enstar GSA itself.

142.     Defendant admits that beginning in April 2018 Furie was unable to meet its supply obligations and had to buy gas to cover minimum delivery amounts, which resulted in a loss. Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 142 of Plaintiff's Original Petition; therefore deny.

## V.     FURIE'S COLLAPSE

143.     Defendant admits that Furie agreed to retain Ankura Consulting Group, LLC and admits that Furie engaged PRA.  Defendant denies the remaining allegations of Paragraph 143 of Plaintiff's Original Petition because he is without information sufficient to admit or deny, because they seek a legal conclusion, and because the best evidence is the engagement documentation between Ankura and PRA and the agreement between Rieck and ECP.

144.     Defendant denies that anyone questioned reserves until after the wells were drilled. Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 144 of Plaintiff's Original Petition; therefore, deny.

145.     Defendant admits that the 2019 NSAI report estimated lower reserves than prior NSAI reports; Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 145 of Plaintiff's Original Petition because the best evidence are the NSAI reports themselves; therefore, deny.

146.     Defendant admits the allegations of Paragraph 146 of Plaintiff's Original Petition.

147.    Defendant denies the allegations of Paragraph 147 of Plaintiff's Original Petition because, among other things, the best evidence of the sales are the filings and documentation in the chapter 11 cases.

**FIRST CAUSE OF ACTION**
**Breach of Fiduciary Duty**
**(Against Rieck, Hord, Nunes, Stone Pigman, van Stephoudt, Hryck, Reed Smith, Degenhardt, Elder, and Ganer)**

148.    Defendant restates the preceding paragraphs as though fully set forth herein.

149.    Defendant denies the allegations in Paragraph 149 of Plaintiff's Original Petition as they call for a legal conclusion.

150.    Defendant admits he was an officer of Furie.  Defendant otherwise denies the remaining allegations in Paragraph 150 of Plaintiff's Original Petition as they call for a legal conclusion.

151.    Defendant admits Reed Smith was counsel to the company.  Defendant otherwise denies the remaining allegations in Paragraph 151 of Plaintiff's Original Petition as they call for a legal conclusion and because he is without information sufficient to admit or deny same.

152.    Defendant admits Stone Pigman was counsel to the company and supplied the company's GC.  Defendant otherwise denies the remaining allegations in Paragraph 152 of Plaintiff's Original Petition as they call for a legal conclusion.

153.    Defendant denies that he put his individual interests ahead of Furie's interest or used his corporate position to further his individual interests.  Defendant denies the remaining allegations in Paragraph 153 of Plaintiff's Original Petition as they call for a legal conclusion and because he is without information to admit or deny the allegations as they relate to other Defendants.

154.    Defendant denies the allegations in Paragraph 154 of Plaintiff's Original Petition as they call for a legal conclusion and because he is without information sufficient to admit or deny same.

155.    Defendant admits that in 2015 Furie received consent to sell gas to Aurora. Defendant denies that he knew before 2016 that Aurora was selling to Helena.  Defendant did not find this information out until he sent emails to Rieck and others when Aurora was not paying Furie.  After Defendant sent the emails, he received an email from Webb wherein he learned that Aurora was selling gas Helena.  Defendant admits in 2017 he found one transaction where Furie sold gas to Helena.  Defendant told Slaughter and Webb sales to Helena could not occur. Defendant notified van Stephoudt and was told that sales would be stopped. Defendant denies the remaining allegations of Paragraph 155 of Plaintiff's Original Petition because he is without information sufficient to admit or deny and/or because they call for a legal conclusion.

156.    Defendant denies the allegations of Paragraph 156 of Plaintiff's Original Petition with respect to himself as they call for a legal conclusion or because he is without information sufficient to admit or deny the allegations as to the other named Defendants.

157.    Defendant admits that van Stephoudt worked at Reed Smith.  Defendant admits that van Stephoudt's invoices that were paid were approved by ECP and in some cases, the board of managers.  Defendant is without information sufficient to admit or deny the remaining allegations of Paragraph 157 of Plaintiff's Original Petition because they call for a legal conclusion and because the best evidence are the invoices and proofs of payment themselves; therefore, deny.

158.    Defendant admits that Hryck was the Reed Smith engagement partner and that van Stephoudt was not an attorney.  Defendant denies the remaining allegations of Paragraph 158 of

Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny same.

159.     Defendant denies the allegations of Paragraph 159 of Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny same.

160.     Defendant admits that Nunes was a partner of Stone Pigman.  Defendant denies the remaining allegations of Paragraph 160 of Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny same.

161.     Defendant denies the allegations of Paragraph 161 of Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny same.

162.     Defendant denies the allegations of Paragraph 162 of Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny same.

163.     Defendant denies the allegations of Paragraph 163 of Plaintiff's Original Petition as they call for a legal conclusion, Defendant denies the allegations with respect to those alleged against him, and Defendant denies the allegations because Defendant is without information sufficient to admit or deny the allegations as to the other Defendants.

## SECOND CAUSE OF ACTION
### Aiding and Abetting Breach of Fiduciary Duty
### (Against Ganer and SPRI)

164.     Defendant restates the preceding paragraphs as though fully set forth herein.

165.     Defendant denies the allegations of Paragraph 165 of Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny same.

166.     Defendant denies the allegations of Paragraph 166 of Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny same.

167.     Defendant denies the allegations of Paragraph 167 of Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny same.

168.     Defendant denies the allegations of Paragraph 168 of Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny same.

169.     Defendant denies the allegations of Paragraph 169 of Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny the allegations.

170.     Defendant denies the allegations of Paragraph 170 of Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny the allegations.

## THIRD CAUSE OF ACTION
**Actual Fraudulent Transfer under 11 U.S.C. § 548(a)(1)
and Texas Bus. & Com. Code § 24.005(a)(1)
(Against Rieck, van Stephoudt, Hryck, Reed Smith, Hord,
Elder, Nunes, Stone Pigman, Ganer and SPRI)**

171.     Defendant restates the preceding paragraphs as though fully set forth herein.

172.    Defendant admits that Stephoudt was President of Furie.  Defendant admits that Furie paid van Stephoudt, Hryck, or Reed Smith.  Defendant admits that Hord was paid $500,000/year by Furie.  Defendant admits that he was paid $250,000/year by Furie for total compensation of over $1 million from Furie.  Defendant admits that Furie's GC, Nunes, was paid $50,000/month.  Defendant admits that Furie paid Cogan & Partners and then Defendant Stone Pigman while Nunes was working for Rieck and/or Furie.  Defendant admits that Furie paid Ganer and/or SPRI.  Defendant admits that Rieck received payments.  Defendant denies the remaining allegations of Paragraph 172 of Plaintiff's Original Petition because they call for a legal conclusion, because Defendant is without information sufficient to admit or deny the allegations, and because the best evidence is the compensation documentation such as 1099's, W-2's, or paystubs themselves

173.    Defendant denies the allegations of Paragraph 173 of Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny the allegations.

174.    Defendant denies the allegations of Paragraph 174 of Plaintiff's Original Petition as they call for a legal conclusion and/or because Defendant is without information sufficient to admit or deny the allegations.

175.    Defendant denies the allegations of Paragraph 175 of Plaintiff's Original Petition as they call for a legal conclusion, Defendant denies the allegations with respect to those alleged against him, and Defendant denies the allegations because Defendant is without information sufficient to admit or deny the allegations as to the other Defendants.

## FOURTH CAUSE OF ACTION
### Constructive Fraudulent Transfer under 11 U.S.C. § 548(a)(1)(B)(I)-(III)
### and Texas Bus. & Com. Code § 24.005(a)(2)(A)-(B) and § 24.006
### (Against Rieck, van Stephoudt, Hryck, Reed Smith, Hord,
### Elder, Nunes, Stone Pigman, Ganer and SPRI)

176.     Defendant restates the preceding paragraphs as though fully set forth herein.

177.     Defendant denies the allegations of Paragraph 177 of Plaintiff's Original Petition as they call for a legal conclusion and because Defendant is without information sufficient to admit or deny the allegations.

178.     Defendant denies the allegations of Paragraph 178 of Plaintiff's Original Petition as they call for a legal conclusion and because Defendant is without information sufficient to admit or deny the allegations.

179.     Defendant denies the allegations of Paragraph 179 of Plaintiff's Original Petition as they call for a legal conclusion, Defendant denies the allegations with respect to those alleged against him, and Defendant denies the allegations because Defendant is without information sufficient to admit or deny the allegations as to the other Defendants.

## FIFTH CAUSE OF ACTION
### Insider Fraudulent Transfer under and Texas Bus. & Com. Code § 24.006(b)
### (Against Rieck, van Stephoudt, Hryck, Hord,
### Elder, Nunes, and Ganer)

180.     Defendant restates the preceding paragraphs as though fully set forth herein.

181.     Defendant denies the allegations of Paragraph 181 of Plaintiff's Original Petition as they call for a legal conclusion and because Defendant is without information sufficient to admit or deny the allegations.

182.     Defendant denies the allegations of Paragraph 182 of Plaintiff's Original Petition as they call for a legal conclusion, Defendant denies the allegations with respect to those alleged

against him, and Defendant denies the allegations because Defendant is without information sufficient to admit or deny the allegations as to the other Defendants.

## SIXTH CAUSE OF ACTION
### Unjust Enrichment
### (Against Helena)

183.     Defendant restates the preceding paragraphs as though fully set forth herein.

184.     Defendant admits that he learned in 2016 that Rieck owned Helena.  Defendant admits that he learned in 2018 that Webb was president of Helena.  Defendant admits that Webb and Slaughter were Furie employees and were compensated by Furie.  Defendant denies the remaining allegations of Paragraph 184 of Plaintiff's Original Petition as they call for a legal conclusion, Defendant denies the allegations with respect to those alleged against him, and Defendant denies the allegations because Defendant is without information sufficient to admit or deny the allegations as to the other Defendants.

185.     Defendant admits that in 2015 Furie received consent to sell gas to Aurora. Defendant denies that he knew before 2016 that Aurora was selling to Helena.  Defendant admits Furie wrote off approximately $900,000 in uncollectible gas sales but denies that Furie suffered a loss of $900,000.  Defendant denies the remaining allegations in Paragraph 185 of Plaintiff's Original Petition because Defendant is without information sufficient to admit or deny same, because they call for a legal conclusion, and because the best evidence are the financial statements of Furie themselves.

186.     Defendant admits in 2017 he found one transaction where Furie sold gas to Helena. Defendant told Slaughter and Webb sales to Helena could not occur.  Defendant admits that he then called van Stephoudt the singular sales transaction he had discovered and that van Stephoudt told Defendant the sales would cease.  Defendant admits that he subsequently asked Slaughter

about the singular transaction he had discovered and that Slaughter advised Defendant that the gas was replaced or returned.  Defendant later learned in 2019 that Furie continued to sell gas to Helena despite instructions not to sell.  Defendant denies the remaining allegations in Paragraph 186 of Plaintiff's Original Petition because Defendant is without information sufficient to admit or deny same or because they call for a legal conclusion.

187.    Defendant denies the remaining allegations in Paragraph 187 of Plaintiff's Original Petition because Defendant is without information sufficient to admit or deny same or because they call for a legal conclusion.

188.    Defendant denies the remaining allegations in Paragraph 188 of Plaintiff's Original Petition because they call for a legal conclusion.

**SEVENTH CAUSE OF ACTION**
**Civil Conspiracy**
**(Against Rieck, Hord, Degenhardt, Nunes, Elder,**
**van Stephoudt, Hryck, Reed Smith, Ganer, and SPRI)**

189.    Defendant restates the preceding paragraphs as though fully set forth herein.

190.    Defendant denies he chartered the Randolph Yost rig.  Defendant denies the remaining allegations of Paragraph 190 of Plaintiff's Original Petition as they call for a legal conclusion, Defendant denies the allegations with respect to those alleged against him, and Defendant denies the allegations because Defendant is without information sufficient to admit or deny the allegations as to the other Defendants.

191.    Defendant admits that he received a phone call in 2020 from Dan Dickinson, Furie's tax credit advisor regarding claims that the tax credits had been assigned by Rieck. Defendant immediately asked for supporting documentation from Mr. Dickinson, received same, and immediately sent the documents to Furie's board of managers and to Furie's lenders after notifying Scott Pinnsoanult and outside counsel..  Defendant also immediately reported Mr.

Dickinson's phone call to Scott Pinsonnault, COO of Furie.  Defendant denies the remaining allegations of Paragraph 191 of Plaintiff's Original Petition as they call for a legal conclusion and because Defendant is without information sufficient to admit or deny the allegations as to the other Defendants.

192.    Defendant denies the allegations of Paragraph 192 of Plaintiff's Original Petition as they call for a legal conclusion, Defendant denies the allegations with respect to those alleged against him, and Defendant denies the allegations because he is without information sufficient to admit or deny the allegations as to the other Defendants.

193.    Defendant denies the allegations of Paragraph 193 of Plaintiff's Original Petition as they call for a legal conclusion, Defendant denies the allegations with respect to those alleged against him, and Defendant denies the allegations because he is without information sufficient to admit or deny the allegations as to the other Defendants.

194.    Defendant denies the allegations of Paragraph 194 of Plaintiff's Original Petition as they call for a legal conclusion, Defendant denies the allegations with respect to those alleged against him, and Defendant denies the allegations because he is without information sufficient to admit or deny the allegations as to the other Defendants.

### EIGHTH CAUSE OF ACTION
**Exemplary Damages**
**(Against Rieck, Hord, Degenhardt, Nunes, Elder,**
**van Stephoudt, Hryck, Reed Smith, Ganer, and SPRI)**

195.    Defendant restates the preceding paragraphs as though fully set forth herein.

196.    Defendant denies the allegations of Paragraph 196 of Plaintiff's Original Petition as they call for a legal conclusion, Defendant denies the allegations with respect to those alleged against him, and Defendant denies the allegations because he is without information sufficient to admit or deny the allegations as to the other Defendants.

197.     Defendant denies the allegations of Paragraph 197 of Plaintiff's Original Petition as they call for a legal conclusion, Defendant denies the allegations with respect to those alleged against him, and Defendant denies the allegations because he is without information sufficient to admit or deny the allegations as to the other Defendants.

### NINTH CAUSE OF ACTION
**Attorneys' Fees**
**(Against Rieck, Hord, Degenhardt, Nunes, Elder,**
**van Stephoudt, Hryck, Reed Smith, Ganer, and SPRI)**

198.     Defendant restates the preceding paragraphs as though fully set forth herein.

199.     Defendant denies the allegations of Paragraph 199 of Plaintiff's Original Petition as they call for a legal conclusion, Defendant denies the allegations with respect to those alleged against him, and Defendant denies the allegations because he is without information sufficient to admit or deny the allegations as to the other Defendants.

### CONDITIONS PRECEDENT

200.     Defendant denies the allegations of Paragraph 200 of Plaintiff's Original Petition as they call for a legal conclusion.

### REQUEST FOR JURY TRIAL

201.     Defendant agrees to a trial by jury.

### RULE 194 REQUEST FOR DISCLOSURE

202.     Defendant denies it has an obligation to respond to Plaintiff's Rule 194 Request for Disclosure as this case has been removed to federal court.

### PRAYER

Defendant denies that Plaintiff is entitled to the relief sought in its prayer.

## **AFFIRMATIVE DEFENSES**

Defendant hereby sets forth below its affirmative defenses to Plaintiff's Original Petition, and each and every cause of action or claim alleged therein, without assuming or undertaking any burden of proof not otherwise assigned to him by law.

1.      Defendant affirmatively pleads as an additional defense, and without waiver of any other defense, he is entitled to credit and offset of his liability, if any, for the alleged damages by any and all amounts Plaintiff records from any other person and/or entity.  Defendant affirmatively asserts that any damages, losses or injuries which may have been suffered by Clingman & Hanger were caused, in whole or in part, by the intervening or superseding acts or omissions of other persons or entities over whom Defendant had no control, or by circumstances over which Defendant had no control.  Pleading in the strict alternative, in the unlikely event that Defendant is found liable for a breach of contract, Defendant's alleged breach of fiduciary duty, civil conspiracy, fraudulent transfer, constructive fraudulent transfer, insider fraudulent transfer, and unjust enrichment are excused by the acts and omissions of other parties over whom Defendant had no actual or constructive control.

2.      Clingman & Hanger's claims are barred by Clingman & Hanger's own negligent and/or intentional act(s) and/or omission(s) that proximately caused or contributed to Clingman & Hanger's alleged damages; or, in the alternative, Clingman & Hanger's recovery, if any, must be reduced in proportion to Clingman & Hanger's own negligence, in the event that such negligence is insufficient to bar Clingman & Hanger recovery in its entirety.

3.      Defendant affirmatively asserts that Clingman & Hanger claims are barred, in whole or in part, by the applicable statute(s) of limitations and repose.

4.      Clingman & Hanger claims are barred, in whole or in part, because Clingman & Hanger's loss, if any, occurred as the proximate result of some independent intervening cause which Defendant could not reasonably have foreseen and over which Defendant did not exercise any authority or control.

5.      Clingman & Hanger claims are barred, in whole or in part, by the doctrine of laches, in that Clingman & Hanger delay in bringing this lawsuit has impaired Defendant's ability to defend against the claims asserted herein and ascertain the true facts surrounding Clingman & Hanger claims.

6.      Defendant affirmatively asserts that no acts or omissions of Defendant, or his agents, representatives or employees, caused legal damages to Clingman & Hanger.

7.      Defendant affirmatively denies that Clingman & Hanger sustained any damages for which Defendant is liable.

8.      Defendant affirmatively asserts that Clingman & Hanger has failed to perform or satisfy all conditions precedent.

9.      Defendant affirmatively asserts the defense of ratification.

10.     Defendant affirmatively asserts the defense of the economic loss rule.

11.     Defendant affirmatively asserts that Clingman & Hanger claims are barred by the doctrines of waiver, release, settlement, accord and satisfaction, and/or estoppel.

12.     Pleading further, in the strict alternative, Defendant pleads the statute of frauds and claims the applicable rights and protections thereof.

13.     Pleading further, in the strict alternative, Clingman & Hanger alleged damages were not reasonably foreseeable and are too remote and speculative with respect to any conduct or action on the part of Defendant.

14.     Pleading further, in the strict alternative, Defendant adopts and incorporates by reference all affirmative defenses and defensive allegations filed in this cause by any party Defendants as against the claims of any party or Clingman & Hanger, which defenses are not inconsistent with Defendant's position.

15.     Defendant affirmatively pleads that, without any admission by Defendant, that to the extent that any damages exist, Trustee's Complaint is barred, in whole or in part, because it failed to use reasonable means to prevent the alleged damages and failed to use reasonable means to mitigate its damages.

### RESERVATION OF DEFENSES

In addition to the foregoing affirmative defenses, Plaintiff's Original Petition may be subject to one or more of the remaining affirmative defenses provided in Rule 8(c) of the Federal Rules of Civil Procedure.  Defendant hereby affirmatively reserves the right to add such defenses to Plaintiff's claims upon completion of discovery.

### PRAYER

WHEREFORE, Defendant David Elder respectfully prays that the cause(s) of action against him be dismissed, that costs be assessed against Clingman & Hanger, and for such other and further relief to which he may show itself justly entitled.

Respectfully submitted,

Kendall Kelly Hayden
Texas Bar No. 24046197
Christopher J. Hanlon
Texas Bar No. 24065367
COZEN O'CONNOR
1717 Main Street, Suite 3100
Dallas, Texas 75201
(214) 462-3000

(214) 462-3299 (Fax)
khayden@cozen.com
chanlon@cozen.com
And

Julia Gandara Simonet
State Bar No. 24093470
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: 832.214.3941
Facsimile: 832.214.3905
Email: jsimonet@cozen.com

**ATTORNEYS FOR DEFENDANT DAVID ELDER**

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of October 2021, a true and correct copy of the above and foregoing document was served on all counsel of record via ECF in accordance with the Texas Rules of Civil Procedure.

Robert M. Corn
CORN-LAW
3131 Eastside St., Suite 440
Houston, Texas 77098-1947
Telephone: 713-229-0055
Facsimile: 713-229-0057
Email: rcorn@corn-law.com

Of Counsel

AMINI, LLC
Bijan Amini
Avery Samet
Amini LLC
131 West 35th Street, 12th Floor
New York, New York 10001
Telephone: (212) 490-4700
asamet@aminillc.com
*Attorneys for Plaintiff*

Kendall K. Hayden