**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, as Trustee of the Furie Litigation Trust, <br>    Plaintiff, <br><br> vs. <br><br> KAY RIECK, LARS DEGENHARDT, THEODOR VAN STEPHOUDT, DAVID HRYCK, REED SMITH LLP, THOMAS E. HORD, MICHAEL ANTHONY NUNES, STONE PIGMAN WALTHER WITTMAN LLC, in its own capacity and as successor by merger to COGAN & PARTNERS LLP, DAVID ELDER, BRUCE GANER, SIERRA PINE RESOURCES INTERNATIONAL, INC., and HELENA ENERGY, LLC, <br>    Defendants. | §§§§§§§§§§§§§§§§§§§§ | Civil Action No. 4:21-cv-02698 <br> Jury |

**DEFENDANT THOMAS E. HORD'S REPLY TO PLAINTIFF
CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC'S
OPPOSITION TO DEFENDANT HORD'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND/OR SUMMARY JUDGMENT ON PLAINTIFF
CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC'S SECTION
548 BANKRUPTCY CLAIMS ON THE GROUNDS THEY ARE TIME-BARRED**

# TABLE OF CONTENTS

Table of Contents .................................................................................................................. ii

Table of Authorities ............................................................................................................ iii

Reply ..................................................................................................................................... 1

   A. The plain language of the statute and controlling case law make it clear that Section 548 claims become time-barred under Section 546 upon closure of the bankruptcy case, even if the plaintiff is a litigation trust ..................................... 1

   B. Hord did not waive limitations or take inconsistent positions .................................. 6

Conclusion ............................................................................................................................ 7

Signature .............................................................................................................................. 8

Certificate of Compliance .................................................................................................... 8

Certificate of Service ........................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Cases**

*Biziko v. Van Horne*,
  981 F.3d 418 (5th Cir. 2020) ................................................................................................. 7

*Buttice v. G.D. Searle & Co.*,
  938 F.Supp. 561 (E.D. Mo. 1996) ......................................................................................... 6

*Flores v. Burger King Corp.*,
  No. H-06-0116, 2006 WL 3044462 (S.D. Tex. Oct. 19, 2006) ............................................. 7

*Hall v. GE Plastic Pacific PTE Ltd.*,
  327 F.3d 391 (5th Cir 2003) ................................................................................................. 7

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*,
  530 U.S. 1 (2000) ................................................................................................................. 4

*Holway v. Negro Leagues Baseball Museum*,
  263 Fed.Appx. 538 (8th Cir. 2008) ...................................................................................... 6

*In re Cooper*,
  147 B.R. 678 (Bankr. N.J. 1992) .......................................................................................... 6

*In re Nine West LBO Securities Litigation*,
  505 F.Supp.3d 292 (S.D.N.Y. 2020) .................................................................................... 2

*In re Parkway Calabasas, Ltd.*,
  89 B.R. 832 (Bankr.C.D.Cal. 1988) ..................................................................................... 6

*United States v. Olano*,
  507 U.S. 725 (1993) ............................................................................................................. 7

**Statutes**

11 U.S.C. § 350 ............................................................................................................................ 3, 5

11 U.S.C. § 544 ................................................................................................................................ 2

11 U.S.C. § 546 ............................................................................................................................ 2, 7

11 U.S.C. § 548 ............................................................................................................................ 2, 7

**Rules**

FED. R. BANKR. P. 3022 ................................................................................................ 3, 5

FED. R. CIV. P. 8 ................................................................................................................ 6


**Secondary Authorities**

5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL
    PRACTICE & PROCEDURE § 1274 (4th ed.) ...................................................................... 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, as Trustee of the Furie Litigation Trust, Plaintiff, | § § § § § | |
| vs. | § § | |
| KAY RIECK, LARS DEGENHARDT, THEODOR VAN STEPHHOUDT, DAVID HRYCK, REED SMITH LLP, THOMAS E. HORD, MICHAEL ANTHONY NUNES, STONE PIGMAN WALTHER WITTMAN LLC, in its own capacity and as successor by merger to COGAN & PARTNERS LLP, DAVID ELDER, BRUCE GANER, SIERRA PINE RESOURCES INTERNATIONAL, INC., and HELENA ENERGY, LLC, Defendants. | § § § § § § § § § § § § § § | Civil Action No. 4:21-cv-02698 Jury |

**DEFENDANT THOMAS E. HORD'S REPLY TO PLAINTIFF
CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC'S
OPPOSITION TO DEFENDANT HORD'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND/OR SUMMARY JUDGMENT ON PLAINTIFF
CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC'S SECTION
<u>548 BANKRUPTCY CLAIMS ON THE GROUNDS THEY ARE TIME-BARRED</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Thomas E. Hord submits this response to Plaintiff Clingman & Hanger Management's Opposition to Judgment on the Pleadings and/or Summary Judgment.

**A. The plain language of the statute and controlling case law make it clear that Section 548 claims become time-barred under Section 546 upon closure of the bankruptcy case, even if the plaintiff is a litigation trust.**

1.   Contrary to Plaintiff's belief, there is nothing "novel" about Hord's argument that

1

the statute of limitations, 11 U.S.C. § 546, has expired on Plaintiff's fraudulent transfer claim, 11 U.S.C. § 548. *See* Pl.'s Opposition to Mtn. for S.J. at 8.

2.  Section 546 applies to bankruptcy litigation trusts. *In re Nine West LBO Securities Litigation*, 505 F.Supp.3d 292, 318-19 (S.D.N.Y. 2020) (Rakoff, J.). In *Nine West*, a bankruptcy litigation trust was formed to pursue claims against former officers of the debtor corporation. *Id.* at 318. The bankruptcy case was filed in bankruptcy court on April 6, 2018, and it was closed on March 31, 2020. *Id.* The litigation trust thereafter, on June 5, 2020, sued the corporate officers for fraudulent conveyance, 11 U.S.C. § 544. *Id.* The district court held that since suit was filed after closure of the bankruptcy case, the claim was time-barred under section 546. *Id.* at 318-19 ("Because the Litigation Trustee's fraudulent conveyance claims are untimely as against Donnalley and Tejero-DeColli, the claims are dismissed.").

3.  That the litigation trust in *Nine West* brought a fraudulent conveyance action under 11 U.S.C. § 544 and the litigation trust here brought a fraudulent transfer action under 11 U.S.C. § 548 makes no difference because the statute of limitations under 11 U.S.C. § 546 applies equally to both actions. *See* 11 U.S.C. § 546(a) ("An action or proceeding under section **544**, 545, 547, **548**, or 553 of this title may not be commenced after the earlier of….") (emphasis added).

4.  Nor, despite Plaintiff's contention, is there any question that the bankruptcy of Furie Operating Alaska, LLC was closed. The closure order was entitled "Final Decree and Order (I) Closing Certain Cases and (II) Amending Caption of Remaining case." *See* Hord Ex. 2 at 1 (to Mtn. for S.J.). The order was entered in Case No. 19-11781, the docket number for

the Furie Operating Alaska, LLC bankruptcy case. The prefatory section of the order emphasizes it was entered "pursuant to Bankruptcy Code section 350, Bankruptcy Rule 3022, and Local Rule 3022-1." *See id.*; *see also* 11 U.S.C. § 350 (entitled "Closing and reopening cases"); FED. R. BANKR. P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."). The order was entered on motion of the debtors and debtors in possession. *See* Hord Ex. 2 at 1 (to Mtn. for S.J.). The decretal portion of the order provides:

> The Chapter 11 Cases of Furie Operating Alaska, LLC (Case No. 19-11781) and Corsair Oil & Gas LLC (Case No. 19-11783) (collectively, the "Closed Cases") are hereby CLOSED, effective and enforceable upon the later of, (a) the entry of this Final Decree and (b) the occurrence of the Effective Date, without prejudice to the rights of the Closing Debtors or any other party in interest to seek to reopen such cases for good cause shown.

*Id.* at 2.

5.  Plaintiff claims, citing other language in the closure order, that it would not make "sense" for the bankruptcy court to close the case while aborning the litigation trust in the confirmation plan. *See* Pl.'s Opposition to Mtn. for S.J. at 7. Plaintiff ignores that the debtor moved for closure; the court did not do so *sua sponte*. *See* Hord Ex. 2 at 1 (to Mtn. for S.J.). The debtor drafted and submitted the closure order for the court's signature. *See* "Debtor's Motion for Entry of a Final Decree and Order (I) Closing Certain Cases and (II) Amending Caption of Remaining Case" at 1 - Ex. F. to Pl.'s Opposition to Mtn. for S.J.

6.  There is nothing illogical about the order: Plaintiff and/or the debtor could have filed this suit *before* closure of the bankruptcy case. Nothing prevented them from doing so.

3

7.  Nor do any of the other provisions of the order save Plaintiff. Paragraph 4 of the order, which called for "Remaining Matters" to be administered in the parent company, Cornucopia Oil & Gas Company, LLC's, bankruptcy action in Case No. 19-11782 does not define the term "Remaining Matters," but the motion for closure makes it clear that "the only remaining matters anticipated to require resolution in connection with the Debtors' Chapter 11 Cases are final fee applications and claims objections." *See* Ex. F. to Pl.'s Opposition to Mtn. for S.J. at 1.

8.  Nor is Plaintiff saved by paragraph 5 of the closure order, which provides, "Entry of this Final Decree is without prejudice to the rights of: … "(c) the Litigation Trust to bring and pursue claims, causes of action, or otherwise seek relief in connection with the Litigation Trust Assets." *See* Hord Ex. 2 at 1 (to Mtn. for S.J.). Nothing about paragraph 5 prevented the debtor or the trust from suing before closure. Further, paragraph 5 does not purport to extend the statute of limitations; it makes no mention of Section 546.

9.  Construing the order as Plaintiff posits would give debtors the unilateral ability to write Section 546 out of the Bankruptcy Code, for all they would need do is include language in a closure order permitting perpetual litigation. The language of the Code and its plain meaning are paramount to such an order. *See Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 13-14 (2000) ("[W]e do not sit to assess the relative merits of different approaches to various bankruptcy problems. It suffices that the natural reading of the text produces the result we announce. Achieving a better policy outcome— if what petitioner urges is that—is a task for Congress, not the courts."). A debtor cannot and should not be allowed to free itself of limitations through such an order.

4

10. Further, attached to Plaintiff's opposition is Furie's motion for closure in the bankruptcy case. *See* Ex. F. to Pl.'s Opposition to Mtn. for S.J. at 1. The motion delves into great detail about the controlling standards for closure, citing 11 U.S.C. § 350 and FED. R. BANKR. P. 3022, and makes it very clear the case was ripe for closure and that Plaintiff sought a full closure:

> Here, the foregoing factors weigh strongly in favor of closing the Closing Debtors' Chapter 11 Cases. As of the Effective Date [June 30, 2020], the Closing Debtors' Chapter 11 Cases will have been "fully administered" and the Plan will have been substantially consummated. Additionally, as of the Effective Date, the Debtors will have assigned or otherwise transferred to the Litigation Trust all Litigation Trust Assets, including any claims and causes of action that could have otherwise been pursued by any Debtor.

Ex. F. to Pl.'s Opposition to Mtn. for S.J. at 2, 7 (bracket added).

11. Hord objects to Plaintiff's suggestion the Court should refer questions about the closure order to the bankruptcy court for resolution. *See* Pl.'s Opposition to Mtn. for S.J. at 8. First, there is nothing to interpret; the order speaks for itself and loudly proclaims that the bankruptcy case was closed. Second, Plaintiff chose a Texas forum, not one in Delaware bankruptcy court; this case is to be resolved here and not through some vague, unidentified mechanism to refer piecemeal issues to bankruptcy court in another district.

12. That the bankruptcy of other entities may remain open does not change the fact that the bankruptcy of Furie Operating Alaska, LLC, the main operating entity, was closed. Hord is entitled to judgment as to any claims of Furie asserted by Plaintiff.

13. Finally, that there may have been joint administration of the parent and subsidiary entities does not affect closure of the Furie bankruptcy case. This was a case of joint administration, not substantive consolidation. *See* "Order Directing Joint Administration

5

of Related Chapter 11 Case" at 1 – Ex. C to Pl.'s Opposition to Mtn. for S.J. In joint administration, as opposed to substantive consolidation, there is joint docketing "but the estates and creditor bodies are not merged." *E.g., In re Cooper*, 147 B.R. 678, 682 (Bankr. N.J. 1992); *see also In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 837 (Bankr.C.D.Cal. 1988), *aff'd*, 949 F.2d 1058 (9th Cir. 1991). Nothing prevented closure of the Furie case.

**B. Hord did not waive limitations or take inconsistent positions.**

14.     In his original answer, Hord plead, "By way of an affirmative defense, Defendant pleads the affirmative defense of limitations which bars Plaintiff." *See* Hord Orig. Answer at 26 ¶ k. [ECF 54].

15.     "As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1274 (4th ed.). FED. R. CIV. P. 8 does not require an answer to cite specific statute of limitations provisions. *Holway v. Negro Leagues Baseball Museum*, 263 Fed.Appx. 538, 538 (8th Cir. 2008) (per curiam) ("NLBM did not waive its statute-of-limitations defense by failing to cite the specific statute in its answer."); *Buttice v. G.D. Searle & Co.*, 938 F.Supp. 561, 565 (E.D. Mo. 1996) (holding that Rule 8(c) was satisfied by an allegation in the answer that "Plaintiff's claims are barred by the applicable statute of limitations.").

16.     Hord's answer gives fair notice that he is broadly asserting the statute of limitations. That he initially viewed the claims against him as more state-based and included language following the introductory sentence aimed at Texas law does not, as Plaintiff contends,

undermine the broad averment of limitations, which, under the above authority, was sufficient to invoke limitations for all purposes—state and federal.

17.     "[W]aiver is the intentional relinquishment or abandonment of a known right." *Biziko v. Van Horne*, 981 F.3d 418, 420 n. 1 (5th Cir. 2020) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). Waiver will not be found if the defendant does not say or do anything inconsistent with the defense of limitations. *Flores v. Burger King Corp.*, No. H-06-0116, 2006 WL 3044462, at *3 (S.D. Tex. Oct. 19, 2006) (Lake, J.) (citing Texas law). Hord has said nothing and done nothing inconsistent with limitations as a defense.

18.     Finally, Plaintiff cites no authority that Hord has taken inconsistent positions and should be barred from raising limitations. Hord initially viewed, in part because of his contract with Furie that has a Texas choice of law clause, that Plaintiff's claims were creatures of state law, but Plaintiff has taken the position they are also based on Section 548. Hord has not displayed inconsistency. Further, inconsistency only becomes relevant through judicial estoppel. For that doctrine to apply, the estopped party's position must be clearly inconsistent with an earlier position taken in court and the party must have convinced the court to accept the earlier position. *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 396 (5th Cir 2003). Neither of those factors is present here.

## CONCLUSION

Defendant Thomas E. Hord continues to pray that the Court grant his motion for judgment on the pleadings and/or summary judgment.

>Respectfully submitted,
>
>HILL & HILL PC
>
>By: */s/ J. Marcus Hill*
>    J. Marcus Hill
>    Texas Bar No. 09638150
>    S.D. Tex. Bar No. 4640
>1770 St. James Place, Suite 115
>Houston, Texas 77056
>2116 Church Street
>Galveston, Texas 77550
>Tel: (713) 688-6318
>Fax: (713) 688-2817
>marc@hillpclaw.com
>
>ATTORNEYS FOR DEFENDANT
>THOMAS E. HORD

## **CERTIFICATE OF COMPLIANCE**

    I certify that this motion contains 1,929 words, except the excluded case caption, table of contents, table of authorities, signature block, and certificates. The word count was calculated electronically using Microsoft Word.

>*/s/ J. Marcus Hill*
>J. Marcus Hill

## CERTIFICATE OF SERVICE

  I certify that on November 30, 2021, I electronically filed the foregoing document with the United States District Court for the Southern District of Texas using the court's CM/ECF system. I certify that the following parties or their counsel of record are registered as CM/ECF filers and that they will be served by the CM/ECF system:

                */s/ J. Marcus Hill*
                J. Marcus Hill

**Plaintiff - Clingman & Hanger Management Associates, LLC as Trustee of the Furie Litigation Trust**
**Robert M Corn- Lead Attorney**
*Attorney at Law*
3131 Eastside St.
Suite 440
Houston, TX 77098
713-229-0055
713-229-0057 (fax)
rcom@com-law.com
**Bijan Amini**
**Avery Samet**
*Amini LLC*
asamet@aminillc.com
(212) 497-8239
131 West 35th Street, 12th Floor
New York, New York 10001


**Defendant Kay Rieck**
**William P Haddock**
*Pendergraft & Simon, LLP*
2777 Allen Parkway, Ste 800
Houston, TX 77019
713-528-8555
713-868-1267 (fax)
will@haddock.pro

9

**Defendant - Theodor Van Stephoudt**
**Barrett H. Reasoner - Lead Attorney**
**Ayesha Najam**
*Gibbs & Bruns LLP*
1100 Louisiana
Suite 5300
Houston, TX 77002
713-650-8805
713-750-0903 (fax)
breasoner@gibbsbruns.com
anajam@gibbsbruns.com


**Defendant - Reed Smith LLP**
**Collin Joe Cox**
*Gibson, Dunn & Crutcher LLP*
811 Main St
Ste 3000
Houston, TX 77002
346-718-6604
ccox@gibsondunn.com
**Bennett Rawicki**
*Gibson, Dunn & Crutcher LLP*
2001 Ross A venue, Suite 2100
Dallas, Texas 75201-6912
**Kevin Rosen-** *Motion for pro hac vice pending*
**Shannon Mader** - *Motion for pro hac vice pending*
*Gibson, Dunn & Crutcher LLP*
333 South Grand A venue
Los Angeles, California 90071-3197

**Defendant - David Hyrick**
**Barrett H Reasoner - Lead Attorney**
**Ayesha Najam**
*Gibbs & Bruns LLP*
1100 Louisiana, Suite 5300
Houston, TX 77002
713-650-8805
713-750-0903 (fax)
breasoner@gibbsbruns.com
anajam@gibbsbruns.com

**Defendant-Stone Pigman Walther Wittmann L.L.C.**
**George M Kryder, III**
**Matthew W. Moran**
**Jordan W. Leu**
*Vinson Elkins LLP*
2001 Ross Ave, Suite 3900
Dallas, TX 75201
214-220-7719
214-999-7719 (fax)
gkryder@velaw.com
**Patrick W. Mizell**
*Vinson Elkins LLP*
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760


**Defendant - Michael A Nunes**
**Murray Folger**
*Folger, Brar, O'Neil & Gray LLP*
2 Houston Center
909 Fannin Street, suite 1640
Houston, Texas 77010
713-481-1010


**Defendant - David Elder**
**Kendall Kelly Hayden**
*Cozen O'Connor*
khayden@cozen.com
(214) 462-3072
1717 Main Street, Suite 3100
Dallas, Texas 75201
**Julia Gandar Simonet**
*Cozen O'Connor*
1221 McKinney Street, Suite 2900
Houston, Texas 77010

**Defendant - Bruce Ganer**
**Timothy Rothberg**
*Peckar & Abramson, PC*
trothberg@pecklaw.com
(713) 568-1638
3050 Post Oak Blvd., Suite 500
Houston, Texas 77056


**Defendant - Sierra Pine Resources International, Inc.**
**Timothy Rothberg**
*Peckar & Abramson, PC*
trothberg@pecklaw.com
(713) 568-1638
3050 Post Oak Blvd., Suite 500
Houston, Texas 77056


**Defendant - Helena Energy LLC**
**Leonard H. Simon**
**William P Haddock**
*Pendergraft & Simon, LLP*
2777 Allen Parkway, Ste 800
Houston, TX 77019
713-528-8555
713-868-1267 (fax)
will@haddock.pro