United States District Court
Southern District of Texas
**ENTERED**
December 06, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, as Trustee of the Furie Litigation Trust, | § § § § § § § § § § § | CIVIL ACTION NO. 4:21-cv-02698 |
| Plaintiff, | | JUDGE CHARLES ESKRIDGE |
| vs. | | |
| Kay Rieck, *et al.*, | | |
| Defendants. | | |

**E-DISCOVERY ORDER**

This Order supplements all other discovery rules and orders. The Court's intent is to streamline discovery of electronically stored information to promote a "just, speedy, and inexpensive determination" of this action. FRCP 1. The parties must work cooperatively and in good faith to achieve these goals.

1. **General ESI production**. Absent agreement of the parties or further order, the following parameters apply to ESI production under Rules 34 and 45 or in compliance with a disclosure requirement of this Court:

   a. **Document image format**. A producing party shall endeavor to produce electronic documents in single-page Tagged Image File Format. TIFF files must be single page and named with a unique production number followed by the appropriate file extension. Load files must be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes must be maintained as they existed in the original document.

        The parties may also produce documents in native format for file types for which text cannot be practicably extracted.

        Where otherwise impractical to produce in TIFF, parties may produce in text-searchable PDF or PST format, and the receiving party may request the native files.

b. **Metadata**. Document metadata shall be produced in accordance with Section 1.a., above, and Section 1.c., below. When documents are produced in TIFF format, document metadata shall be produced in a database load file (DAT) with standard Concordance delimiters. Images should be produced with an Opticon image cross reference file, with single-page Group IV TIFF (b/w) or JPG image files.

c. **Fields included.**

        Where such fields exist, ESI shall be produced with the following fields:

| Field Name | Field Description |
|---|---|
| BEGDOC | Beginning Bates number as stamped on the production image |
| ENDDOC | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family, if applicable |
| ENDATTACH | Last production Bates number of the last document in a family, if |

|  | applicable |
|---|---|
| DOCTYPE | File type |
| SUBJECT | Document subject, if applicable |
| EMAIL SUBJECT | Email subject, if applicable |
| TITLE | Title of document, if applicable |
| DATE SENT | Date email was sent, if applicable |
| DATE CREATED | Date document was created |
| DATE LAST MODIFIED | Date document was last modified |
| AUTHOR | Author of document |
| FROM | Email sender |
| TO | Email recipient(s) |
| CC | Email CC recipient(s) |
| BCC | Email BCC recipient(s) |
| CUSTODIAN | Individual (custodian) from whom document originated |
| SORT_DATE | Date when document (or parent document, if a family) was created/sent |
| MD5 Hash | MD5 Hash value |
| FOLDER | Folder path, if applicable |
| FILENAME | File name, if applicable |
| EXTRACTED TEXT | Extracted text |
| FILE EXTENSION | File extension type |
| FILE SIZE | Size of document |
| TIME SENT | Time document was sent, if applicable |
| TIME CREATED | Time document was created |
| TIME LAST MODIFIED | Time document was last modified |
| ATTACHMENT COUNT | Number of attachments in document family |

| | |
|---|---|
| MESSAGEID | Message-ID identifier, if applicable |
| TIME ZONE | Time zone in which document was created/sent |
| CONFIDENTIALITY | Identifies documents containing confidential information |
| REDACTED | Identifies documents containing redactions |

d. **Text-searchable documents.**

All documents, with the exception of file types for which text cannot be practically extracted, shall be produced in text-searchable format, using extracted text if available, and otherwise OCR.

e. **Footer**. Each document image must contain a footer with a sequentially ascending production number.

f. **Native files**. A party receiving a document produced in the format specified above may make a reasonable request after review to receive the document in its native format. Upon such request, the production of native file(s) shall not be unreasonably withheld. Notwithstanding the foregoing, Microsoft Excel and PowerPoint files must be produced in native format in addition to the TIFF files required under Section 1.a, above.

g. **No backup restoration required.** Absent a showing of good cause, when complying with discovery obligations in the present case, no party need restore any form of media upon which backup data is maintained in a party's normal operations. This includes without limitation backup tapes, disks, SAN, and other forms of media.

h. **Voicemail and mobile devices.** The Court's Form 10 Standard E-Discovery Order provides that "[a]bsent a

showing of good cause, voicemails, PDAs, and mobile phones are deemed to be not reasonably accessible and need not be collected and preserved."

**The Trustee is in possession of Furie's electronic files, and certain emails indicate that the individual defendants communicated via text message regarding Furie business during the periods relevant to the Complaint. Accordingly, the Trustee has a good-faith belief that the individual defendants' text messages contain information relevant to this dispute. The Trustee therefore submits that text messages should be preserved and treated as ESI in the first instance (and be subject to the other provisions of these protocols). The parties were unable to reach agreement on this point.**

**Defendants object to treating text messages as ESI and will agree only to produce text messages upon a showing of good cause, as the Court's standard protocol requires.**

**Should the Court exempt text messages from preservation and initial collection requirements, however, the Trustee intends to move the Court and demonstrate good cause to require some or all of the individual defendants (Rieck, Degenhardt, van Stephoudt, Hryck, Hord, Nunes, Elder and Ganer) to produce text messages.**

2. **Additional protocols for e-mail production.** In addition to the provisions in Section 1, above, absent agreement of the parties or further order, the following parameters apply to email production under Rules 34 and 45, or compliance with a mandatory disclosure requirement of this Court:

5

a. **Requests for email**. *E-mail* refers to electronic mail or any form of electronic correspondence. Parties must propound specific production requests to obtain e-mail.
b. **Production timing.** E-mail production requests must be phased to occur with reasonable dispatch after the parties have exchanged:
    - Initial disclosures;
    - A specific listing of likely e-mail custodians;
    - A specific identification of the five most significant listed e-mail custodians in view of the pleaded claims and defenses; and
    - Preliminary information relevant to damages.

    The exchange of this information must commence within twenty-one days of such initial disclosures unless the parties mutually agree to another time.
c. **Identification of custodians.** E-mail production requests must identify the custodian, search terms, and time frame. The parties must cooperate in good faith to identify the proper custodians, search terms, and time frame. Each requesting party must limit its e-mail production requests to a total of five custodians per producing party. The Court may require production from additional e-mail custodians upon a showing of good cause after the requesting party reviews the initial production.
d. **Search terms.** Absent a showing of good cause, each requesting party must limit its e-mail production requests to a total of ten search terms per custodian per party, unless the parties mutually agree to additional terms. The search terms must be narrowly tailored to particular issues. Indiscriminately broad terms (such as the producing company's name or its product name) are inappropriate unless combined with narrowing search criteria that sufficiently reduce overproduction and burden. A conjunctive combination of multiple words or phrases (for instance, *computer and system*)

6

   narrows the search and counts as a single search term. A disjunctive combination of multiple words or phrases (for instance, *computer or system*) broadens the search and counts each word or phrase as a separate search term, unless they are variants of the same word. Where appropriate, the parties must use narrowing search criteria (for instance, *and*, or *but not*, or *w/x*) to limit production and burden.

3. **Best efforts and cost-shifting**. The parties must use best efforts to work cooperatively and in good faith to narrow queries as necessary to reasonably reduce the burden on the searching/producing party. The Court will consider the extent of cooperation and good faith when determining whether to shift costs for disproportionate discovery, where applicable. The Court will specifically consider a party's efforts to promote efficiency and reduce costs in this regard.

4. **Disputes.** The parties must confer in good faith before bringing any dispute to the attention of the Court. Proceed according to Section 15 of this Court's procedures published on its website.

5. **No waiver.** The mere production of ESI in this litigation as part of a mass production does not itself constitute a waiver for any purpose.

6. **Inadvertent production.** The inadvertent production of ESI that includes privileged material, including attorney/client or attorney work product material, is not a waiver in the pending case or in any other federal or state proceeding. FRE 502(d).

7. **De-Duplication.**  The parties may take reasonable steps to remove exact duplicates from all productions in a manner that does not break up document families (such as emails and attachments), but any duplicate ESI that is not produced shall be preserved.

8. **Other rules remain applicable.** Nothing in this Order shall be interpreted to require the production of any particular document or documents or to affect the parties' discovery obligations under the Federal Rules, the Local

Rules, or this Court's Procedures. But on any inconsistency applicable to ESI, the Court will apply this Order first.

Signed on December 6, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge