# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

811 Main Street
Houston, TX 77002-6117
Tel 346.718.6600
www.gibsondunn.com

Collin J. Cox
Direct: +1 346.718.6604
Fax: +1 346.718.6941
CCox@gibsondunn.com

December 7, 2021

<u>VIA CM/ECF AND ELECTRONIC MAIL</u>

Hon. Charles R. Eskridge III
515 Rusk Street, Room 8607
Houston, Texas 77002

Re:   *Clingman & Hanger Management Associates, LLC v. Rieck*, No. 4:21-CV-2698

Dear Judge Eskridge:

We write to respond to the letter submitted by Plaintiff Clingman & Hanger Management Associates last Friday. Dkt. 133. Plaintiff unfortunately suggests that Reed Smith LLP has misstated facts in its motion to dismiss. That is wrong.

First, Reed Smith did not misquote Plaintiff. In its opposition to Reed Smith's motion, Plaintiff argued that "[n]o claim is made by any of the Reed Smith Defendants that the earlier operating agreements governed by Texas law were in effect at the time of the actions complained of had any comparable provision"—i.e., a disclaimer of fiduciary duties. Dkt. 118 at 16. In reply, Reed Smith correctly pointed out that "the Third Amended and Restated Operating Agreement ["Third LLC Agreement"] . . . includes a disclaimer identical to the one in the later fourth LLC Agreement." Dkt. 129 at 6. Plaintiff cannot deny that the Third LLC Agreement contains a disclaimer identical to the one in the Fourth Amended and Restated LLC Agreement (the "Fourth LLC Agreement"). Now, Plaintiff claims that it was referring only to LLC agreements that predated the Third LLC Agreement.

The Petition says otherwise. The Third LLC Agreement was adopted on December 10, 2017, and Plaintiff broadly complains about conduct after that date. For example, the "challenged transfers" alleged in the Petition include the "more than $1.1 million in total fees . . . Furie [paid Reed Smith] between 2016 ***and 2018***, including during van Stephoudt's roughly nine-month tenure as President." Dkt. 1-5 ¶ 172 (emphasis added). Similarly, van Stephoudt's alleged "nine-month tenure" purportedly lasted from "June 2017 to ***March 2018***." Dkt. 1-5 ¶¶ 12, 36 (emphasis added). And the Petition seeks to hold Reed Smith liable for van Stephoudt's alleged breaches of fiduciary duty because "he acted in the course and scope of his employment at Reed Smith," and because "from 2016-***18***, Furie paid Reed Smith over $1.1 million." *Id.* ¶ 157 (emphasis added). There can be no dispute that Plaintiff complains about conduct to at least March 2018. Consequently, it is Plaintiff's statement, ***with or without the***

## GIBSON DUNN

December 7, 2021
Page 2

***language Plaintiff claims was wrongly omitted***, that is misleading. There was a disclaimer of fiduciary duties in effect during a substantial portion of the time in question. If Plaintiff now seeks to clarify that the "relevant time period" for its claims is "2015 to 2017," as it said Friday, Dkt. 133 at 1, Reed Smith welcomes the clarification. But it does not moot Reed Smith's motion, and it does not make the statement in Plaintiff's opposition factually true.

Any suggestion that *only* the Fourth LLC Agreement disclaimed fiduciary duties is incorrect. Nevertheless, Plaintiff offers many statements suggesting as much. *E.g.*, Dkt. 118 at 10 n.4 ("there is no reason to think that Texas would follow the same rule [as Delaware on disclaimers], ***especially in a situation where there is no basis to believe that there is a potentially relevant exculpatory provision in the first place***" (emphasis added)).

The Court need not consider the Third LLC Agreement to grant Reed Smith's Motion. As Reed Smith explained, the disclaimer in the Fourth LLC Agreement precludes Furie or its members from asserting claims for breach of fiduciary duty, regardless of when the alleged breaches occurred.  Dkt. 129 at 2-3. And, as we said at the case management conference, Reed Smith does not oppose oral argument, but we believe the arguments are clear from the briefs.

Respectfully submitted,

Collin J. Cox

CJC/mmc

105040384.4