# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, as Trustee of the Furie Litigation Trust, | § § § § § § § § § § § § § § § § § § § § § § § § | 
| Plaintiff, | |
| vs. | |
| KAY RIECK<br>LARS DEGENHARDT<br>THEODOR VAN STEPHOUDT<br>DAVID HRYCK<br>REED SMITH LLP<br>THOMAS E. HORD<br>MICHAEL ANTHONY NUNES<br>STONE PIGMAN WALTHER WITTMAN LLC, in its own capacity and as successor by merger to Cogan & Partners LLP<br>DAVID ELDER<br>BRUCE GANER<br>SIERRA PINE RESOURCES INTERNATIONAL, INC. and<br>HELENA ENERGY, LLC, | CIVIL ACTION NO. 4:21-cv-02698 |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT THOMAS E. HORD'S MOTION TO SEVER OR DISMISS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

STANDARDS ON THE MOTION ......................................................................................... 1

ARGUMENT ........................................................................................................................... 2

   I.   HORD HAS NOT MET HIS BURDEN TO SEVER THIS ACTION ................... 2

CONCLUSION ....................................................................................................................... 4

Plaintiff, Clingman & Hanger Management Associates, LLC, as Trustee of the Furie Litigation Trust (the "Trustee"), respectfully files this opposition to the motion of Defendant Thomas E. Hord ("Hord") to sever the claims against him pursuant to Fed. R. Civ. P. 20 and 21 (ECF 130; the "Motion").[1] The Motion should be denied.

## PRELIMINARY STATEMENT

Hord served as the Chief Operating Officer of Cornucopia Oil and Gas, LLC and its wholly owned subsidiary, Furie Operating Alaska, LLC (collectively, "Furie"). By this action, the Trustee asserts claims against Hord for taking actions in concert with the other insider defendants of Furie. Trying those claims separately makes little sense, would prejudice the Trustee and, frankly, would create chaos. The Court should deny Hord's motion to sever, his fifth motion directed towards the pleadings in this action.

## STANDARDS ON THE MOTION

"Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). In a recent footnote, the Fifth Circuit observed that district courts in this Circuit employ the following standard:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

---

[1] At the December 1, 2021 conference, the Court denied Hord's motion to remand and instructed the Trustee to respond to the severance motion only in so far as it seeks severance in federal court.

1

*In re Rolls Royce Corp.*, 775 F.3d 671, 680 n.40 (5th Cir. 2014). The Fifth Circuit further noted that "severance will be refused if the court believes that it only will result in delay, inconvenience, or added expense." *Id., quoting* Wright & Miller, *Fed. Prac. & Proc.* § 1689 (3d ed. 2004). "Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010), *quoting United Mine Workers v. Gibbs,* 383 U.S. 714, 724 (1966); *see also Thompson v. Capstone Logistics, LLC*, No. 4:15-CV-2464, 2018 WL 560407, at *7 (S.D. Tex. Jan. 25, 2018).

On this Motion, Hord bears the burden to establish that severance is necessary. *Hazen v. Allstate Ins. Co.*, 2017 WL 3506862, at *1 (S.D. Tex. 2017); *Aspen Tech., Inc. v. Kunt*, No. 4:10-CV-1127, 2011 WL 86556, at *3 (S.D. Tex. 2011). He has not, however, addressed any of the foregoing factors.

## ARGUMENT

### I. HORD HAS NOT MET HIS BURDEN TO SEVER THIS ACTION

Hord argues that "[t]he parties have been inappropriately joined." (Motion at 2). Pursuant to Rule 20(a)(2), defendants may be joined in the same action where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

2

Here, the Complaint asserts that Hord is jointly and severally liable with the other insider defendants for breaching his fiduciary duties owed to Furie (Compl. ¶163) and for conspiring with the other insider defendants to damage Furie (*id.* ¶¶190-194). In addition, the Complaint details how Hord worked in concert with those defendants to charter the *Randolph Yost* rig through a series of insider-controlled entities – including entities owned by Hord – so as to personally benefit at Furie's expense, and to inflate Furie's gas reserves for the purposes of continuing to extract resources from Furie. (*Id.* ¶¶57-88, 103, 113-114). Obviously, similar questions of fact and law will be present in determining whether Hord and the other defendants committed the acts alleged by the Trustee and are liable for the resulting harm to Furie.

In seeking severance, Hord attempts to differentiate himself from the other defendants. In Hord's estimation, the other defendants differ because they are "lawyers, accountants, finance men; or geologist(s)." (Motion at 2). Regardless of whether that distinction is salient (or even true), the Trustee alleges that Hord worked in concert with those defendants to pocket millions of dollars at Furie's expense. Even if Hord was just grossly negligent in conducting his duties as Furie's officer, he is still liable for participating in the conduct referenced in the Complaint.[2]

Finally, Hord is a witness to a large portion of the acts described in the Complaint, and the other defendants are witnesses to his actions. *See*, *e.g.*, Compl. ¶¶40, 58-88, 103,

---

[2] Hord advances several other arguments which the Trustee is at pains to understand, and do not seem to relate to severance: there is no pending state court action between the Trustee and Hord (*cf.* Motion at ¶5(b) and Hord is free to advance his merits defenses herein (*cf.* Motion at ¶5(c)).

3

114. Similar documentary proof will likely be offered against Hord and the other defendants. *See*, *e.g.. id.* ¶¶59, 61-63, 76, 83-84, 87, 103, 114. Conducting discovery separately (let alone conducting separate trials) makes no sense from an efficiency standpoint and it would prejudice the Trustee's presentation of its case at trial by carving out one of the principal participants in the wrongdoing. Most importantly, Hord has not offered any cognizable reason why the Trustee's claims against him should be severed.

## CONCLUSION

For the foregoing reasons, the Motion should be denied.

Respectfully Submitted,

/s/Robert M. Corn
Robert M. Corn
State Bar No. 0482600
3131 Eastside St., Suite 440
Houston, Texas 77098-1947
Telephone: 713-229-0055
Facsimile; 713-229-0057
Email: rcorn@corn-law.com

OF COUNSEL:

AMINI LLC
Bijan Amini
Avery Samet
Michael Igyarto
131 West 35th Street, 12th Floor
New York, New York 10001
Telephone: (212) 490-4700
bamini@aminillc.com
asamet@aminillc.com
migyarto@aminillc.com

ATTORNEYS FOR PLAINTIFF CLINGMAN HANGER MANAGEMENT ASSOCIATES, LLC, as Trustees of the Furie Litigation Trust

4

## CERTIFICATE OF COMPLIANCE

Under the COURT PROCEDURES FOR HON. CHARLES R. ESKRIDGE III, ¶ 18(c), I certify that this response contains 944 words, except the excluded case caption, table of contents, table of authorities, signature block, and certificates. It was prepared in Microsoft Word using 13-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

>                   */s/Robert M. Corn*
>                   Robert M. Corn

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon all counsel of record on December 21, 2021, using the Court's electronic filing system.

>                   */s/Robert M. Corn*
>                   Robert M. Corn