**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **Clingman & Hanger Management** | § | **CIVIL ACTION NO.** |
| **Associates, LLC,** | § | **4:21-cv-02698** |
| **Plaintiff,** | § | **Jury** |
| | § | |
| | § | |
| **vs.** | § | **JUDGE CHARLES ESKRIDGE III** |
| **Kay Rieck, et al.,** | § | |
| **Defendants** | § | |

**DEFENDANT THOMAS E. HORD'S AMENDED
ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
AND
RESPONSE TO PLAINTIFF'S APRIL 12, 2022 AMENDED COMPLAINT**

Defendant Thomas E. Hord ("Defendant Hord") files this his Amended Original Answer, Affirmative Defenses, and Counterclaims and response to Plaintiff Clingman & Hanger Management Associates, LLC, as Trustee of the Furie Litigation Trust's ("Plaintiff's"), April 12, 2022 Amended Complaint.

**A. ADMISSIONS & DENIALS OF PLAINTIFF'S COMPLAINT "INTRODUCTION" SECTION**

1. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 1.

2. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 2.

3. No response is required to paragraph 3, but to the extent one is, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations

1

in paragraph 3.

4.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 4.

5.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 5.

6.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 6.

7.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 7.

8.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 8.

9.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 9.

10. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 10.

11. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 11.

12. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 12.

13. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 13.

14. Defendant lacks sufficient knowledge or information to form a belief about the truth of

the allegations in paragraph 14.

15. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 15.

16. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 16.

17. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 17.

18. Defendant denies the allegation that "Defendant Thomas E. Hord ("Hord") was Furie's COO, and at all relevant times was responsible for its drilling activities. Defendant further denies "pursuant to an employment agreement between Hord and Furie dated July 1, 2013, Hord agreed to submit all employment-related disputes to Courts in Houston, governed by Texas Law" but admits that Hord has a residence in Galveston County, Texas.

19. Defendant admits the allegations in paragraph 19.

20. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 20.

21. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 21.

22. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 22.

23. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 23.

24. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 24.

25. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 25.

26. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 26.

27. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 27.

28. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 28.

## B.  ADMISSIONS & DENIALS OF PLAINTIFF'S "JURISDICTION AND VENUE"

29. No response is required to paragraph 29, but to the extent one is required, Defendant denies the allegation in paragraph 29.

30. Defendant denies the allegation that "furthermore, at the time the cause of action accrued, Defendants Nunes, Ganer, Hord, and Elder resided in Harris County, Texas. Accordingly, venue is proper in Harris County, Texas under TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(2) (Vernon 1995)" and Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 30.

## C.  ADMISSIONS & DENIALS OF PLAINTIFF'S "RULE 47 STATEMENT" SECTION

31. Defendant lacks sufficient knowledge or information to form a belief about the truth of

4

the allegations in paragraph 31.

## D. ADMISSIONS & DENIALS OF PLAINTIFF'S "FACTS" SECTION

32. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 32.

33. Defendant lacks sufficient knowledge or information to form a belief about the truth of in paragraph 33.

34. Defendant lacks sufficient knowledge or information to form a belief about the truth of in paragraph 34.

35. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation that "Reed Smith, led by Hryck and Van Stephoudt, represented and performed work for numerous entities owned and controlled by Rieck for many years, including: Furie, DOGSA, DOGAG. Furie Petroleum Company (another Texas Ricck entity which Rieck used as a fund to pay himself and his associates), Rieck Oil Inc. (the parent of Aurora, discussed below), Helena, Nordic (discussed below), many Texas and German fund entities also named Furie, German banking entities named IARI and SAAG (discussed below) and served as the designated Tax Expert for a bond issued by a DOGSA affiliate (also discussed below)," and further denies the allegation that "In addition, Reed Smith advised Rieck, Hord and Nunes on how to structure their interests in the entities involved in chartering the Randolph Yost, discussed below" in paragraph 35.

36. Defendant lacks sufficient knowledge or information to form a belief about the truth of

the allegations in paragraph 36.

37. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 37.

38. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 38.

39. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 39.

40. Defendant admits that Hord received a salary of $500,000.00 per year but denies the remaining allegations in paragraph 40.

41. Defendant admits that Ganer was working on reserve reports but denies the remaining allegations in paragraph 41.

42. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 42.

43. Defendant admits the allegations in paragraph 43.

44. Defendant admits the allegations in paragraph 44.

45. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 45.

46. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 46.

47. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 47.

48. Defendant lacks sufficient knowledge or information to form a belief about the truth of

the allegations in paragraph 48.

49. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 49.

50. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 50.

51. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 51.

52. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 52.

53. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 53.

54. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 54.

55. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 55.

56. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 56.

57. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation of who the owners and managers were but denies the remaining allegation in paragraph 57.

58. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 58.

59. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 59.

60. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 60.

61. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 61.

62. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 62.

63. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 63.

64. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 64.

65. Defendant admits the allegations in paragraph 65.

66. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 66.

67. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegation that "As Elder, Hord, Degenhardt, Nunes and Rieck knew, Advanced Drilling shared employees and contractors with Furie (who Furie continued to pay). Its personnel continued to use their Furie email addresses to conduct business for Advanced Drilling" and Defendant further denies the remaining allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 71.

72. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 72.

73. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 73.

74. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 74.

75. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 75.

76. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 76.

77. Defendant lacks sufficient knowledge or information to form a belief about the truth of in paragraph 77.

78. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 78.

79. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 79.

80. Defendant lacks sufficient knowledge or information to form a belief about the truth of

the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

84. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 84.

85. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 85.

86. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 86.

87. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 87.

88. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 88.

89. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 89.

90. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 90.

91. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 91.

92. Defendant lacks sufficient knowledge or information to form a belief about the truth of

the allegations in paragraph 92.

93. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 93.

94. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 94.

95. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 95.

96. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 96.

97. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 97.

98. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 98.

99. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 99.

100.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 100.

101.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 101.

102.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 102.

103.    Defendant admits "Hord put friends and family members on Furie's payroll…" but

lacks sufficient knowledge or information to form a belief about the truth of the additional allegations in paragraph 103.

104.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 104.

105.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 105.

106.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 106.

107.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 107.

108.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 108.

109.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 109.

110.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 110.

111.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 111.

112.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 112.

113.   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 113.

114.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 114.

115.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 115.

116.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 116.

117.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 117.

118.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 118.

119.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 119.

120.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 120.

121.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 121.

122.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 122.

123.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 123.

124.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 124.

125.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 125.

126.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 126.

127.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 127.

128.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 128.

129.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 129.

130.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 130.

131.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 131.

132.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 132.

133.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 133.

134.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 134.

135.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 135.

136.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 136.

137.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 137.

138.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 138.

139.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 139.

140.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 140.

141.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 141.

142.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 142.

143.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 143.

144.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 144.

145.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 145.

146.    Defendant lacks sufficient knowledge or information to form a belief about the truth
        of the allegations in paragraph 146.

147.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 147.

148.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 148.

149.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 149.

150.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 150.

151.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 151.

152.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 152.

153.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 153.

154.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 154.

155.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 155.

156.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 156.

157.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 157.

158.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 158.

159.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 159.

160.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 160.

161.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 161.

162.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 162.

163.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 163.

164.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 164.

165.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 165.

166.    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 166.

## E. ADMISSIONS AND DENIALS OF PLAINTIFF'S CAUSES OF ACTION

167.    Defendant denies the allegations in paragraph 167.

168.    Defendant denies the allegations in paragraph 168.

169.    Defendant denies the allegations in paragraph 169.

170.    Defendant denies the allegations in paragraph 170.

171.    Defendant denies the allegations in paragraph 171.

172.    Defendant denies the allegations in paragraph 172.

173.    Defendant denies the allegations in paragraph 173.

174.    Defendant denies the allegations in paragraph 174.

175.    Defendant denies the allegations in paragraph 175.

176.    Defendant denies the allegations in paragraph 176.

177.    Defendant denies the allegations in paragraph 177.

178.    Defendant denies the allegations in paragraph 178.

179.    Defendant denies the allegations in paragraph 179.

180.    Defendant denies the allegations in paragraph 180.

181.    Defendant denies the allegations in paragraph 181.

182.    Defendant denies the allegations in paragraph 182.

183.    Defendant denies the allegations in paragraph 183.

184.    Defendant denies the allegations in paragraph 184.

185.    Defendant denies the allegations in paragraph 185.

186.    Defendant denies the allegations in paragraph 186.

187.    Defendant denies the allegations in paragraph 187.

188.    Defendant denies the allegations in paragraph 188.

189.    Defendant denies the allegations in paragraph 189.

190.    Defendant denies the allegations in paragraph 190.

191.    Defendant denies the allegations in paragraph 191.

192.    Defendant denies the allegations in paragraph 192.

193.    Defendant denies the allegations in paragraph 193.

194.    Defendant denies the allegations in paragraph 194.

195.    Defendant denies the allegations in paragraph 195.

196.    Defendant denies the allegations in paragraph 196.

197.    Defendant denies the allegations in paragraph 197.

198.    Defendant denies the allegations in paragraph 198.

199.    Defendant denies the allegations in paragraph 199.

200.    Defendant denies the allegations in paragraph 200.

201.    Defendant denies the allegations in paragraph 201.

202.    Defendant denies the allegations in paragraph 202.

203.    Defendant denies the allegations in paragraph 203.

204.    Defendant denies the allegations in paragraph 204.

205.    Defendant denies the allegations in paragraph 205.

206.    Defendant denies the allegations in paragraph 206.

207.    Defendant denies the allegations in paragraph 207.

208.    Defendant denies the allegations in paragraph 208.

209.    Defendant denies the allegations in paragraph 209.

210.    Defendant denies the allegations in paragraph 210.

211.    Defendant denies the allegations in paragraph 211.

212.    Defendant denies the allegations in paragraph 212.

213.    Defendant denies the allegations in paragraph 213.

214.    Defendant denies the allegations in paragraph 214.

215.    Defendant denies the allegations in paragraph 215.

216.    Defendant denies the allegations in paragraph 216.

217.    Defendant denies the allegations in paragraph 217.

218.    Defendant denies the allegations in paragraph 218.

219.    Defendant denies the allegations in paragraph 219.

220.    Defendant denies the allegations in paragraph 220.

221.    Defendant denies the allegations in paragraph 221.

222.    Defendant denies the allegations in paragraph 222.

223.    Defendant denies the allegations in paragraph 223.

224.    Defendant denies the allegations in paragraph 224.

225.    Defendant denies the allegations in paragraph 225.

226.    Defendant denies the allegations in paragraph 226.

227.    Defendant denies the allegations in paragraph 227.

228.    Defendant denies the allegations in paragraph 228.

229.    Defendant denies the allegations in paragraph 229.

230.    Defendant denies the allegations in paragraph 230.

231.    Defendant denies the allegations in paragraph 231.

232.    Defendant denies the allegations in paragraph 232.

233.    Defendant denies the allegations in paragraph 233.

234.    Defendant denies the allegations in paragraph 234.

235.    Defendant denies the allegations in paragraph 235.

236.   Defendant denies the allegations in paragraph 236.

### F.  ADMISSIONS & DENIALS OF PLAINTIFF'S ALLEGATIONS ON "CONDITIONS PRECEDENT"

237.   Defendant denies the allegations in paragraph 237 because Plaintiff did not participate in or reference compliance with any pre-filing mediation, demand, or discussion regarding its allegations against Defendant as required in the employment agreement. Additionally, Defendant did not meet its conditions precedent for the following claims;

    a.  *Breach of Fiduciary Duty*: Plaintiff has not shown that Defendant Hord owed a fiduciary duty to the "numerous entities" that are throughout the complaint, nor has Plaintiff shown that Defendant Hord breached his fiduciary duty if there was one owed. Further, Plaintiff has not attributed any harm caused by or attributed to Hord, or any amount of damages that are attributed to Defendant Hord specifically.

    b.  *Common Law Fraud*: Plaintiff did not meet its conditions precedent for its claims of fraud. Plaintiff has shown no material misrepresentations on behalf of Defendant Hord in his individual capacity or his capacity as an officer, shown no falsity in Hord's actions, has not shown Hord's knowledge or lack thereof of the fraud, has not shown Hord's intent to perpetuate a fraud on another, that anyone relied on the statement to its detriment, has not shown the Plaintiff's ignorance of the falsity, or that Plaintiff suffered injury as a consequent and proximate injury as a result of Defendant Hord's action.

c. *Actual Fraudulent Transfer*: Plaintiff has not shown any facts that go to the factors for actual fraudulent transfer or under 11 U.S.C. §548(a)(1) or Texas Bus. & Com. Code § 24.005(a)(1) with any amount of specificity to Defendant Hord, but only makes blanket statements against a group of defendants in hopes that it will suffice for the numerous factors which need to be considered in analyzing Actual Fraudulent Transfers and requires that Defendant Hord speculate as to the specific allegations against him and the evidence for each element of the claim. There are no facts showing Defendant Hord made (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was concealed; (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. Nor is there any evidence showing (1) a transfer was made of the debtor's property; (2) the transfer was made within two years of the bankruptcy filing; and (3) the transfer was made

with actual intent to hinder, delay, or defraud the debtor's creditors. Thus, Plaintiff has not met its conditions precedent.

d. *Constructive Fraudulent Transfer*:  Plaintiff has not shown any facts that go to 11 U.S.C. § 548(a)(1)(B)(I)-(III) or the Texas Bus. & Com. Code §24.005(a)(2)(A)-(B) and § 24.006 for constructive fraudulent transfer for the elements under which any amount of specificity to Defendant Hord, but only makes blanket statements against a group of defendants in hopes that it will suffice for the numerous factors which need to be considered in analyzing Constructive Fraudulent Transfers and requires that Defendant Hord speculate as to the specific allegations against him and the evidence for each element of the claim. There are no facts showing Defendant Hord made (1) a transfer of the debtor's property; (2) that a transfer was made within two years of the bankruptcy filing; (3) the debtor received less than reasonably equivalent value in exchange for such transfer; and (4) the debtor was insolvent at the time of such transfer. Thus, Plaintiff has not met its conditions precedent.

e. *Insider Fraudulent Transfer*: Plaintiff has not met its conditions precedent for Insider Fraudulent Transfer under Texas Bus. & Com. Code § 24.006(b) because it has not been shown that the claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, has not shown the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

f. *Civil Conspiracy*: Plaintiff has not met its conditions precedent for Civil

Conspiracy because it has not shown 1) Defendant Hord met with a combination of two or more persons; 2) that Defendant Hord sought to accomplish an object or course of action; 3) that Defendant Hord or any others persons reached a meeting of the minds on the object or course of action; 4) that Defendant Hord took one or more unlawful, overt acts are taken in pursuance of the object or course of action; and 5) that Plaintiff incurred any damages as a proximate result.

g. *Exemplary Damages*: Plaintiff has not met conditions precedent for exemplary damages because it has failed to bring facts or evidence for each or any of the causes of action it has against Defendant Hord and thus it would be impossible for it to show that it was entitled to exemplary damages as to Defendant Hord.

h. *Attorney Fees*:  Plaintiff has not met its conditions precedent for attorney fees because it has not asserted which causes of action it will seek attorney fees on, whether it is entitled to such fees, the reasonableness of the fees, or under which law (State or Federal) it is seeking the fees under.

## G. <u>RESPONSE TO REQUEST FOR JURY TRIAL</u>

238.    No response in required to the allegations in paragraph 238

## H. <u>ADMISSIONS AND DENIALS OF PLAINTIFF'S PRAYER</u>

239.    Defendant denies the allegations in Plaintiff's Prayer. Plaintiff has no causes of action and is not entitled to any relief.

## I. <u>DEFENDANT'S AFFIRMATIVE DEFENSES</u>

240.    Defendant Hord is not liable to Plaintiff under the affirmative defenses listed below:

a. Economic Loss Doctrine: Plaintiff cannot recover from Defendant Hord because

24

its loss, if proven, would be purely economic damages and thus it is barred from recovering from Defendant Hord.

b.  Business Judgement Rule: Plaintiff cannot recover from Defendant Hord because the Business Judgement Rule in Texas generally protects corporate officers and directors who owe fiduciary duties to the corporation from liability for acts that are within the honest exercise of their business judgment and discretion.

c.  Discharge: Plaintiff cannot recover from Defendant Hord because when he was under constructive discharge Defendant Hord was unable to perform his work duties as a result of the company. Additionally, the conclusion of the bankruptcy proceeding should have discharged Defendant Hord of any duties or obligations he might have had.

d.  In the further alternative, if such be necessary, this Defendant avers that the sole proximate cause of the occurrence made the basis of Plaintiff's suit was an act or omission of some third person or the condition of some instrumentality over which this Defendant has or exercised no control and for which this Defendant is not responsible in law responsible.

e.  Defendant asserts its rights under Texas Civil Practices & Remedies Code Chapter 32 and 33 to have a jury consider the proportionate responsibility of all parties and responsible third parties and to have Defendant's liability, if any, reduced or limited pursuant to Chpt. 33, Texas statutory or common law.  To the extent Defendant may be found liable for damages caused in whole, or in part, by any of the other Defendants or third parties, this

Defendant is entitled to contribution, set-off, and/or indemnification from such parties.

f.   In the alternative, if such be necessary, this Defendant would plead a New and Independent Cause in that the damages complained of by Plaintiff are not the responsibility of Defendant, as said cause was not reasonably foreseeable and destroys the casual connection, if any, between the act or omission inquired about the occurrence in question and thereby becomes the immediate cause of such occurrence.

g.   Defendant would show that the sole proximate cause of Plaintiff's claimed damages was as a result of something other than Defendant's acts.

h.   By way of an affirmative defense, Defendant pleads the affirmative defense of Act of God, which bars Plaintiff's claim either in whole or in part. Defendant is not liable to Plaintiff under force majeure as an "Act of God" as a result of the freezing conditions that made productions more expensive and more difficult, as well as the dry wells that could not have been foreseen.

i.   By way of an affirmative defense, Defendant pleads the affirmative defense of accord and satisfaction, which bars Plaintiff's claim either in whole or in part.

j.   By way of an affirmative defense, Defendant pleads the affirmative defense of estoppel which bars Plaintiff's claim either in whole or in part. Plaintiff could have or should have brought its claims against Defendant (i) in accordance with its Employment Agreement and (ii) in the bankruptcy proceeding. *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1068 (8th Cir.1997).

k.   By way of an affirmative defense, Defendant pleads the affirmative defense of limitations which bars Plaintiff. Plaintiff did not timely file its claims against

Defendant under the relevant law in Texas. *Kropelnicki v. Siegel*, 290 F.3d 118, 130 n.7 (2d Cir. 2002); *Ray v. Kertes*, 285 F.3d 287, 292 (3d Cir. 2002); *In re Cumberland Farms, Inc*., 284 F.3d 216, 225 (1st Cir. 2002). Since Plaintiff's claims against Defendant can arise from Texas state law, it is barred by the statute of limitations for each of its claims against Defendant. In the alternative, if such need be the case, Defendant pleads the affirmative defense of limitations with regard to not only Texas law but also Federal law, separately or as subsumed therein.

l. By way of an affirmative defense, Defendant pleads the affirmative defense of laches, which bars Plaintiff's claim either in whole or in part. by causing undue delay in seeking relief on its claims against Defendant. *White v. Daniel,* 909 F.2d 99, 102 (4th Cir. 1990). These claims against Defendant came about as early as the fall of 2017. Plaintiff only now, 4 years later, brought its disputes against Defendant without meeting its conditions precedent.

m. By way of an affirmative defense, Defendant pleads the affirmative defense of res judicata, which bars Plaintiff's claim either in whole or in part. These claims against Defendant should have been brought in the bankruptcy proceeding where they would have been more appropriately resolved.

n. By way of an affirmative defense, Defendant pleads the affirmative defense of Waiver, which bars Plaintiff's claim either in whole or in part. Plaintiff waived its claim by not bringing its claims in a timely manner and in accordance with its Employment Agreement (ECF no. 51-1 ¶ 18). *Melanson v. Browning-Ferris*

*Indus.*, 281 F.3d 272, 276 (1st Cir. 2002).

o. By way of an affirmative defense, Defendant pleads in response to Plaintiff's previous response and amended complaint, the affirmative defense of Novation. Each succeeding limited liability company agreement of Furie Operating Alaska, LLC and Cornucopia Oil & Gas Company, LLC is a novation of the prior limited liability company agreement.

## J. DEFENDANT'S COUNTERCLAIMS

241. Defendant makes the following counterclaims against Plaintiff.

a. *Quantum Meruit*:  The parties entered into a contract for the sale and purchase of materials (equipment) for which Plaintiff paid significantly less than fair market value. Defendant provided materials and equipment to Plaintiff, the equipment was provided to Plaintiff, Plaintiff accepted the materials, and had reasonable notice of expectation of payment. Thus, Defendant is entitled to reasonable compensation for the value of the materials including interest and attorney fees.

b. *Breach of Contract*: The parties entered into a contract to purchase goods, the goods were delivered, consideration was paid, and the contract was concluded. Now the purchasers sue for recission and/or reformation, on behalf of Advanced Drilling, and evidently have stepped into its shoes or acquired its claims.  Accordingly, Defendant counterclaims.

c. *Breach of Employment Agreement*: Plaintiff breached its Employment Agreement contract with Defendant when it brought causes of action against Defendant without meeting the condition precedent of that Employment Agreement (ECF no. 51-1 ¶

¶17-18). Additionally, Plaintiff breached its contract with Defendant when it accepted the sale of the equipment at an under-market price. Plaintiff and Defendant entered into an employment contract which employed Defendant's knowledge and connections in the industry for its benefit. Subsequently, Plaintiff complains without justification, of Defendant's actions for the sale of equipment for which he was hired to do. This resulted in injury to Defendant through this suit and his unemployment.

d. Fraud: Plaintiff represented to Defendant that Plaintiff wanted certain equipment, knew the equipment was under value, purchased it, took advantage of Defendant Hord's good will and pricing, and now suddenly claims Plaintiff overpaid for the equipment. Plaintiff's material misrepresentations regarding the pricing of the goods was an intentional misrepresentation. Defendant relied on Plaintiff's representations and as a result of Plaintiff's fraudulent action has suffered damages.

e. Unjust Enrichment: Plaintiff was unjustly enriched by accepting the sale of the equipment for a below market price when it knew that Defendant should have been compensated more for the equipment and said nothing to the contrary until the filing of its petition.

f. Lack of subject matter jurisdiction: Plaintiff's claims against Defendant lack subject-matter jurisdiction because Plaintiff's claims are brought under state saw and cannot be brought under federal law as to Defendant Hord.

g. Lack of Standing: Plaintiff lacks standing to sue on behalf of Advanced Drilling for the sale of goods or any other cause of action against Defendant Hord.

## K. <u>DEFENDANT'S CONDITIONS PRECEDENT</u>

242.    All conditions precedent to Defendant's right to bring these causes of action have been performed.

## L. <u>DEFENDANT'S PRAYER</u>

For these reasons, Defendant Hord asks the Court to enter judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, render judgment for Defendant Hord against Plaintiff for its counterclaims and such relief, and all other relief the Court deems appropriate.

Respectfully submitted,

**HILL & HILL, P.C., LAW FIRM**

By:*/s/ J. Marcus Hill*
J. Marcus "Marc" Hill
State Bar No. 09638150
Southern District No. 4640
1770 St James Place, Ste 115
Houston, TX 77056
2116 Church Street
Galveston, Texas 77550
Phone: 713-688-6318
Fax: 713-688-2817
marc@hillpclaw.com
ATTORNEY FOR THOMAS E. HORD

30

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the above and foregoing instrument has been sent to the counsel via electronic mail and/or electronic filing and/or U.S. Postal mail on the <u>26th</u> day of April, 2022 in accordance with the Federal Rules of Civil Procedure.

<u>/s/ *J. Marcus Hill*   </u>
J. Marcus Hill

**Plaintiff – Clingman & Hanger Management Associates, LLC as Trustee of the Furie Litigation Trust**
**Robert M Corn- Lead Attorney**
*Attorney at Law*
3131 Eastside St.
Suite 440
Houston, TX 77098
713-229-0055
713-229-0057 (fax)
rcorn@corn-law.com
**Bijan Amini**
**Avery Samet**
*Amini LLC*
asamet@aminillc.com
(212) 497-8239
131 West 35th Street, 12th Floor
New York, New York 10001

**Defendant Kay Rieck**
**William P Haddock**
*Pendergraft & Simon, LLP*
2777 Allen Parkway, Ste 800
Houston, TX 77019
713-528-8555
713-868-1267 (fax)
will@haddock.pro

**Defendant – Theodor Van Stephoudt**
**Barrett H Reasoner – Lead Attorney**
**Ayesha Najam**
*Gibbs & Bruns LLP*
1100 Louisiana
Suite 5300
Houston, TX 77002
713-650-8805
713-750-0903 (fax)
breasoner@gibbsbruns.com
anajam@gibbsbruns.com

**Defendant – Reed Smith LLP**
**Collin Joe Cox**
*Gibson, Dunn & Crutcher LLP*
811 Main St
Ste 3000
Houston, TX 77002
346-718-6604
ccox@gibsondunn.com
**Bennett Rawicki**
*Gibson, Dunn & Crutcher LLP*
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-6912
**Kevin Rosen-** *Motion for pro hac vice pending*
**Shannon Mader –** *Motion for pro hac vice pending*
*Gibson, Dunn & Crutcher LLP*
333 South Grand Avenue
Los Angeles, California 90071-3197

**Defendant – David Hyrick**
**Barrett H Reasoner – Lead Attorney**
**Ayesha Najam**
*Gibbs & Bruns LLP*
1100 Louisiana, Suite 5300
Houston, TX 77002
713-650-8805
713-750-0903 (fax)
breasoner@gibbsbruns.com
anajam@gibbsbruns.com

**Defendant – Stone Pigman Walther Wittmann L.L.C.**
**George M Kryder, III**
**Matthew W. Moran**
**Jordan W. Leu**
*Vinson Elkins LLP*
2001 Ross Ave, Suite 3900
Dallas, TX 75201
214-220-7719
214-999-7719 (fax)
gkryder@velaw.com
**Patrick W. Mizell**
*Vinson Elkins LLP*
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760

**Defendant - Michael A Nunes**
**Murray Folger**
*Folger, Brar, O'Neil & Gray LLP*
2 Houston Center
909 Fannin Street, suite 1640
Houston, Texas 77010
713-481-1010

**Defendant - David Elder**
**Kendall Kelly Hayden**
*Cozen O'Connor*
khayden@cozen.com
(214) 462-3072
1717 Main Street, Suite 3100
Dallas, Texas 75201
**Julia Gandar Simonet**
*Cozen O'Connor*
1221 McKinney Street, Suite 2900
Houston, Texas 77010

**Defendant - Bruce Ganer**
**Timothy Rothberg**
*Peckar & Abramson, PC*
trothberg@pecklaw.com
(713) 568-1638
3050 Post Oak Blvd., Suite 500
Houston, Texas 77056

**Defendant - Sierra Pine Resources International, Inc.**
**Timothy Rothberg**
*Peckar & Abramson, PC*
trothberg@pecklaw.com
(713) 568-1638
3050 Post Oak Blvd., Suite 500
Houston, Texas 77056
**Defendant – Helena Energy LLC**
**Leonard H. Simon**