UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, AS TRUSTEE OF THE FURIE LITIGATION TRUST, | § § § § § | CIVIL ACTION NO. 4:21-cv-02698 |
| *Plaintiff*, | § § | |
| | § | JUDGE CHARLES ESKRIDGE |
| v. | § § | |
| KAY RIECK, ET AL., | § § § | |
| *Defendants*. | § | |

# DEFENDANT STONE PIGMAN WALTHER WITTMANN L.L.C.'S RESPONSE OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

George M. Kryder – *Attorney in Charge*
  State Bar No. 11742900
  S.D. Tex. Bar No. 14778
  gkryder@velaw.com
Matthew W. Moran
  State Bar No. 24002642
  S.D. Tex. Bar No. 24471
  mmoran@velaw.com
Jordan W. Leu
  State Bar No. 24070139
  S.D. Tex. Bar No. 1133712
  jleu@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Telephone: (214) 220-7700
Fax: (214) 220-7716

Patrick W. Mizell
  State Bar No. 14233980
  S.D. Tex. Bar No. 36390
  pmizell@velaw.com
VINSON & ELKINS LLP
845 Texas Ave., Suite 4700
Houston, Texas 77002
Telephone: (713) 758-2222

*Attorneys for Defendant*
*Stone Pigman Walther Wittmann L.L.C.*

TO THE HONORABLE CHARLES R. ESKRIDGE III, UNITED STATES DISTRICT JUDGE:

Plaintiff's futile proposed Second Amended Complaint (Dkt 229-1) against Stone Pigman Walther Wittmann L.L.C. ("Stone Pigman") impermissibly attempts to recover *the same alleged Furie transfers that this Court already dismissed with prejudice* as time-barred, while continuing to admit that such payments *were made by Furie*. *Compare* Dkt. 155 (First Amended Complaint), ¶ 166 *with* Dkt. 229-1, ¶¶ 59, 172, 283, 299 and Dkt. 229-1, Ex. D (listing "Transfers to Stone Pigman from *FOA's* Bank Accounts").

The only difference is that Plaintiff now vaguely suggests *some* of Furie's funds at *some* point *might* have been at Cornucopia – without saying how much or when. *See* Dkt. 229-1, ¶¶ 56, 59, 272, 283, 288, 299. In addition to being woefully inadequate and subject to dismissal under federal pleading standards, this is a far cry from the Court's Order which allowed Plaintiff to seek leave *only* to replead fraudulent-transfer "claims with respect *solely* to the Cornucopia bankruptcy estate." *See* Dkt. 213, pp. 25-26 (emphasis added).

Further, Plaintiff's new claims *independently* are time-barred because they arise from entirely new purported transaction(s) and occurrence(s) – an ill-defined group of transfers from Cornucopia to Furie – which *don't relate back* to Plaintiff's August 6, 2021 original petition against Stone Pigman. The statutory deadline under 11 U.S.C. § 546(a) to bring Cornucopia claims expired on "the *earlier* of" (1) two years after the bankruptcy petition was filed (*i.e.*, August 9, 2021 based on the August 9, 2019 Cornucopia bankruptcy petition) or (2) "the time the [Cornucopia] case is closed or dismissed." The Cornucopia case hasn't been dismissed, so the two-year window from the bankruptcy petition is the

"earlier" date which controls. Because the Cornucopia claims are brand new in 2023 and don't relate back to Plaintiff's original petition in 2021, they are time-barred.

Moreover, although this Court's March 30, 2023 Opinion and Order on Motions to Dismiss (Dkt. 213) allowed Plaintiff to seek leave to replead fraudulent-transfer claims "with respect *solely* to the Cornucopia bankruptcy estate" "within 45 days, if desired" *id*. at 25-26 (emphasis added), the Court expressly ordered the Trustee to "[o]bserve the conference requirement imposed by Section 17 of this Court's procedures before bringing such motion." *Id*. at 44.

Despite the Court's order to comply with Section 17 (and despite LOCAL RULE 7.1(D) which likewise requires a conference certificate), at 4:35 p.m. on May 15, 2023 (the 45th day after this Court's Order), Reece Dameron, an associate in the office of Plaintiff's New York counsel – not admitted to practice in this Court and not counsel for Plaintiff on any pleadings – sent the e-mail attached at Dkt. 234 and quoted below:

> Counsel,
>
> We intend to move for leave to file a Second Amended Complaint in the above referenced matter. I have attached a copy of the proposed Second Amended Complaint and the Motion. Will you please let me know if you oppose this motion?

Before Mr. Dameron's late-afternoon e-mail, Plaintiff made no effort to confer with Stone Pigman about the proposed Second Amended Complaint.

Next, at 11:57 p.m. on May 15 (three minutes before the deadline), Plaintiff filed a *different* proposed complaint – adding multiple new allegations and a proposed actual fraudulent transfer claim against Stone Pigman which were absent from the draft attached

to Mr. Dameron's e-mail – without conferring, let alone making "serious, timely, good faith efforts to seek agreement on all disputed matters and requests for relief." COURT'S PROCEDURES 17.a. Tellingly, Plaintiff failed to include a certificate of conference – which alone is grounds to strike or deny the Motion for Leave to Amend.

Then, on May 17, 2023, Plaintiff's counsel, Robert Corn, belatedly filed a purported Certificate of Conference (Dkt. 231) reciting that "on May 15, 2023, counsel for Plaintiff *communicated* with counsel for all Defendants regarding the disposition of Plaintiff's Motion for Leave to File the Second Amended Complaint." (emphasis added).

Because Plaintiff failed to make any effort to confer with Stone Pigman's counsel and failed to comply with Paragraph 17.a of this Court's Procedures as ordered, and because the proposed Second Amended Complaint is futile and time-barred, the Motion for Leave to Amend (the "Motion") should be stricken or denied.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 6
NATURE AND STAGE OF PROCEEDINGS ......................................................................... 8
STATEMENT OF FACTS .................................................................................................. 9
STATEMENT OF ISSUES .................................................................................................. 9
STANDARD OF REVIEW ............................................................................................... 10
ARGUMENT ................................................................................................................. 10

I. PLAINTIFF'S BAD-FAITH CONFERRAL ATTEMPT REQUIRES DENIAL OF THE MOTION ............................................................................................................. 10

    A. Plaintiff's inadequate attempt to confer at the last second with a different proposed amended complaint is grounds for denial. .................... 10

II. PLAINTIFF'S ATTEMPT TO RELABEL ALREADY DISMISSED ACTUAL AND CONSTRUCTIVE FRAUDULENT TRANSFER CLAIMS IS FUTILE AND THE CLAIMS ARE TIME-BARRED ............................................................................. 12

    A. Plaintiff's proposed Second Amended Complaint is futile because it fails to plausibly plead any purported transfers arising solely from the Cornucopia estate ................................................................................... 12

    B. Any purported fraudulent transfer claim arising solely from the Cornucopia estate does not relate back and is time-barred. ...................... 15

III. ALTERNATIVELY, IF THE COURT GRANTS THE MOTION, PLAINTIFF MUST REMOVE ALL ALLEGATIONS REGARDING CLAIMS DISMISSED WITH PREJUDICE ........................................................................................................ 17

CONCLUSION .............................................................................................................. 18
CERTIFICATE OF COMPLIANCE .................................................................................... 20
CERTIFICATE OF SERVICE ........................................................................................... 20

## TABLE OF AUTHORITIES

**Cases**

*Anarkali Enterprises, Inc. v. BP Chaney, LLC*,
  No. 4:18-CV-00796-P, 2019 WL 5537241 (N.D. Tex. Oct. 25, 2019) .......................... 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................ 13, 14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................... 15

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
  No. CIV.A. H-10-171, 2012 WL 896256 (S.D. Tex. Mar. 14, 2012) ........................... 18

*In re Juliet Homes, LP*,
  No. 07-36424, 2010 WL 5256806 (Bankr. S.D. Tex. Dec. 16, 2010) ........................... 17

*In re Uplift RX, LLC*,
  625 B.R. 364 (Bankr. S.D. Tex. 2021) .......................................................................... 17

*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*,
  751 F.3d 368 (5th Cir. 2014) .................................................................................. 11, 12

*P. Stolz Family P'ship L.P. v. Daum*,
  355 F.3d 92 (2d Cir. 2004) ............................................................................................ 18

*S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*,
  315 F.3d 533 (5th Cir. 2003) ......................................................................................... 10

**Statutes**

11 U.S.C. § 301(b) ............................................................................................................. 14

11 U.S.C. § 544 ..................................................................................................... 7, 11, 14, 15

11 U.S.C. § 546 .............................................................................................................. 14, 16

11 U.S.C. § 546(a) ......................................................................................................... 11, 14

11 U.S.C. § 546(a)(1)(B) ................................................................................................... 15

11 U.S.C. § 548 ..................................................................................................... 7, 11, 14, 15

TEX. BUS. & COM. CODE § 24 ............................................................................................ 16

**Rules**

FED. R. CIV. P. 12(b)(6) ..................................................................................................... 11

FED. R. CIV. P. 15(c)(1)(B) ................................................................................................ 15

FED. R. CIV. P. 8(a) ...................................................................................................... 13, 14

LOCAL RULE 7.1 ........................................................................................................... 10

LOCAL RULE 7.1(D) ....................................................................................................... 3

**Other Authorities**

COURT'S PROCEDURES 17.a ......................................................................................... 4, 9

## NATURE AND STAGE OF PROCEEDINGS

Stone Pigman removed this case on August 18, 2021 (Dkt. 01) and moved to dismiss on September 14, 2021 (Dkt. 45).  On October 19, 2021, Plaintiff sought leave to amend its complaint as to Stone Pigman (Dkt. 94), which Stone Pigman opposed on November 9, 2021 (Dkt. 112). On April 4, 2022, this Court granted Plaintiff's motion for leave to amend and denied Stone Pigman's first motion to dismiss as moot (Dkt. 152).  After Plaintiff filed its First Amended Complaint on April 12, 2022 (Dkt. 155), Stone Pigman filed its second motion to dismiss on May 5, 2022 (Dkt. 169).

On March 31, 2023, this Court entered its Opinion and Order dismissing ***with prejudice*** Plaintiff's amended claims against Stone Pigman for breach of fiduciary duty, actual and constructive fraudulent transfer (for claims arising out of the Furie bankruptcy estate), successor liability, successor by equitable estoppel, and fraudulent transfer of Cogan Partners' assets. Dkt. 213.

The Court's opinion also acknowledged that Plaintiff may have intended to assert fraudulent transfer claims with respect to the Cornucopia bankruptcy estate "[b]ut as currently pleaded, such claims—to the extent pleaded—***are impossible to separate*** from those arising out of the Furie bankruptcy estate." *Id.* at 25 (emphasis added). Thus, the Court dismissed without prejudice §§ 544 and 548 "claims with respect ***solely to the Cornucopia bankruptcy estate***," allowing Plaintiff 45 days to seek leave to replead any such claims.  *Id.* at 25-26.

Plaintiff waited until 11:57 p.m. on the 45th day to file the Motion without conferring in good faith in direct contravention of this Court's order. *Id.* at 44 ("As to

claims dismissed without prejudice above, the Trustee may seek leave to replead within 45 days, if desired. ***Observe the conference requirement imposed by Section 17 of this Court's procedures before bringing any such motion***.") (emphasis added). Stone Pigman challenged Plaintiff's failure to follow the Court's express orders to confer in good-faith. *See* Dkt. 234 (Stone Pigman's Certificate that Plaintiff Failed to Confer on Its Motion for Leave to Amend).

Now, after Stone Pigman spent considerable resources obtaining dismissal of Plaintiff's First Amended Complaint, Plaintiff seeks leave to file yet another futile amendment that impermissibly repeats nearly verbatim the First Amended Complaint and relabels already-dismissed time-barred claims that are ***not*** "with respect ***solely*** to the Cornucopia estate[,]" do not relate back, and fail to meet pleading standards or state claims. Dkt. 229-1.  The Court should deny Plaintiff leave and let Stone Pigman exit this case.

## STATEMENT OF FACTS

Stone Pigman incorporates by reference its "Nature and Stage of Proceedings" for its statement of facts.

## STATEMENT OF ISSUES

1. Should the Motion be denied for Plaintiff's bad-faith failure to confer and last-minute substitution of a revised proposed second amended complaint which added Stone Pigman to yet another time-barred futile claim?

2. Should the Motion be denied because Plaintiff's proposed Second Amended Complaint is futile?

## STANDARD OF REVIEW

A district court's denial of leave to amend is reviewed for abuse of discretion. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).

## ARGUMENT

### I. PLAINTIFF'S BAD-FAITH CONFERRAL ATTEMPT REQUIRES DENIAL OF THE MOTION

Plaintiff ignored this Court's order to "[m]ake serious, timely, good faith efforts to seek agreement on all disputed matters and requests for relief" by filing the Motion without any meaningful attempt to confer with Stone Pigman and filing a ***different*** proposed complaint than what was provided to counsel mere hours before. *See* COURT'S PROCEDURES, 17.a; *see also* Dkt. 213 (Opinion and Order), p. 44.

#### A. Plaintiff's inadequate attempt to confer at the last second with a different proposed amended complaint is grounds for denial.

4:35 p.m. on May 15, 2023 – the last day Plaintiff could move for leave to amend – was the first time Plaintiff contacted Stone Pigman about a potential motion for leave to amend. As noted above, this last-minute "conferral" attempt hours before Plaintiff filed the Motion is contrary to this Court's requirement that Plaintiff "[m]ake serious, timely, good faith efforts" to attempt to resolve disputed matters. *See id.*

Worse, Plaintiff's counsel attached a ***different*** proposed complaint to the 4:35 p.m. email than the pleading Plaintiff filed later that evening which added multiple new allegations and causes of action. The proposed amended complaint sent to Stone Pigman's counsel at 4:35 p.m. ***omitted*** Plaintiff's new proposed "actual" fraudulent transfer claim against Stone Pigman. *See* Ex. 1 (Redline showing certain changes between the 4:35 p.m.

amended complaint and Dkt 229-1). Shockingly, the proposed Second Amended Complaint attached to the Motion (Dkt. 229-1) altered the 4:35 p.m. proposed complaint by modifying certain allegations, adding others, and attempting to assert *an actual fraudulent transfer* sixteenth cause of action against Stone Pigman. *Id.* This bad-faith pleading-switching warrants denying the Motion.

The Motion also failed to include a certificate of conference required under LOCAL RULE 7.1 which is grounds to strike the Motion. *See* COURT PROCEDURES, Section 17. ("Motions that don't include a certificate of conference may be denied or stricken."); LOCAL RULE 7.1 ("Opposed motions shall … contain an averment that …[t]he movant has conferred with the respondent."). On May 17, 2023, Plaintiff belatedly filed a certificate of conference stating "counsel for Plaintiff *communicated* with counsel for all Defendants." Dkt. 231 (emphasis added). Plaintiff represented to the Court that it *communicated* with (*i.e.* emailed) Stone Pigman's counsel because Plaintiff's counsel couldn't represent that a good-faith *conferral* occurred.

Plaintiff's undue delay and inadequate conferral at the eleventh hour, coupled with bad-faith pleading-switching (*i.e.* purporting to confer using a *different proposed complaint*) is grounds to deny the Motion. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors including 'undue delay, bad faith or dilatory motive on the part of the movant….") (internal citation omitted).

## II. PLAINTIFF'S ATTEMPT TO RELABEL ALREADY DISMISSED ACTUAL AND CONSTRUCTIVE FRAUDULENT TRANSFER CLAIMS IS FUTILE AND THE CLAIMS ARE TIME-BARRED

### A. Plaintiff's proposed Second Amended Complaint is futile because it fails to plausibly plead any purported transfers arising solely from the Cornucopia estate

The Court dismissed *with prejudice* Plaintiff's "claims under §§ 544 and 548 arising out of the Furie bankruptcy estate" against Stone Pigman because such claims were barred by limitations under 11 U.S.C. § 546(a). Dkt. 213 at 25. The Court also dismissed without prejudice §§ 544 and 548 claims "with respect *solely* to the Cornucopia bankruptcy estate[,]" to the extent any exist, and provided Plaintiff an opportunity to seek leave to replead such claims. *Id.* Plaintiff's proposed amendment does not plausibly plead or identify any alleged transfers that arose solely from the Cornucopia bankruptcy estate. Thus, Plaintiff's proposed amendment is futile and must be denied.

Plaintiff's request to file its Second Amended Complaint that would *still fail to state any claims* under FED. R. CIV. P. 12(b)(6) should be denied because the amended complaint *would be futile*. *See Marucci Sports, L.L.C.*, 751 F.3d at 378-79 ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion …. After allowing Marucci three opportunities to state a claim upon which relief could be granted, the district court was satisfied that the defects in the complaint could not be cured. We are similarly persuaded and conclude that granting Marucci's motion to amend would have been futile."); *Anarkali Enterprises, Inc. v. BP Chaney, LLC*, No. 4:18-CV-00796-P, 2019 WL 5537241, at *7 (N.D. Tex. Oct. 25, 2019) ("In the context of a motion for leave to amend, an amended complaint would be futile if it could not survive a 12(b)(6) motion to dismiss").

Plaintiff's proposed Second Amended Complaint merely alleges *the possibility* that "funds transferred to a [Furie] account and then transferred out to the defendants were also transfers of Cornucopia's property." *See* Dkt 229-1 ¶¶ 272, 288. What's glaringly missing are any *plausible* allegations that money paid to Stone Pigman *from a Furie account* related *solely* to the Cornucopia estate. Tellingly, the purported transfers to Stone Pigman identified in the proposed Second Amended Complaint are the *same Furie transfers* identified and dismissed with prejudice in Plaintiff's First Amended Complaint. *Compare* Dkt. 155, ¶ 166 (First Amended Complaint) ("Furie paid Stone Pigman $843,128.74 between January 19, 2017 and June 1, 2018 (with an additional payment of $83.43 made on October 16, 2018)) *with* Dkt 229-1, ¶ 59 ("Stone Pigman received $843,128.74 from [Furie] Account 6064 between January 2017 and June 2018. Transfers to Stone Pigman are identified in Exhibit D to this complaint.") and Dkt. 229-1, Ex. D (showing "Transfers to Stone Pigman from *FOA's* Bank Accounts") (emphasis added).

Plaintiff's allegations that Cornucopia deposited funds into Furie accounts and some of those funds might have ended up at Stone Pigman are speculative, implausible, and woefully insufficient to satisfy federal pleading standards. *See* Dkt. 229-1 ¶¶ 56, 59, 272, 283, 288, 299; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. [] Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'") (internal citation and quotations omitted).

In fact, Plaintiff's *draft* Second Amended Complaint sent to Stone Pigman on Mr. Dameron's 4:35 p.m. e-mail contained slightly more definitive (albeit conclusory) language – omitted from the actual, filed version – suggesting that the Furie funds that went to Stone Pigman had actually come from Cornucopia. *See* the following screenshot from Ex. 1, showing in red strikethrough the allegations Plaintiff apparently concluded at the last minute that it could not make as to Stone Pigman:

> ~~280~~298.   Nunes received <u>the above-described</u> transfers from FOA's Account 6064 ~~where some of the funds were transferred from Cornucopia~~.
>
> ~~281~~299.   Stone Pigman ~~also~~ received <u>the above-described</u> transfers from <u>FOA's</u> Account 6064 ~~where some of the funds were transferred from Cornucopia~~.

Simply put, the Cornucopia transfers alleged in the proposed Second Amended Complaint, even when taken as true, aren't tied to Stone Pigman by anything other than speculation, and don't show that Plaintiff is entitled to relief from Stone Pigman. Indeed, Plaintiff only identifies one specific example of a transfer from Cornucopia to Furie in relation to Stone Pigman, and even in that example doesn't allege those funds actually flowed through to Stone Pigman. *See* Dkt. 229-1, ¶ 59; *Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting FED. R. CIV. P. 8(a)).

Ultimately, alleging that Cornucopia transferred funds to Furie and Furie transferred funds to Stone Pigman might create a "possibility" of liability – but it fails to state a claim for the same reason the Supreme Court has found allegations of "parallel conduct"

inadequate to satisfy federal pleading standards in an antitrust case. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)("An allegation of parallel conduct is thus much like a naked assertion of conspiracy in a § 1 complaint: it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" (quoting FED. R. CIV. P. 8(a)).

      **B.**    **Any purported fraudulent transfer claim arising solely from the Cornucopia estate does not relate back and is time-barred.**

Even if Plaintiff has plausibly alleged §§ 544 and 548 claims arising solely from the Cornucopia estate (and it hasn't), those claims are time-barred.

Cornucopia's bankruptcy extended Plaintiff's deadline to sue, but not long enough to make Plaintiff's purported new claims timely. Cornucopia filed its voluntary chapter 11 petition on August 9, 2019, and the commencement of its bankruptcy case "constitute[d] an order for relief" under the Bankruptcy Code. *See* 11 U.S.C. § 301(b).  Under 11 U.S.C. § 546, even though the Cornucopia bankruptcy case hasn't been closed, Plaintiff still had to commence any §§ 544 and 548 fraudulent transfer claims within "2 years after the entry of the order for relief [*i.e.* August 9, 2021]." *See* 11 U.S.C. § 546(a) (setting the deadline to bring such claims as "the *earlier* of" (1) two years after the bankruptcy petition was filed or (2) the time the bankruptcy case is closed or dismissed) (emphasis added).[1]  Because Plaintiff waited until May 15, 2023 to seek leave to bring the new claims – more than two years after the Cornucopia bankruptcy was filed – they are time-barred.

---

[1] No trustee was appointed under the Bankruptcy Code provisions cited in 11 U.S.C. § 546(a)(1)(B), which renders that subsection inapplicable and irrelevant to the analysis.

**DEFENDANT STONE PIGMAN WALTHER WITTMANN L.L.C.'S RESPONSE OPPOSING PLAINTIFF'S MOTION FOR LEAVE TO AMEND – PAGE 15**

Importantly, Plaintiff's new purported fraudulent transfer claims do not "relate back" to August 6, 2021, the date Plaintiff filed its state-court Petition, because the purported Cornucopia claims arise out of completely different "conduct, transaction[s], or occurrence[s]" than those in the Petition. *See* FED. R. CIV. P. 15(c)(1)(B). Plaintiff's Petition asserted fraudulent transfer claims based on *Furie's* alleged payments to Stone Pigman. *See* Petition, ¶ 172. These claims were asserted under § 548 of the Bankruptcy Code, which creates a federal fraudulent-transfer claim assertable by the trustee on account of transfers *made by Furie to Stone Pigman*, and also under Plaintiff's "strong-arm" powers under § 544 of the Bankruptcy Code, which allows a trustee to step into the shoes of a creditor of Furie to recover transfers *made by Furie to Stone Pigman* that such creditors could recover under state law. In contrast, the newly proposed claims would be based on alleged transfers *made by Cornucopia to Furie*, and then (possibly, but not plausibly alleged) to Stone Pigman. *See* Dkt 229-1, ¶¶ 272, 288.

Plaintiff thus seeks leave to assert entirely new claims on behalf of an entirely new transferor – Cornucopia – which raises entirely different issues than in the Petition. For example, Plaintiff's constructive fraudulent transfer claim required proof that *Furie* was insolvent and received less than reasonably equivalent value from Stone Pigman for the *fees* Furie allegedly paid. *See* Petition, ¶¶ 172, 177-78. But on the newly proposed claims, Plaintiff must prove that *Cornucopia* was insolvent and received less than reasonably equivalent value for money *Cornucopia* allegedly transferred to Furie and/or Stone Pigman. *See* Dkt. 229-1, ¶¶ 56, 59. The new claims thus involve different issues and transfers and do not relate back. *See In re Uplift RX, LLC*, 625 B.R. 364, 376-77 (Bankr.

S.D. Tex. 2021) (additional transfers in proposed amendment did not relate back to the original complaint because the additional transfers were not part of the same course of conduct and the original complaint did not notify the parties that the trustee could pursue avoidance of the additional transfers).

Finally, limitations for Plaintiff's purported fraudulent transfer claims under chapter 24 of the TEX. BUS. & COM. CODE are governed by 11 U.S.C. § 546. Thus, Plaintiff is bound by the § 546 limitations period and, for the reasons stated above, the purported state law fraudulent transfer claims are time-barred. *See In re Juliet Homes, LP*, No. 07-36424, 2010 WL 5256806, at *16 (Bankr. S.D. Tex. Dec. 16, 2010) ("[T]he Bankruptcy Code's limitations period on the Trustees' avoidance actions also applies to the state-law fraudulent transfer claims. When a trustee asserts an avoidance action under state law, pursuant to the avoidance power under § 544 of the Bankruptcy Code, the trustee is bound by the Bankruptcy Code's limitations period under § 546") (internal citations omitted).

The Court should deny Plaintiff leave to assert time-barred claims based on Cornucopia's alleged payments to Furie or Stone Pigman.

## III. ALTERNATIVELY, IF THE COURT GRANTS THE MOTION, PLAINTIFF MUST REMOVE ALL ALLEGATIONS REGARDING CLAIMS DISMISSED WITH PREJUDICE

Plaintiff's proposed Second Amended Complaint inexplicably retains numerous allegations and causes of action this Court dismissed **with prejudice**. For example, Plaintiff's proposed complaint still includes causes of action against Stone Pigman for successor liability and successor by equitable estoppel despite those claims being dismissed with prejudice. *See* Dkt. 229-1 ¶¶ 225 – 237; Dkt. 213, p. 38 ("The claims against Stone

Pigman for successor liability—whether by merger or by equitable estoppel—will be dismissed.").

Littering the proposed Second Amended Complaint with allegations and causes of action that have been dismissed with prejudice creates unnecessary confusion with no valid purpose. *See In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, No. CIV.A. H-10-171, 2012 WL 896256, at *3 (S.D. Tex. Mar. 14, 2012) (Rosenthal, J.) ("We will not require a party, in an amended complaint, to replead a dismissed claim in order to preserve the right to appeal the dismissal when the court has not granted leave to amend. ***Such a formalistic requirement serves no valid purpose***.") (quoting *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004)) (emphasis added).

If Plaintiff is granted leave to amend, then Plaintiff must remove from the proposed Second Amended Complaint all allegations implicating Stone Pigman in any way to claims this Court already dismissed with prejudice, including proposed ¶¶ 21, 23, 35, 38, 39, 111, 154-72, 177, 185, 188, 197, 200, 204, 225-42.

## Conclusion

The Court should deny the Motion and grant Stone Pigman such other and further relief to which it is entitled.

Respectfully submitted,

*/s/ George M. Kryder*

| | |
|---|---|
| George M. Kryder – *Attorney in Charge* | Patrick W. Mizell |
| State Bar No. 11742900 | State Bar No. 14233980 |
| S.D. Tex Bar No. 14778 | S.D. Tex Bar No. 36390 |
| gkryder@velaw.com | pmizell@velaw.com |
| Matthew W. Moran | VINSON & ELKINS LLP |
| State Bar No. 24002642 | 845 Texas Ave., Suite 4700 |
| S.D. Tex Bar No. 24471 | Houston, Texas 77002 |
| mmoran@velaw.com | Telephone: (713) 758-2222 |
| Jordan W. Leu | |
| State Bar No. 24070139 | |
| S.D. Tex Bar No. 1133712 | |
| jleu@velaw.com | |

VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3900
Dallas, Texas  75201
Telephone: (214) 220-7700
Fax: (214) 220-7716

*Attorneys for Defendant Stone Pigman Walther Wittmann L.L.C.*

## CERTIFICATE OF COMPLIANCE

Under the COURT PROCEDURES FOR HON. CHARLES R. ESKRIDGE III, ¶ 18(c), I certify that this response contains 3,551 words, except the excluded case caption, table of contents, table of authorities, signature block, and certificates. It was prepared in Microsoft Word using 13-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

*/s/ George M. Kryder*
George M. Kryder

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon all counsel of record on June 2, 2023, using the Court's electronic filing system.

*/s/ George M. Kryder*
George M. Kryder