IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, AS TRUSTEE OF THE FURIE LITIGATION TRUST, <br><br> *Plaintiff,* <br><br> v. <br><br> KAY RIECK, LARS DEGENHARDT THEODOR VAN STEPHOUDT, DAVID HRYCK, REED SMITH LLP, THOMAS E. HORD, MICHAEL ANTHONY NUNES, STONE PIGMAN WALTHER WITTMAN LLC, IN ITS OWN CAPACITY AND AS SUCCESSOR BY MERGER TO COGAN & PARTNERS LLP, DAVID ELDER, BRUCE GANER, SIERRA PINE RESOURCES INTERNATIONAL, INC. AND HELENA ENERGY, LLC <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-CV-02698 |

**DEFENDANTS BRUCE GANER AND SIERRA PINE RESOURCES
INTERNATIONAL, INC.'S RESPONSE OPPOSING
PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

TO THE HONORABLE CHARLES R. ESKRIDGE III, UNITED STATES DISTRICT JUDGE:

Defendants Bruce Ganer ("**Ganer**") and Sierra Pine Resources International, Inc. ("**SPRI**") oppose Plaintiff's motion for leave to file its proposed Second Amended Complaint (Dkt. 229-1). Ganer and SPRI join in the responses filed by co-defendants so

rather than repeat those arguments here, this response is limited to issues specific to Ganer and SPRI.

## I. INTRODUCTION

On March 30, 2023, this Court dismissed all claims arising out of the Furie bankruptcy against Ganer and SPRI with prejudice (Dkt. 213). The Court also dismissed all claims against Ganer and SPRI without prejudice to the extent there were claims that arose solely to the Cornucopia bankruptcy estate (Dkt. 213, pp. 25-26). Without any meaningful conference and mere minutes before the deadline to seek leave to amend, the Trustee filed its proposed Second Amended Complaint (Dkt. 229-1). The only claims against Ganer and Trustee that the Trustee now seeks to re-add are its fraudulent transfer claims, which are included in its new Sixteenth, Seventeenth, and Eighteenth Causes of Action.

The Trustee's motion for leave should be denied as being futile as to Ganer and SPRI. The proposed amended pleading attempts to avoid this Court's dismissal of the Furie bankruptcy-related claims against Ganer and SPRI by alleging that SPRI was paid for services to Furie from bank accounts that were either jointly operated Furie and Cornucopia or otherwise contained unspecified funds at unspecified times that may or may not have belonged to either Furie or Cornucopia. (Dkt. 229-1, para. 56). Specific to Ganer and SPRI, the proposed amended complaint includes the allegation that SPRI was paid by Furie from a Cornucopia account between September 2015 and December 2016 and then from a Furie account that might have contained unspecified Cornucopia funds:

> 41 42. Ganer served as Technical Adviser to Rieck for his enterprise activities and received millions of dollars from Rieck through various entities wholly-owned and controlled by him each named Sierra Pine. Ganer worked on over 30 projects for Rieck and Rieck-related entities accounted for the majority of Sierra Pine's income. Beginning in 2016, Ganer and/or his wholly-owned companies served as operator, and executed documents as attorney-in-fact, for Helena. Rieck employed Ganer's inflated reserve reports and other mineral reporting documents in the enterprises' bond offerings, prospectuses and other money raising documents. Ganer issued numerous reserve reports describing Furie's mineral reserves, falsely stating that he was independent. <u>Ganer and Sierra Pine received approximately $777,600 from Cornucopia between September 2015 and December 2016 and $678,618 from FOA between September 2015 and July 2018.</u>

> <u>58. Ganer and SPRI were similarly paid by both Cornucopia and FOA through Account 6064. Cornucopia paid SPRI, Ganer's company, directly between September 2015 and December 2016 from Account 9240. Cornucopia's payments to Sierra Pine totaled $777,606.60 and were made for the benefit for Ganer. Then FOA began paying SPRI from Account 6064 in January 2017 and continued to do so until July 2019. Payments to SPRI for Ganer are identified in Exhibit E to this Complaint.</u>

(Dkt. 229-2, pages 17, 20; Dkt. 229-1, ¶¶ 42 and 58). All other substantive allegations against Ganer and SPRI remain unchanged.

## II. SUMMARY OF ARGUMENT

The motion for leave should be denied as futile because (1) to the extent the Trustee's fraudulent transfer claims depend upon payments to Ganer or SPRI for services to Furie from a Cornucopia account, those claims are time-barred, and (2) to the extent the

Trustee's fraudulent transfer claims depend upon payments to Ganer or SPRI from a Furie account which might have once had unspecified Cornucopia deposits, those claims are not solely from the Cornucopia bankruptcy estate and thus, remain subject to the Court's previous dismissal with prejudice.

## II. ARGUMENT AND AUTHORITIES

### A. Fraudulent transfer claims dependent upon a "Cornucopia Account" or funds are time-barred.

To the extent the Trustee's new Sixteenth, Seventeenth, and Eighteenth Causes of Action are premised on its new allegation that SPRI was paid by Furie from a Cornucopia account between September 2015 and December 2016 (Dkt. 229-1, ¶¶ 42 and 58), then amendment would be futile because those claims are time-barred. First, the entire period of September 2015 through December 2016 is outside of two-year reach-back period in 11 U.S.C. § 548(a)(1) and cannot serve as a basis for new claims. As noted by this Court, the Cornucopia bankruptcy commenced on August 9, 2019, making the cut-off for reach-back August 9, 2017. The last of the payments made Furie from an alleged Cornucopia account, per paragraphs 42 and 58 of the proposed Second Amended Complaint, was December 2016, which is outside of the permitted reach-back period.

Similarly, the Trustee's new Sixteenth, Seventeenth, and Eighteenth Causes of Action are also time-barred by 11 U.S.C. § 546(a)(1)(B), which sets a trustee's deadline to file such claims as being one year after the trustee was appointed in the Cornucopia bankruptcy, which was June 12, 2020. This deadline was over three years ago. The proposed amended pleading is futile.

Likewise, to the extent they are based payment from an alleged Cornucopia account or account with funds, the Trustee's new Sixteenth, Seventeenth, and Eighteenth Causes of Action are also time-barred under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). TUFTA provides that the cause of action is "extinguished" if not brought within four years of the alleged fraudulent transfer. TEX. BUS. & COM. CODE §§ 24.010(a)(1) and (a)(2). TUFTA is a statute of repose, so no suspension or relation back doctrine can apply to make these new claims timely. *Nathan v. Whittington*, 408, S.W.3d 870, 874 (Tex. 2013). Again, the last alleged transfer from the now-alleged Cornucopia account was December 2016, which created the latest possible deadline of December 2020 for claims under TUFTA. This deadline was over two years ago. The proposed amended pleading is futile.

### B. Fraudulent transfer claims dependent upon a "Furie Account" were dismissed with prejudice.

As has been briefed more fully in other responses in opposition, the Trustee has relabeled the previously dismissed Furie-related causes of action by now claiming that, at some unspecified time or period, unspecified amounts or deposits from Cornucopia were placed in the Furie. At the outset, it is worth noting that even though the Trustee now seeks to claim Furie and Cornucopia are intertwined or integrated so as to seemingly treat their bank accounts as one, they remain separate and distinct as evidenced by the pendency of the separate and unconsolidated Cornucopia bankruptcy. Further, as noted by other defendants, the Furie account at issue was in fact identified on the asset schedule of Furie and not for Cornucopia (Dkt. 258, p. 10).

Moreover, there is no allegation that either Ganer or SPRI were paid with any deposited Cornucopia funds that had been placed in the Furie account even if the account could now be treated as something other than an asset of Furie's. There is no attempt or allegation to trace any specific payment back to Cornucopia. In short, allegations of unspecified deposits at unspecified times into a Furie account as possibility should be seen for what it really is—the relabeling of the previously dismissed with prejudice claims. Yet, even if these new claims could be brought, the claims for funds would nevertheless remain time-barred for the reasons articulated in the previous section of this response.

Thus, to the extent the Trustee's new Sixteenth, Seventeenth, and Eighteenth Causes of Action remain based upon any payments from Furie accounts, the amendment would be futile. Leave to amend should be denied.

### III. INCORPORATION OF RESPONSES IN OPPOSITION

Ganer and SPRI join in, incorporate by reference, and adopt the responses in opposition filed by other defendants, including but limited to *Defendant Stone Pigman Walther Wittman L.L.C.'s Response Opposing Plaintiff's Motion for Leave to Amend* (Dkt. 244), *Defendants' Kay Rieck's and Helena Energy, LLC's Response in Opposition to Plaintiff's Motion for Leave to Amend*, (Dkt. 247), and *Defendants Hryck, Van Stephoudt, Reed Smith, LLP, and Nunes's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint* (Dkt. 258).

### CONCLUSION

For the above reasons, Ganer and SPRI ask the Court to deny the motion for leave, and for further relief to which they may be just entitled.

Respectfully submitted,

**ROTHBERG PLLC**

_____
**Timothy A. Rothberg** (attorney in charge)
Texas State Bar No.: 24060525
Federal ID No. 896571
trothberg@rothberg.law
**Crystal T. Dang**
State Bar No. 24097566
cdang@rothberg.law
4309 Yoakum Blvd.
Houston, Texas 77006
Telephone: (713) 424-0720

**ATTORNEYS FOR DEFENDANTS
BRUCE GANER AND SIERRA PINE
RESOURCES INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, as follows, and in accordance with the Federal Rules of Civil Procedure, on this the 20th day of June 2023 through the ECF System.

_____
Timothy A. Rothberg

## CERTIFICATE OF WORD COUNT

Per paragraph 18(c) of the Court's procedures, I hereby certify that this response contains 1,158 words account to the word count provided by the software used to prepare this filing, excluding the case caption, signature block, and certificates.

_____
Timothy A. Rothberg