# Vinson&Elkins

George M. Kryder  jleu@velaw.com
**Tel** +1.214.220.7719  **Fax** +1.214.999.7719

November 30, 2023

By ECF
Hon. Charles Eskridge
Courtroom 9F
515 Rusk Street
Houston, Texas 77002

      Re:    *Clingman & Hanger Management Associates LLC v. Rieck et al*. (No. 4:21-CV-02698);
              Letter Brief of Stone Pigman Walther Wittmann L.L.C. ("Stone Pigman")

Dear Judge Eskridge:

     As the Court previously held, Furie Operating Alaska, LLC's ("FOA") fraudulent-transfer claims against Stone Pigman are time-barred under 11 U.S.C. § 546. Plaintiff's untimely request to make new allegations that Cornucopia Oil and Gas, LLC ("Cornucopia") transferred funds to FOA in ***different*** amounts at ***different*** times nowhere to be found in Plaintiff's original petition cannot "relate back" under FED. R. CIV. P. 15, and Stone Pigman should be out of this case. Plaintiff can't use alleged transfers from Cornucopia to FOA – which Plaintiff can't in candor to the Court represent that FOA passed along to Stone Pigman[1] – to revive time-barred claims based on transfers from FOA to Stone Pigman.

     Judge Isgur relied upon a widely-used test for whether fraudulent transfer claims relate back in *In re Uplift RX, LLC*, 625 B.R. 364 (Bankr. S.D. Tex. 2021). Under *Uplift* and similar cases, claims for additional transfers only relate back to an initial filing if two conditions are satisfied: "(1) the Amended Complaint alleges that the Additional Transfers were part of a course of conduct alleged in the Original Complaint; and (2) the Original Complaint notified the parties, against whom the Additional Transfer claims are asserted, that the Trustee could pursue avoidance of the Additional Transfers associated with the course of conduct alleged in the Original Complaint." *Id*. at 376.

     Plaintiff fails both prongs of the *Uplift* test.

     First, Plaintiff's original petition ***said nothing*** at all about the debtors transferring money from ***one debtor to another***. *See* Dkt. 1-5 (Original Petition). Instead, it defined two debtors – FOA and Cornucopia – collectively as "Furie," and complained about alleged insiders and non-debtor third parties purportedly exploiting "Furie" for their own benefit. *See id*. In fact, the word "Cornucopia" appears only one time in

---

[1] *See* the deletions from Plaintiff's original draft of the proposed second amended complaint as reflected in the screenshots on Dkt. 244, p. 14 and Dkt. 244-1, p. 5.

**Vinson & Elkins LLP  Attorneys at Law**                          Trammell Crow Center, 2001 Ross Avenue, Suite 3900
Austin  Dallas  Dubai  Houston  London  Los Angeles          Dallas, TX 75201-2975
New York  Richmond  San Francisco  Tokyo  Washington       **Tel** +1.214.220.7700  **Fax** +1.214.220.7716  velaw.com

the 43-page original petition. *Id*. at ¶ 2. So there was no "course of conduct" alleged in the original petition related to ***Cornucopia*** transferring money to FOA, and prong 1 is not satisfied.

Second, Plaintiff's original petition did not notify Stone Pigman that it might need to defend itself as an alleged ***subsequent transferee*** of funds which Cornucopia had previously transferred to FOA. *See* Dkt. 229 (Motion for Leave to Amend), p. 7 (characterizing Stone Pigman as a subsequent transferee). Instead, the only payments Stone Pigman needed to defend from the original petition were the time-barred payments from FOA which it allegedly received as an initial transferee. *See* Original Petition, ¶¶ 171-179. Again the original petition fails to allege anything at all about Cornucopia transferring funds to FOA, much less anything that would have notified Stone Pigman that it might need to defend itself against previously unpled allegations that some portion of Cornucopia's funds went to FOA, and ***might*** later have gone to Stone Pigman. *See* Dkt. 229-1 (Proposed Second Amended Complaint), ¶¶ 56, 59, 283, 299.[2] Even there, Plaintiff could not in candor to the Court allege that "some of the funds [actually] were transferred from Cornucopia," and deleted that statement from the proposed Second Amended Complaint. *See* Screenshots on Dkt. 244, p. 14 and Dkt. 244-1, p. 5.

Although *Uplift* is ample reason to deny Plaintiff leave to amend against Stone Pigman, for supplemental authority the Court may wish to consider another widely-cited case, *In re 360Networks (USA) Inc*., 367 B.R. 428 (Bankr. S.D.N.Y. 2007). In *360Networks*, plaintiffs' original complaint sought to avoid preferential transfers of "***at least*** $17,330,644.54." *Id*. at 430 (emphasis added). But because the amended complaint sought to avoid additional transfers and the facts in the original pleading failed to provide the defendant with notice of the facts out of which the new transfer claims arose, the amended complaint did not relate back. *See id*. at 433-34. Likewise here, none of the transfers from Cornucopia to FOA alleged in Plaintiffs' proposed second amended complaint were alleged in Plaintiff's original petition, and all of the issues needed to defend against Cornucopia fraudulent-transfer claims are different from those needed to defend against FOA fraudulent-transfer claims.

As a result, Plaintiff's proposed amended claims against Stone Pigman do not relate back and Plaintiff's motion to amend should be denied as to Stone Pigman.

Respectfully,

*/s/ George M. Kryder*

George M. Kryder

---

[2] All of these allegations are new, as shown in Plaintiff's redline at Dkt. 229-2.