# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, as Plaintiff of the Furie Litigation Trust,** § § § § § § § § | | |
| *Plaintiff,* § § | | |
| v. § § | CIVIL NO.: 4:21-cv-02698 | |
| **KAY RIECK, LARS DEGENHARDT, THEODOR VAN STEPHOUDT, DAVID HRYCK REED SMITH LLP, THOMAS E. HORD, MICHAEL ANTHONY NUNES, STONE PIGMAN WALTHER WITTMAN LLC, IN ITS OWN CAPACITY AND AS SUCCESSOR BY MERGER TO COGAN & PARTNERS LLP, DAVID ELDER, BRUCE GANER, SIERRA PINE RESOURCES INTERNATIONAL, INC., AND HELENA ENERGY, LLC,** § § § § § § § § § § § § § § § | | |
| *Defendants.* § | | |

## DAVID ELDER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant David Elder ("Mr. Elder") files this Motion to Dismiss Clingman & Hanger Management Associates, LLC's Second Amended Complaint (Dkt. 288) and respectfully shows the Court as follows:

## I.     INTRODUCTION

This case is brought by Clingman & Hanger Management Associates, LLC ("Plaintiff"), the litigation trustee of Furie Operating Alaska, LLC, pursuant to a Chapter 11 bankruptcy plan set up by a Delaware Bankruptcy Court under Cause No. 19-11781. Plaintiff contends that it has been appointed to prosecute the causes of action belonging to Cornucopia Oil and Gas, LLC ("Cornucopia") and its wholly-owned subsidiary Furie Operating Alaska, LLC ("Furie") as set out in the Second Amended Complaint filed in the United States District Court, Southern District of Texas, Houston Division, on April 18, 2024 (Dkt. 288).

Plaintiff's Second Amended Complaint brings eight causes of action against a plethora of Defendants, including Mr. Elder, a former executive and officer of Furie. The causes of action related to Mr. Elder are brought under section 24 of the Texas Business and Commerce Code and concurrently under section 548 of the Bankruptcy Code. *See* Dkt. 288 at ¶¶ 205-233. These causes of action seek to avoid Mr. Elder's salary and bonus payments made by Furie as actual or constructive fraudulent transfers. Mr. Elder moves to dismiss all claims brought against him, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff fails to state a claim on which relief can be granted, as it fails to plead sufficient facts to support the allegation that Mr. Elder received any actual or constructive fraudulent transfer. First, Plaintiff fails to plead facts sufficient to allege that Mr. Elder received any transfer from Cornucopia. Second, Plaintiff fails to connect Mr. Elder's salary and bonus payments made by Furie to any actual intent of Cornucopia and/or Furie to

hinder, delay or defraud their creditors. Third, Plaintiff makes no attempt to allege that Cornucopia and/or Furie did not receive a reasonably equivalent value in exchange for Mr. Elder's salary and bonus payments. Plaintiff simply concludes that because Mr. Elder was paid by Furie and because Furie and Cornucopia had to file for bankruptcy, these transfers are fraudulent. Thus, Plaintiff's claims against Mr. Elder should be dismissed.

## II. NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed its First Amended Complaint on April 12, 2022 (Dkt. 155). Plaintiff's First Amended Complaint brought claims against Mr. Elder for (1) breach of fiduciary duty, (2) actual fraudulent transfer, (3) constructive fraudulent transfer, (4) insider fraudulent transfer, (5) civil conspiracy, (6) exemplary damages, and (7) attorney's fees. Dkt. 155 at ¶¶ 167-182, 190-201, 208-218. Subsequently, this Court dismissed all of Plaintiff's claims as they relate to Furie, which were barred by limitations. Dkt. 213 pg. 43-44. Plaintiff was given leave to amend its complaint to assert causes of action directly related to Cornucopia. Dkt. 213 at ¶ 25.

Plaintiff's Second Amended Complaint, filed on April 18, 2024, removed all causes of action against Mr. Elder except for actual and constructive fraudulent transfer. Dkt. 288 at ¶¶ 205-233. Further, Plaintiff attempts to circumvent this Court's Order, dismissing the Furie-related claims, by asserting that all transfers from Furie are deemed to be transfers by Cornucopia. Plaintiff contends that "funds transferred to [a Furie] account and then transferred out to [Mr. Elder] were also transfers of Cornucopia's property." Dkt. 288 at ¶ 206.

### III.     STATEMENT OF FACTS

In support of Plaintiff's fraudulent transfer claims, Plaintiff alleges that Mr. Elder received $250,000.00 per year in the form of a salary from Furie as well as wire transfers from "Rieck-owned Furie Petroleum Company totaling $150,000.00." Dkt. 288 ¶¶ 40 and 110. Plaintiff fails to identify any transfers to Mr. Elder that came from the Cornucopia bankruptcy estate. Significantly, Plaintiff neglects to allege how these payments relate to any attempt by Cornucopia, or even Furie, to hinder, delay, or defraud its creditors. Further, Plaintiff makes no effort to allege that Cornucopia and/or Furie did not receive reasonably equivalent value from Mr. Elder in exchange for his salary and bonuses.

### IV.     STATEMENT OF ISSUES

1. Does Plaintiff fail to state a claim against Mr. Elder for actual or constructive fraudulent transfer under federal and Texas law because either:

   a. Plaintiff fails to identify any transfer made from Cornucopia to Mr. Elder?

   b. Plaintiff fails to plead sufficient facts to show that Cornucopia and/or Furie intended to hinder, delay, or defraud its creditors by paying Mr. Elder's salary and bonuses?

   c. Plaintiff fails to plead sufficient facts to show Cornucopia and/or Furie received less than a reasonably equivalent value in exchange for a transfer?

### V.     STANDARD OF REVIEW

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also Shackelford v.*

*Ocwen Loan Servicing LLC*, No. 19-CV-01540, 2020 WL 3542276, at *2 (S.D. Tex. June 29, 2020) (Eskridge, J.) ("A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face.") (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A complaint must fail if it offers only 'naked assertions devoid of further factual enhancement.'" *Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.,* 566 F.3d 436, 439 (5th Cir. 2009) (quotations omitted). To avoid dismissal, the plaintiff is required to plead "more than labels and conclusions." *Twombly,* 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.*

Specifically, "Federal Rule of Civil Procedure 9(b) requires that Plaintiff, 'in alleging fraud or mistake, . . . must state with particularity the circumstances constituting fraud or mistake.'" *Curtis v. Cerner Corp.*, 621 B.R. 141, 167 (S.D. Tex. 2020). The Fifth Circuit has interpreted Federal Rule of Civil Procedure 9(b) strictly, requiring Plaintiff to plead enough facts to illustrate the who, what, when, where, why and how of the alleged fraud. *Id.* "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th Cir. 1968); *see also Nathenson v. Zonagen Inc.*, 267 F.3d 400, 419-20 (5th Cir. 2001). "Although Rule 9(b) expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994). "The plaintiffs must set forth *specific facts* supporting an inference of fraud." *Id.* (emphasis in original). If a complaint fails to

meet the pleading requirements of Rule 9(b), dismissal is proper. *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003); *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 430 (5th Cir. 2002).

## VI.  ARGUMENT

The Court should dismiss all of Plaintiff's claims against Mr. Elder under Rule 12(b)(6). Dismissal is appropriate because Plaintiff fails to plead facts to show that Mr. Elder received any transfer from Cornucopia, that any entity intended to hinder, delay, or defraud their creditors by paying Mr. Elder's salary or bonuses, and that Cornucopia and/or Furie did not receive a reasonably equivalent value in exchange for paying Mr. Elder's salary. Additionally, Plaintiff fails to satisfy its burden under Rule 9(b) to state with particularity the circumstances constituting fraud or who, what, where, why and how the alleged fraud occurred.

### A.   THE FRAUDULENT TRANSFER CLAIMS MUST BE DISMISSED.

Plaintiff fails to state claims for actual and constructive fraudulent transfer under both federal and state law. First, Plaintiff has not sufficiently alleged that Mr. Elder's salary received from Furie involved actual intent by Furie and/or Cornucopia to hinder, delay, or defraud their creditors. Second, Plaintiff fails to plead sufficient facts to show that Furie and/or Cornucopia received less than a reasonably equivalent value in exchange for any transfers.

1. **Plaintiff's Second Amended Complaint Fails to Plausibly Plead That Any of Cornucopia's Funds Went to Mr. Elder.**

Plaintiff's claims under section 548, arising out of the Furie bankruptcy estate, were dismissed with prejudice by this Court as they were barred by limitations under 11 U.S.C. § 546(a). Dkt. 213 at ¶ 25. Plaintiff's Second Amended Complaint wholly fails to identify any transfers that arose solely from the Cornucopia bankruptcy estate. Indeed, Plaintiff simply contends that "funds transferred to [a Furie] account and then transferred out to [Mr. Elder] were also transfers of Cornucopia's property." Dkt. 288 at ¶ 206. Because Plaintiff cannot plausibly show that any money paid to Mr. Elder arose from the Cornucopia estate, Plaintiff fails to state a claim under Rule 12(b)(6), and such claims must be denied.

2. **Plaintiff Fails to Allege that Furie's Payment of Mr. Elder's Salary Constitutes an Intent to Hinder, Delay, or Defraud Plaintiff's Creditors.**

Plaintiff brings claims for fraudulent transfer under section 548 of the Bankruptcy Code and sections 24.005 and 24.006 of the Texas Business and Commerce Code. Dkt. 288 at ¶¶ 51-54. Section 548 of the Bankruptcy Code and Section 24.005 of the Texas Business and Commerce Code require that Plaintiff prove any alleged fraudulent transfer was made with "actual intent to hinder, delay, or defraud" any entity or creditor of the debtor. *See* U.S.C. § 548(a)(1)(A) (requiring that the debtor "made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became . . . indebted"); TEX. BUS. & COM. CODE § 24.005(a)(2) and § 24.006(a) (requiring that the debtor "made the transfer . . . with actual intent to hinder, delay, or defraud any creditor of the debtor").

Plaintiff has pled no such facts. Plaintiff fails to allege whether Cornucopia or Furie is the true debtor, as it seeks to enjoin the two entities as one. Further, Plaintiff make no effort to explain at what point in time Mr. Elder's salary payments became fraudulent, to which creditors these payments attempted to defraud, what actor was intending to defraud any creditors by payment of Mr. Elder's salary, and why Mr. Elder's salary payments were fraudulent as to any creditor. Plaintiff simply states nothing more than "Mr. Elder was paid at least $250,000 a year to serve as CFO," and "Elder's compensation. . . derived from gas sales where Cornucopia was paid or from loans from [Energy Capital Partners] and [ING Bank] where Cornucopia was the borrower." Dkt. 288 at ¶¶ 206, 213, 227, and 228.

Plaintiff concludes, without factual support, that "[t]he transfers to the defendants were made with the actual intent to hinder, delay, or defraud Cornucopia's creditors." Dkt. 288 at ¶ 218. However, this is insufficient to state a claim to which relief may be granted. *See Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014) (quoting *Iqbal,* 556 U.S. at 678)("A complaint must fail if it offers only 'naked assertions devoid of further factual enhancement.'"); *Melder*, 27 F.3d at 1102 (plaintiff must set forth specific facts regarding intent) Because Plaintiff failed to plead facts sufficient to support its claim against Mr. Elder for actual fraudulent transfer, Plaintiff's claim must fail under federal and Texas law.

### 3. Plaintiff Has Not Pled Sufficient Facts to Show That Cornucopia Received Less Than a Reasonably Equivalent Value.

Plaintiff also brings a claim under section 24.006 of the Texas Business and Commerce Code yet fails to plead sufficient facts regarding a critical element of its constructive fraudulent transfer claim. That is, Plaintiff must establish that Cornucopia did

not receive a reasonably equivalent value in exchange for the alleged fraudulent transfer from Furie to Mr. Elder. *See* U.S.C. § 548(a)(1)(B)(i) (requiring that the debtor have "received less than a reasonably equivalent value in exchange for such transfer or obligation"); TEX. BUS. & COM. CODE § 24.005(a)(2) and § 24.006(a) (requiring that the debtor "made the transfer . . . without receiving a reasonably equivalent value in exchange for the transfer").

Plaintiff has pled no such facts. *See* Dkt. 288. In fact, Plaintiff makes no mention of whether Cornucopia, or Furie for that matter, received reasonably equivalent value for the transfers made to Mr. Elder. Plaintiff's failure to plausibly plead these elements warrants dismissal. *See Campbell v. Tex. Tea Reclamation, LLC*, No. 3:20-CV-00090, 2021 WL 2211690, at * 6 (S.D. Tex. May 6, 2021), report and recommendation adopted, No. 3:20-CV-90, 2021 WL 2211807 (S.D. Tex. June 1, 2021) (citing *Twombly* and finding that the complaint's mere repetition of "the words 'without receiving reasonably equivalent value' over and over and over does not survive a motion to dismiss under Rule 12(b)(6)."); *In re Cyr*, 602 B.R. 315, 332 (Bankr. W.D. Tex. 2019) (finding that the trustee "failed to properly plead insolvency for purposes of a constructively fraudulent transfer claim . . . [because] [t]he Trustee presented no allegations regarding the value of the Cyrs' debt relative to the value of the Cyrs' assets at the time the transfers were made."). Consequently, Plaintiff's federal and Texas constructive fraudulent transfer claims must be dismissed.

DAVID ELDER'S MOTION TO DISMISS                                                                                                          PAGE 9
LEGAL\70368553\1

## VII. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Mr. Elder should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to state a claim to which relief may be granted. Simply put, Plaintiff failed to meet the high standards of pleading with particularity as to its fraud claims as required by Federal Rule of Civil Procedure 9(b).

Respectfully submitted,

*/s/ Kendall Kelly Hayden*

Kendall Kelly Hayden
Texas Bar No. 24046197
SDTX No. 612873
COZEN O'CONNOR
1717 Main Street, Suite 3100
Dallas, Texas 75201
(214) 462-3000
(214) 462-3299 (Fax)
khayden@cozen.com
And

Julia Gandara Simonet
State Bar No. 24093470
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: 832.214.3941
Facsimile: 832.214.3905
Email: jsimonet@cozen.com

**ATTORNEYS FOR DEFENDANT DAVID ELDER**

## CERTIFICATE OF CONFERENCE

Under the Court Procedures for Hon. Charles R. Eskridge III, ¶ 17 and LR 7.2, on May 2, 2024, my colleague conferred with Plaintiff's counsel, Robert Corn, over the phone, in which the parties discussed the legal and factual positions as to why Plaintiff's claims are subject to dismissal. Plaintiff is opposed to the Rule 12 motion. Mr. Elder believes that Plaintiff has failed to state any claims that can survive a Rule 12 motion and that Mr. Elder's motion should be granted.

_____
Kendall Kelly Hayden

## CERTIFICATE OF COMPLIANCE

Under the Court Procedures for Hon. Charles R. Eskridge III, ¶ 18(c), I certify that this motion contains 2,251 words, except the excluded case caption, signature block, and certificates. It was prepared in Microsoft Word using 13-point typeface. In making this cetificate of compliance, I am relying on the word count provided by the software used to prepare the document.

_____
Kendall Kelly Hayden

## CERTIFICATE OF SERVICE

This is to certify that on the 2nd day of May, 2024, a true and correct copy of the above and foregoing document was served on all counsel of record via ECF in accordance with the Texas Rules of Civil Procedure.

Robert M. Corn
CORN-LAW
3131 Eastside St., Suite 440
Houston, Texas 77098-1947
Telephone: 713-229-0055
Facsimile: 713-229-0057
Email: rcorn@corn-law.com

Of Counsel

AMINI, LLC
Bijan Amini

Avery Samet
Amini LLC
131 West 35th Street, 12th Floor
New York, New York 10001
Telephone: (212) 490-4700
asamet@aminillc.com
*Attorneys for Plaintiff*

                                                       Kendall K. Hayden