# Robert M. Corn
### Attorney At Law

Telephone: 713-229-0055
Facsimile: 713-229-0057

3131 Eastside St., Suite 440
Houston, Texas 77098-1947

Internet: www.corn-law.com
Email: rcorn@corn-law.com

May 3, 2024

**_Via S.D. Tex. CM/ECF_**
**_Via Email: Jennelle_Gonzalez@txs.uscourts.gov_**
Hon. Charles R. Eskridge, III
United States District Court
Southern District of Texas
515 Rusk Street, Room 8607
Houston, Texas 77002

Re:   Civil Action No. 4:21-cv-02698 – *Clingman & Hanger Management Associates, LLC v. Rieck, et al.* – In the United States District Court for the Southern District of Texas, Houston Division.

Dear Judge Eskridge:

We represent the Plaintiff Clingman & Hanger Management Associates, LLC. We write concerning yesterday's filing by Defendant Stone Pigman Walther Wittman, LLC ("Stone Pigman") of a motion to dismiss the Second Amended Complaint pursuant to rule 12(b)(6). [Dkt 294]. We do not believe this is what the Court intended by its March 22, 2024 decision granting Plaintiff leave to file the Second Amended Complaint [Dkt 286], and we think this is waste of everyone's time in this three year old proceeding.

Without debating the merits of the motion, we respectfully ask the Court to direct Stone Pigman to answer the Second Amended Complaint and proceed with discovery. The Court should either strike the motion or hold it in abeyance until summary judgment. In the alternative, we ask for a conference in the near term to address how to proceed in this action.

The defendants have filed numerous case dispositive motions and each filed opposition briefs to last year's motion to amend. Stone Pigman, in particular, opposed the amendment on futility grounds [Dkt 244], which as the Court is aware, carries the same standard as Rule 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). The Court has carefully reviewed those arguments and has outlined in great detail its view of the Plaintiff's allegations. [Dkt 213 and 286].

Hon. Charles R. Eskridge, III
May 3, 2024
Page 2

There is no allegation in the Second Amended Complaint that could not have been addressed in opposition to the motion to amend, [Dkt 229], last year.[1]  Further, the Court has explicitly held that the transfers sought to be avoided are the same as those asserted in the previous Complaints.  [*See* Dkt 286 at 6-7].  Further still, Stone Pigman's current motion includes arguments that it had previously asserted in yet earlier Rule 12 motions.  In any event, it is unfair to the Plaintiff and to the Court to address these arguments in seriatim, whack-a-mole style.  *See e.g.* Fed. R. C. P. 12(g)(2).

More importantly, this case needs to proceed.  It is time for Plaintiff to know what facts Stone Pigman admits or denies, what affirmative defense they intend to assert, and what evidence exists.  Stone Pigman previously took the position that they need not complete discovery, including document discovery, until the Court has ruled on the Rule 12 motions, and to that end has only produced minimal documentation since their initial disclosures, and no documents since May 2022.

Thus, we respectfully request that the Court dispose of the motion as outlined above or schedule a conference in the near term to address these issues.

                              Respectfully,

                              *s/Robert M. Corn*
                              Robert M. Corn

                              *s/Avery Samet*
                              Avery Samet

RMC/001
127.001/ 2024-05-03 Eskridge Ltr

cc:      All counsel (Via S.D. Tex. CM/ECF)

---

[1] Indeed, pursuant to the Court's directive, Plaintiff provided Stone Pigman with a redlined version of the proposed second amended complaint before filing and made numerous changes requested by Stone Pigman to the proposed draft until it satisfied Stone Pigman that the draft complied with the Court's decision.