IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, AS TRUSTEE OF THE FURIE LITIGATION TRUST, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-02698 |
| | § | JURY DEMANDED |
| KAY RIECK, LARS DEGENHARDT THEODOR VAN STEPHOUDT, DAVID HRYCK, REED SMITH LLP, THOMAS E. HORD, MICHAEL ANTHONY NUNES, STONE PIGMAN WALTHER WITTMAN LLC, IN ITS OWN CAPACITY AND AS SUCCESSOR BY MERGER TO COGAN & PARTNERS LLP, DAVID ELDER, BRUCE GANER, SIERRA PINE RESOURCES INTERNATIONAL, INC. AND HELENA ENERGY, LLC, | § § § § § § § § § § § § § § | |
| *Defendants*. | § | |

## BRUCE GANER AND SIERRA PINE RESOURCES INTERNATIONAL, INC.S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Bruce Ganer and Sierra Pine Resources International, Inc. (collectively "SPRI Parties") file this Original Answer to Plaintiff's Second Amended Complaint (Doc. 288). Any allegations or inferences in the Second Amended Complaint that are not expressly admitted are denied. The admissions and denials made by the SPRI Parties are

based on their best knowledge, information, and belief at this time. The SPRI Parties reserve the right to amend this Answer and their defenses as discovery unfolds.

## THE SPRI PARTIES RESPONSE TO PLAINTIFF'S ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

1.      The SPRI Parties admit that Cornucopia Oil and Gas, LLC was owned by Furie Operating Alaska, LLC. The SPRI Parties deny they were officers or control parties of Cornucopia Oil and Gas, LLC or Furie Operating Alaska, LLC. The SPRI Parties are without sufficient information to admit or deny the remaining allegations in paragraph 1 and therefore deny.

2.      The SPRI Parties deny the allegations contained in paragraph 2 of the Second Amended Complaint.

3.      The SPRI Parties admit that Plaintiff seeks the relief as stated in paragraph 3 but deny that Plaintiff is entitled to such relief.

4.      The SPRI Parties admit the allegations contained in paragraph 4 of the Second Amended Complaint.

5.      The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 5 of the Second Amended Complaint, and therefore deny.

6.      The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 6 of the Second Amended Complaint, and therefore deny.

7.      The SPRI Parties admit the allegations contained in paragraph 7 of the Second Amended Complaint.

8.      The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 8 of the Second Amended Complaint, and therefore deny.

9.      The SPRI Parties admit that Kay Rieck is a German national who, to their knowledge, resides in Dubai, United Arab Emirates. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 9 of the Second Amended Complaint, and therefore deny.

10.     The SPRI Parties admit that Kay Rieck is a foreign individual who has engaged in business in Texas. The SPRI Parties also admit that Kay Rieck travelled to Houston to meet people. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 9 of the Second Amended Complaint, and therefore deny.

11.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 11 of the Second Amended Complaint, and therefore deny.

12.     The SPRI Parties admit that Lars Degenhardt is a foreign individual who has engaged in business in Texas. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 12 of the Second Amended Complaint, and therefore deny.

13.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 13 of the Second Amended Complaint, and therefore deny.

14.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 14 of the Second Amended Complaint, and therefore deny.

15.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 15 of the Second Amended Complaint, and therefore deny.

16.     The SPRI Parties admit that Reed Smith is a law firm that engages in business in Texas, including offices in Dallas, Austin, and Houston. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 16 of the Second Amended Complaint, and therefore deny.

17.      The SPRI Parties admit that David Hryck was a partner at Reed Smith. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 16 of the Second Amended Complaint, and therefore deny.

18.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 18 of the Second Amended Complaint, and therefore deny.

19.     The SPRI Parties admit that Thomas Hord was the COO for Furie. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 19 of the Second Amended Complaint, and therefore deny.

20.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 20 of the Second Amended Complaint, and therefore deny.

21.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 21 of the Second Amended Complaint, and therefore deny.

22.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 22 of the Second Amended Complaint, and therefore deny.

23.     The SPRI Parties admit that Stone Pigman Walther Wittman LLC is Louisiana law firm that is engaged in business in Texas, including having an office in

Houston. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 23 of the Second Amended Complaint, and therefore deny.

24.     The SPRI Parties admit that David Elder was the CFO for Furie. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 24 of the Second Amended Complaint, and therefore deny.

25.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 25 of the Second Amended Complaint, and therefore deny.

26.     The SPRI Parties admit that Bruce Ganer is the owner and manager of SPRI. The SPRI Parties deny that Bruce Ganer served as Furie or Cornucopia's internal geologist. The SPRI Parties deny that Bruce Ganer served in a formal role such as "Chief Technical Adviser" but admit that he was a technical advisor to Kay Rieck as an independent contractor. The SPRI Parties further deny that Bruce Ganer gave instructions to Furie or Cornucopia employees or consultants. The SPRI Parties further deny that Bruce Ganer oversaw Furie or Cornucopia's strategic decisions. The SPRI Parties deny that Bruce Ganer was Furie and Cornucopia's internal lead geologist, but lack sufficient information to admit or deny the allegations concerning how Furie or Cornucopia referred to him to third parties. The SPRI Parties admit that Bruce Ganer resides in Harris County.

27.     The SPRI Parties admit the allegations contained in paragraph 27 of the Second Amended Complaint.

28.     The SPRI Parties admit the allegations contained in paragraph 28 of the Second Amended Complaint.

29.     The SPRI Parties admit that Helena Energy has been engaged in oil production in Southwest Texas. The SPRI Parties deny that Bruce Ganer has or was employed by Helena Energy. The SPRI Parties further deny that Helena Energy has employed Bruce Ganer as a geologist or operator. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 29 of the Second Amended Complaint, and therefore deny.

30.     The SPRI Parties admit that the Court has jurisdiction over this action.

31.     The SPRI Parties admit that venue is proper. The SPRI Parties admit that Bruce Ganer resides in Harris County, Texas. The SPRI Parties also admit that SPRI's principal office was in Harris County, Texas. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 31 of the Second Amended Complaint, and therefore deny.

32.     The SPRI Parties admit that Plaintiff seeks the relief as stated in paragraph 32 but deny that Plaintiff is entitled to such relief.

33.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 33 of the Second Amended Complaint, and therefore deny.

34.     The SPRI Parties deny that they assisted Rieck in any improper enterprise. The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 34 of the Second Amended Complaint, and therefore deny.

35.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 35 of the Second Amended Complaint, and therefore deny.

36.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 36 of the Second Amended Complaint, and therefore deny.

37.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 37 of the Second Amended Complaint, and therefore deny.

38.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 38 of the Second Amended Complaint, and therefore deny.

39.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 39 of the Second Amended Complaint, and therefore deny.

40.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 40 of the Second Amended Complaint, and therefore deny.

41.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 41 of the Second Amended Complaint, and therefore deny.

42.     The SPRI Parties admit that SPRI worked as an operator for Helena. The SPRI Parties deny the remaining allegations contained in paragraph 42.

43.     The SPRI Parties admit that the State of Alaska designated an area located in the Cook Inlet and leased gas drilling rights to Furie. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 43 of the Second Amended Complaint, and therefore deny.

44.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 44 of the Second Amended Complaint, and therefore deny.

45.     The SPRI Parties admit that at some point, Furie drilled a third well, but the SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 31 of the Second Amended Complaint, and therefore deny.

46.     The SPRI Parties admit that at some point after the third well, Furie contracted with SPRI to provide reserve work. The SPRI Parties deny the remaining allegations contained in paragraph 46 of the Second Amended Complaint.

47.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 47 of the Second Amended Complaint, and therefore deny.

48.     The SPRI Parties state that any such report speaks for itself. Otherwise, the SPRI Parties deny the allegations contained in paragraph 48 of the Second Amended Complaint.

49.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 49 of the Second Amended Complaint, and therefore deny.

50.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 50 of the Second Amended Complaint, and therefore deny.

51.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 51 of the Second Amended Complaint, and therefore deny.

52.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 52 of the Second Amended Complaint, and therefore deny.

53.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 53 of the Second Amended Complaint, and therefore deny.

54.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 54 of the Second Amended Complaint, and therefore deny.

55.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 55 of the Second Amended Complaint, and therefore deny.

56.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 56 of the Second Amended Complaint, and therefore deny.

57.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 57 of the Second Amended Complaint, and therefore deny.

58.     The SPRI Parties deny that Bruce Ganer was paid by either Furie or Cornucopia through any account. The SPRI Parties further deny that any payments to SPRI were for the benefit of Bruce Ganer or otherwise represented payments to Bruce Ganer. The SPRI Parties admit that SPRI was paid for services it provided. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 58 of the Second Amended Complaint, and therefore deny.

59.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 59 of the Second Amended Complaint, and therefore deny.

60.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 60 of the Second Amended Complaint, and therefore deny.

61.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 61 of the Second Amended Complaint, and therefore deny.

62.     The SPRI Parties deny they were "insiders" or otherwise involved in the operating of the Furie or Cornucopia. The SPRI Parties also deny participating in any

"insider transactions" or diverting any value to themselves. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 62 of the Second Amended Complaint, and therefore deny.

63.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 63 of the Second Amended Complaint, and therefore deny.

64.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 64 of the Second Amended Complaint, and therefore deny.

65.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 65 of the Second Amended Complaint, and therefore deny.

66.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 66 of the Second Amended Complaint, and therefore deny.

67.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 67 of the Second Amended Complaint, and therefore deny.

68.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 68 of the Second Amended Complaint, and therefore deny.

69.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 69 of the Second Amended Complaint, and therefore deny.

70.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 70 of the Second Amended Complaint, and therefore deny.

71.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 71 of the Second Amended Complaint, and therefore deny.

72.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 72 of the Second Amended Complaint, and therefore deny.

73.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 73 of the Second Amended Complaint, and therefore deny.

74.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 74 of the Second Amended Complaint, and therefore deny.

75.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 75 of the Second Amended Complaint, and therefore deny.

76.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 76 of the Second Amended Complaint, and therefore deny.

77.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 77 of the Second Amended Complaint, and therefore deny.

78.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 78 of the Second Amended Complaint, and therefore deny.

79.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 79 of the Second Amended Complaint, and therefore deny.

80.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 80 of the Second Amended Complaint, and therefore deny.

81.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 81 of the Second Amended Complaint, and therefore deny.

82.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 82 of the Second Amended Complaint, and therefore deny.

83.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 83 of the Second Amended Complaint, and therefore deny.

84.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 84 of the Second Amended Complaint, and therefore deny.

85.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 85 of the Second Amended Complaint, and therefore deny.

86.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 86 of the Second Amended Complaint, and therefore deny.

87.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 87 of the Second Amended Complaint, and therefore deny.

88.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 88 of the Second Amended Complaint, and therefore deny.

89.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 89 of the Second Amended Complaint, and therefore deny.

90.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 90 of the Second Amended Complaint, and therefore deny.

91.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 91 of the Second Amended Complaint, and therefore deny.

92.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 92 of the Second Amended Complaint, and therefore deny.

93.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 93 of the Second Amended Complaint, and therefore deny.

94.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 94 of the Second Amended Complaint, and therefore deny.

95.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 95 of the Second Amended Complaint, and therefore deny.

96.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 96 of the Second Amended Complaint, and therefore deny.

97.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 97 of the Second Amended Complaint, and therefore deny.

98.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 98 of the Second Amended Complaint, and therefore deny.

99.     The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 99 of the Second Amended Complaint, and therefore deny.

100.    The SPRI Parties deny that Bruce Ganer served as Helena's project manager and operator for Helena's wells in Dimmit County. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 100 of the Second Amended Complaint, and therefore deny.

101.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 101 of the Second Amended Complaint, and therefore deny.

102.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 102 of the Second Amended Complaint, and therefore deny.

103.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 103 of the Second Amended Complaint, and therefore deny.

104.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 104 of the Second Amended Complaint, and therefore deny.

105.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 105 of the Second Amended Complaint, and therefore deny.

106.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 106 of the Second Amended Complaint, and therefore deny.

107.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 107 of the Second Amended Complaint, and therefore deny.

108.    The SPRI Parties deny the allegations contained in paragraph 108 of the Second Amended Complaint.

109.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 109 of the Second Amended Complaint, and therefore deny.

110.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 110 of the Second Amended Complaint, and therefore deny.

111.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 111 of the Second Amended Complaint, and therefore deny.

112.    The SPRI Parties deny the allegations contained in paragraph 112 of the Second Amended Complaint.

113.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 113 of the Second Amended Complaint, and therefore deny.

114.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 114 of the Second Amended Complaint, and therefore deny.

115.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 115 of the Second Amended Complaint, and therefore deny.

116.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 116 of the Second Amended Complaint, and therefore deny.

117.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 117 of the Second Amended Complaint, and therefore deny.

118.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 118 of the Second Amended Complaint, and therefore deny.

119.    The SPRI Parties deny the allegations contained in paragraph 119 of the Second Amended Complaint.

120.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 120 of the Second Amended Complaint, and therefore deny.

121.    The SPRI Parties deny the allegations contained in paragraph 121 of the Second Amended Complaint.

122.    The SPRI Parties deny the inference that Bruce Ganer manipulated, hid, or inflated any reports. The SPRI Parties lack sufficient information to admit or deny the remaiing allegations contained in paragraph 122 of the Second Amended Complaint, and therefore deny.

123.    The SPRI Parties deny the allegations contained in paragraph 123 of the Second Amended Complaint.

124.    The SPRI Parties state any such written communication speaks for itself, but otherwise deny the allegations contained in paragraph 124 of the Second Amended Complaint.

125.    The SPRI Parties deny the allegations contained in paragraph 125 of the Second Amended Complaint.

126.    The SPRI Parties deny the allegations contained in paragraph 126 of the Second Amended Complaint.

127.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 127 of the Second Amended Complaint, and therefore deny.

128.    The SPRI Parties deny the allegations contained in paragraph 128 of the Second Amended Complaint.

129.    The SPRI Parties state any such written communication speaks for itself, but otherwise deny the allegations contained in paragraph 129 of the Second Amended Complaint.

130.    The SPRI Parties deny the allegations contained in paragraph 130 of the Second Amended Complaint.

131.    The SPRI Parties deny the allegations contained in paragraph 131 of the Second Amended Complaint.

132.    The SPRI Parties deny the allegations contained in paragraph 132 of the Second Amended Complaint.

133.    The SPRI Parties deny the allegations contained in paragraph 133 of the Second Amended Complaint.

134.    The SPRI Parties deny the allegations contained in paragraph 134 of the Second Amended Complaint.

135.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 135 of the Second Amended Complaint, and therefore deny.

136.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 136 of the Second Amended Complaint, and therefore deny.

137.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 137 of the Second Amended Complaint, and therefore deny.

138.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 138 of the Second Amended Complaint, and therefore deny.

139.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 139 of the Second Amended Complaint, and therefore deny.

140.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 140 of the Second Amended Complaint, and therefore deny.

141.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 141 of the Second Amended Complaint, and therefore deny.

142.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 142 of the Second Amended Complaint, and therefore deny.

143.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 143 of the Second Amended Complaint, and therefore deny.

144.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 144 of the Second Amended Complaint, and therefore deny.

145.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 145 of the Second Amended Complaint, and therefore deny.

146.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 146 of the Second Amended Complaint, and therefore deny.

147.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 147 of the Second Amended Complaint, and therefore deny.

148.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 148 of the Second Amended Complaint, and therefore deny.

149.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 149 of the Second Amended Complaint, and therefore deny.

150.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 150 of the Second Amended Complaint, and therefore deny.

151.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 151 of the Second Amended Complaint, and therefore deny.

152.    The SPRI Parties admit that Furie and Cornucopia filed voluntary petitions of bankruptcy relief within two months of June 21, 2019. The SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 152 of the Second Amended Complaint, and therefore deny.

153.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 153 of the Second Amended Complaint, and therefore deny.

154.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 154 of the Second Amended Complaint, and therefore deny.

155.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 155 of the Second Amended Complaint, and therefore deny.

156.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 156 of the Second Amended Complaint, and therefore deny.

157.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 157 of the Second Amended Complaint, and therefore deny.

158.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 158 of the Second Amended Complaint, and therefore deny.

159.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 159 of the Second Amended Complaint, and therefore deny.

160.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 160 of the Second Amended Complaint, and therefore deny.

161.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 161 of the Second Amended Complaint, and therefore deny.

162.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 162 of the Second Amended Complaint, and therefore deny.

163.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 163 of the Second Amended Complaint, and therefore deny.

164.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 164 of the Second Amended Complaint, and therefore deny.

165.    Plaintiff makes no factual allegations in paragraph 165 of the Second Amended Complaint and thus, it does not require a response. Because paragraph 165 of

the Second Amended Complaint incorporates the prior paragraphs, to the extent applicable, the SPRI Parties incorporate their answers to each paragraph of the Second Amended Complaint.

166.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 166 of the Second Amended Complaint, and therefore deny.

167.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 167 of the Second Amended Complaint, and therefore deny.

168.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 168 of the Second Amended Complaint, and therefore deny.

169.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 169 of the Second Amended Complaint, and therefore deny.

170.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 170 of the Second Amended Complaint, and therefore deny.

171.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 171 of the Second Amended Complaint, and therefore deny.

172.    Plaintiff makes no factual allegations in paragraph 172 of the Second Amended Complaint and thus, it does not require a response. Because paragraph 172 of the Second Amended Complaint incorporates the prior paragraphs, to the extent applicable, the SPRI Parties incorporate their answers to each paragraph of the Second Amended Complaint.

173.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 173 of the Second Amended Complaint, and therefore deny.

174.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 174 of the Second Amended Complaint, and therefore deny.

175.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 175 of the Second Amended Complaint, and therefore deny.

176.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 176 of the Second Amended Complaint, and therefore deny.

177.    Plaintiff makes no factual allegations in paragraph 177 of the Second Amended Complaint and thus, it does not require a response. Because paragraph 177 of the Second Amended Complaint incorporates the prior paragraphs, to the extent applicable, the SPRI Parties incorporate their answers to each paragraph of the Second Amended Complaint.

178.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 178 of the Second Amended Complaint, and therefore deny.

179.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 179 of the Second Amended Complaint, and therefore deny.

180.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 180 of the Second Amended Complaint, and therefore deny.

181.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 181 of the Second Amended Complaint, and therefore deny.

182.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 182 of the Second Amended Complaint, and therefore deny.

183.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 183 of the Second Amended Complaint, and therefore deny.

184.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 184 of the Second Amended Complaint, and therefore deny.

185.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 185 of the Second Amended Complaint, and therefore deny.

186.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 186 of the Second Amended Complaint, and therefore deny.

187.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 187 of the Second Amended Complaint, and therefore deny.

188.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 188 of the Second Amended Complaint, and therefore deny.

189.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 189 of the Second Amended Complaint, and therefore deny.

190.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 190 of the Second Amended Complaint, and therefore deny.

191.    Plaintiff makes no factual allegations in paragraph 191 of the Second Amended Complaint and thus, it does not require a response. Because paragraph 191 of the Second Amended Complaint incorporates the prior paragraphs, to the extent applicable, the SPRI Parties incorporate their answers to each paragraph of the Second Amended Complaint.

192.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 192 of the Second Amended Complaint, and therefore deny.

193.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 193 of the Second Amended Complaint, and therefore deny.

194.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 194 of the Second Amended Complaint, and therefore deny.

195.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 195 of the Second Amended Complaint, and therefore deny.

196.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 196 of the Second Amended Complaint, and therefore deny.

197.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 197 of the Second Amended Complaint, and therefore deny.

198.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 198 of the Second Amended Complaint, and therefore deny.

199.    Plaintiff makes no factual allegations in paragraph 199 of the Second Amended Complaint and thus, it does not require a response. Because paragraph 199 of the Second Amended Complaint incorporates the prior paragraphs, to the extent applicable, the SPRI Parties incorporate their answers to each paragraph of the Second Amended Complaint.

200.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 200 of the Second Amended Complaint, and therefore deny.

201.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 201 of the Second Amended Complaint, and therefore deny.

202.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 202 of the Second Amended Complaint, and therefore deny.

203.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 203 of the Second Amended Complaint, and therefore deny.

204.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 204 of the Second Amended Complaint, and therefore deny.

205.    Plaintiff makes no factual allegations in paragraph 205 of the Second Amended Complaint and thus, it does not require a response. Because paragraph 205 of the Second Amended Complaint incorporates the prior paragraphs, to the extent applicable, the SPRI Parties incorporate their answers to each paragraph of the Second Amended Complaint.

206.    The SPRI Parties deny the allegations contained in paragraph 206 of the Second Amended Complaint as they relate to the SPRI Parties. Otherwise, the SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 206 of the Second Amended Complaint, and therefore deny.

207.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 207 of the Second Amended Complaint, and therefore deny.

208.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 208 of the Second Amended Complaint, and therefore deny.

209.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 209 of the Second Amended Complaint, and therefore deny.

210.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 210 of the Second Amended Complaint, and therefore deny.

211.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 211 of the Second Amended Complaint, and therefore deny.

212.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 212 of the Second Amended Complaint, and therefore deny.

213.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 213 of the Second Amended Complaint, and therefore deny.

214.    The SPRI Parties admit SPRI was paid compensation for services it performed. The SPRI Parties deny the remaining allegations contained in paragraph 214 of the Second Amended Complaint, and therefore deny.

215.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 215 of the Second Amended Complaint, and therefore deny.

216.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 216 of the Second Amended Complaint, and therefore deny.

217.    The SPRI Parties deny the allegations contained in paragraph 217 of the Second Amended Complaint.

218.    The SPRI Parties deny the allegations contained in paragraph 218 of the Second Amended Complaint.

219.   The SPRI Parties deny the allegations contained in paragraph 219 of the Second Amended Complaint.

220.   Plaintiff makes no factual allegations in paragraph 220 of the Second Amended Complaint and thus, it does not require a response. Because paragraph 220 of the Second Amended Complaint incorporates the prior paragraphs, to the extent applicable, the SPRI Parties incorporate their answers to each paragraph of the Second Amended Complaint.

221.   The SPRI Parties deny the allegations contained in paragraph 221 of the Second Amended Complaint as they relate to the SPRI Parties. Otherwise, the SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 221 of the Second Amended Complaint, and therefore deny.

222.   The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 222 of the Second Amended Complaint, and therefore deny.

223.   The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 223 of the Second Amended Complaint, and therefore deny.

224.   The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 224 of the Second Amended Complaint, and therefore deny.

225.   The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 225 of the Second Amended Complaint, and therefore deny.

226.   The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 226 of the Second Amended Complaint, and therefore deny.

227.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 227 of the Second Amended Complaint, and therefore deny.

228.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 228 of the Second Amended Complaint, and therefore deny.

229.    The SPRI Parties admit SPRI was paid compensation for services it performed. The SPRI Parties deny the remaining allegations contained in paragraph 229 of the Second Amended Complaint, and therefore deny.

230.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 230 of the Second Amended Complaint, and therefore deny.

231.    The SPRI Parties lack sufficient information to admit or deny the allegations contained in paragraph 231 of the Second Amended Complaint, and therefore deny.

232.    The SPRI Parties deny the allegations contained in paragraph 232 of the Second Amended Complaint.

233.    The SPRI Parties deny the allegations contained in paragraph 233 of the Second Amended Complaint.

234.    The SPRI Parties deny the allegations contained in paragraph 234 of the Second Amended Complaint as they relate to the SPRI Parties. Otherwise, the SPRI Parties lack sufficient information to admit or deny the remaining allegations contained in paragraph 234 of the Second Amended Complaint, and therefore deny.

235.    The SPRI Parties deny the allegations contained in paragraph 235 of the Second Amended Complaint.

236.    The SPRI Parties deny the allegations contained in paragraph 236 of the Second Amended Complaint.

237.    The SPRI Parties deny the allegations contained in paragraph 237 of the Second Amended Complaint.

238.    The SPRI Parties admit Plaintiff has demanded a jury trial.

239.    The unnumbered paragraph for the "prayer" of the Second Amended Complaint does not contain factual allegations that require the SPRI Parties to answer. However, the SPRI Parties deny Plaintiff is entitled to relief it seeks from the SPRI Parties.

### THE SPRI PARTIES' AFFIRMATIVE DEFENSES

240.    Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

241.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, statute of repose, and/or laches. The SPRI Parties incorporate by reference their previous motion to dismiss and related briefing regarding same.

242.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

243.    To the extent necessary, the SPRI Parties can show that any amounts claimed as the basis for Plaintiff's claims against them were taken in good faith and for a reasonably equivalent value.

244.    Although the SPRI Parties deny any damage or injury to Plaintiff, to the extent any such damage or injury exists, it was caused, in whole or in part, by the intervening or superseding acts or omissions of other persons or entities over whom the

SPRI Parties had no control, or by circumstances over which the SPRI Parties had no control.

245.   Although the SPRI Parties deny any damage or injury to Plaintiff, to the extent any such damage or injury exists, the SPRI Parties are entitled to offsets and credit including but not limited to credit for any settlements entered into by other persons or entities.

246.   Plaintiff's claims are barred, in whole or in part, because the SPRI Parties are not liable for any percentage of damages caused by Plaintiff's failure to mitigate its damages.

247.   The SPRI Parties additional adopt and incorporate by reference all affirmative defenses or avoidances filed in this case by any other defendants.

248.   The SPRI Parties reserve the right to assert additional defenses as they may become apparent through further investigation and discovery. To the extent that the law does not require the SPRI Parties to affirmatively plead any specific defense, the SPRI Parties reserve the right to present such defense without first pleading it.

249.   To the extent necessary, the SPRI Parties respectfully request and demand a jury trial.

## REQUEST FOR RELIEF

The SPRI Parties respectfully request that this Court dismiss Plaintiff's causes of action with prejudice, that Plaintiff take nothing by reason of its suit, that the SPRI Parties are awarded such other and further relief, both general and specific, to which it may be are entitled.

Dated: May 16, 2024.

Respectfully submitted,

**ROTHBERG SHURLEFF DANG PLLC**

_____

**Timothy A. Rothberg** (attorney in charge)
Texas State Bar No.: 24060525
Federal ID No. 896571
trothberg@rothberg.law
**Crystal T. Dang**
State Bar No. 24097566
cdang@rothberg.law
4309 Yoakum Blvd.
Houston, Texas 77006
Telephone: (713) 424-0720

**ATTORNEYS FOR DEFENDANTS
BRUCE GANER AND SIERRA PINE
RESOURCES INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, as follows, and in accordance with the Federal Rules of Civil Procedure, on this the 16th day of May 2024 through the ECF System.

_____

Timothy A. Rothberg