UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC, AS TRUSTEE OF THE FURIE LITIGATION TRUST, | § § § § § | CIVIL ACTION NO. 4:21-cv-02698 |
| *Plaintiff*, | § § | |
| | § | JUDGE CHARLES ESKRIDGE |
| v. | § § | |
| KAY RIECK, ET AL., | § § § | |
| *Defendants*. | § | |

## DEFENDANT STONE PIGMAN WALTHER WITTMANN L.L.C.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE CHARLES R. ESKRIDGE III, UNITED STATES DISTRICT JUDGE:

Defendant Stone Pigman Walther Wittmann L.L.C. ("Stone Pigman") respectfully files this answer to Plaintiff's 58-page, 238-paragraph Second Amended Complaint (Dkt. 288) ("Complaint") consisting of eighteen counts (only two of which – counts Sixteen and Seventeen – apply to Stone Pigman) and five exhibits (only one of which – Exhibit D (Dkt. 288-4) – applies to Stone Pigman). Most of the Complaint refers to persons, entities, and alleged events before Stone Pigman had any involvement with Furie Operating Alaska, LLC ("Furie") and Cornucopia Oil and Gas, LLC ("Cornucopia") starting in 2017. Stone Pigman responds to the allegations in the Complaint as follows:

1. Stone Pigman denies that it is or ever was an officer, manager, or control party of Cornucopia, Furie, or their respective affiliates and is without knowledge or information sufficient to respond to the balance of ¶ 1, which does not refer to Stone

Pigman. To the extent a further response is required, the allegations in ¶ 1 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

2. Stone Pigman is without knowledge or information sufficient to respond to ¶ 2, which does not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶ 2 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

3. To the extent that ¶ 3 applies to Stone Pigman, the allegations are denied and do not entitle Plaintiff to any relief against Stone Pigman.

4. Stone Pigman admits that Plaintiff is the Trustee of the referenced litigation trust.

5–20. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 5–20, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 5–20 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

21–22. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 21–22, other than to admit that Nunes was at various times partially seconded to Furie. To the extent a further response is required, the allegations in ¶¶ 21–22 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

23. Stone Pigman denies that it is a "professional limited liability company" and that "[a]t all times material to this action, Stone Pigman was registered to transact business in Texas." Stone Pigman is a limited liability company and became eligible to transact business in Texas on January 1, 2017. Stone Pigman admits the remaining allegations in ¶

23, but states that 1001 McKinney, Suite 1600, Houston, Texas 77002 is not a current address for Stone Pigman.

24–29.  Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 24–29, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 24–29 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

30.  Stone Pigman admits that this Court has jurisdiction.

31.  Stone Pigman admits that venue is proper in this Court.

32.  Stone Pigman denies that TEX. R. CIV. P. 47 applies in this case and denies that Plaintiff is entitled to any relief against Stone Pigman.

33–34.  Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 33–34, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 33–34 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

35. Stone Pigman denies the allegations of ¶ 35, in part, because the paragraph is an overly broad group pleading and does not specify which actors allegedly did what. To the extent a further response is required, Stone Pigman denies ¶ 35.

36–37. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 36–37, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 36–37 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

38–39. Stone Pigman is without knowledge or information sufficient to respond

to the scope of any alleged representation by Michael Anthony Nunes ("Nunes") based on his secondment to Furie and Cornucopia before he became a member of Stone Pigman in 2017. After Nunes joined Stone Pigman, Nunes provided legal services and incurred expenses. Stone Pigman is without knowledge or information sufficient to respond to the remaining allegations in ¶¶ 38–39. To the extent a further response is required, the allegations in ¶¶ 38–39 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

40–58. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 40–58, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 40–58 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

59. Stone Pigman admits that Furie – not Cornucopia – transferred $37,000 on February 6, 2017 and $25,000 on February 24, 2017 to a Stone Pigman account. Stone Pigman admits that Furie – not Cornucopia – transferred a total of $843,128.74[1] between January 2017 and October 2018 to a Stone Pigman account. Stone Pigman did not receive any payments from Cornucopia. Stone Pigman further admits that it received from Furie – not Cornucopia – the amounts identified on Exhibit D on or about the dates identified in the same, but was a mere conduit for $621,670.00 of the above amount which passed directly to Nunes. Stone Pigman is without knowledge or information sufficient to respond to the allegation that "Cornucopia transferred $1.325 million" into a Furie account. To the

---

[1] Stone Pigman received $843,045.31 "between January 2017 and June 2018" and $83.43 in October 2018 for a total of $843,128.74.

**DEFENDANT STONE PIGMAN WALTHER WITTMANN L.L.C.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT – PAGE 4**

extent a further response is required, the allegations in ¶ 59 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

60. Stone Pigman is without knowledge or information sufficient to respond to ¶ 60, which does not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶ 60 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

61–62. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 61–62, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 61–62 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

63–94. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 63–94, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 63–94 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

95–101. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 95–101, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 95–101 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

102–107. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 102–107, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 102–107 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

108–110. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 108–110, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 108–110 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

111. Stone Pigman admits that Furie compensated it for legal services. Stone Pigman also admits that Nunes was paid for legal services he provided. Stone Pigman is without knowledge or information sufficient to respond to the other allegations in ¶ 111 which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶ 111 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

112–140. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 112–140, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 112–140 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

141–148. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 141–148, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 141–148 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

149–153. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 149–153, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 149–153 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

154. The Agreement speaks for itself.

155. The Agreement speaks for itself. The remaining allegations in ¶ 155 are denied.

156. Stone Pigman admits Nunes sent Furie a Stone Pigman engagement letter.

157. Denied

158. Denied.

159. Stone Pigman is without knowledge or information sufficient to respond to ¶ 159.

160–162. Nunes's statements speak for themselves but Stone Pigman denies that "Cogan & Partners LLP . . . merged with the Louisiana law firm of Stone Pigman Walther Whittmann (*sic*) LLC" and denies that Stone Pigman and Cogan & Partners LLP ever became a "merged firm." To the extent a further response is required, the allegations in ¶¶ 160–162 are denied and do not entitled Plaintiff to any relief against Stone Pigman.

163. Stone Pigman denies that "Cogan Partners employees transferred to Stone Pigman." Stone Pigman hired employees who worked at Cogan Partners. Stone Pigman admits the remaining allegations in ¶ 163.

164. Stone Pigman denies that Cornucopia paid Stone Pigman. Stone Pigman admits Furie – not Cornucopia – transferred to "Stone Pigman $843,128.74 between January 19, 2017 and June 1, 2018 (with an additional payment of $83.43 made on October 16, 2018)" but $621,670.00 of the above amount passed through Stone Pigman as a mere conduit for Nunes.

165–204. Stone Pigman is without knowledge or information sufficient to

respond to ¶¶ 165–204, which do not refer to Stone Pigman and whether Nunes owed fiduciary duties is a legal conclusion to which no response is required. To the extent a further response is required, the allegations in ¶¶ 165–204 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

205. Plaintiff makes no factual allegations to which a response is required.

206. Stone Pigman admits Plaintiff is seeking to avoid certain transfers. Stone Pigman denies that any transfers to Stone Pigman that Plaintiff seeks to avoid are Cornucopia transfers. Stone Pigman is without knowledge or information sufficient to respond to Plaintiff's allegations regarding funds paid to or loan obligations of Furie or Cornucopia. Stone Pigman denies the remaining factual allegations and legal conclusions in ¶ 206.

207–215. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 207–215, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 207–215 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

216. Stone Pigman is unclear regarding the "above-described transfers" to which Plaintiff is referring. To the extent a further response is required, the allegations in ¶ 216 are denied.

217. Denied.

218. Denied.

219. Denied.

220. Plaintiff makes no factual allegations to which a response is required.

221. Stone Pigman admits Plaintiff is seeking to avoid certain transfers. Stone Pigman denies that any transfers to Stone Pigman that Plaintiff seeks to avoid are Cornucopia transfers. Stone Pigman is without knowledge or information sufficient to respond to Plaintiff's allegations regarding funds paid to or loan obligations of Furie or Cornucopia. Stone Pigman denies the remaining factual allegations and legal conclusions in ¶ 221.

222–230. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 222–230, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 222–230 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

231. Stone Pigman is unclear regarding the "above-described transfers" to which Plaintiff is referring. To the extent a further response is required, the allegations in ¶ 231 are denied.

232. Denied.

233. Denied.

234-236. Stone Pigman is without knowledge or information sufficient to respond to ¶¶ 234–236, which do not refer to Stone Pigman. To the extent a further response is required, the allegations in ¶¶ 234–236 are denied and do not entitle Plaintiff to any relief against Stone Pigman.

237. Denied

238. Stone Pigman denies that Tex. R. Civ. P. 216 applies to this matter. Stone Pigman otherwise admits Plaintiff has demanded a jury trial.

239. Stone Pigman denies the relief Plaintiff requests in the Prayer, specifically joint and several liability, damages, attorneys' fees and expenses, interest, disgorgement, expert witness fees, costs of court, and any other further relief.

**DEFENSES**

240. To the extent not expressly admitted above, Stone Pigman denies every material allegation in Plaintiff's Complaint and demands strict proof thereof. Without accepting any burdens not otherwise imposed upon Stone Pigman by law, Stone Pigman offers the following additional statement of defenses:

241. Plaintiff fails to state claims for actual fraudulent transfer – count Sixteen – and constructive fraudulent transfer – count Seventeen – under FED. R. CIV. P. 8(a), 9(b), and 12(b)(6) for failure to plausibly plead any transfer from Cornucopia to Stone Pigman.

242. Stone Pigman invokes the limitations on prejudgment and post-judgment interest and exemplary damages, under Chapter 304 of the Texas Finance Code, Chapter 41 of the Texas Civil Practice and Remedies Code, and any other applicable statute or common-law rule.

243. Even if Stone Pigman is found liable – which it should not be – Plaintiff cannot recover much of its requested relief under Texas or other applicable law based on the facts at issue, including punitive damages, attorneys' fees, expert fees, or other litigation costs or expenses

244. If necessary, Stone Pigman can show that any amounts Plaintiff claims were fraudulently transferred under the Bankruptcy Code or Texas Uniform Fraudulent Transfer Act were taken in good faith, without knowledge of the voidability of the transfer avoided,

and for reasonably equivalent value. *See* 11 U.S.C. § 550(b); TEX. BUS. & COMM. CODE § 24.009(a).

245. Plaintiff's fraudulent transfer allegations fail in whole or in part because Stone Pigman received certain of the transfers identified on Exhibit D as a mere conduit and those transfers passed through to Nunes.

246. Furie and/or Cornucopia released, waived, and/or ratified the actions Plaintiff now complains of.

247. Stone Pigman does not accept the burden of proof on any affirmative defense asserted above unless required by Texas or other applicable law.

248. Stone Pigman reserves the right to assert additional defenses that it may discover through discovery or otherwise.

## CONCLUSION

The Court should dismiss Plaintiff's claims against Stone Pigman with prejudice and grant Stone Pigman such other and further relief to which it is entitled.

Respectfully submitted,

| | |
|---|---|
| */s/ George M. Kryder* | |
| George M. Kryder – *Attorney in Charge* | Patrick W. Mizell |
|   State Bar No. 11742900 |   State Bar No. 14233980 |
|   S.D. Tex Bar No. 14778 |   S.D. Tex Bar No. 36390 |
|   gkryder@velaw.com |   pmizell@velaw.com |
| Matthew W. Moran | VINSON & ELKINS LLP |
|   State Bar No. 24002642 | 845 Texas Ave., Suite 4700 |
|   S.D. Tex Bar No. 24471 | Houston, Texas 77002 |
|   mmoran@velaw.com | Telephone: (713) 758-2222 |
| Jordan W. Leu | |
|   State Bar No. 24070139 | |
|   S.D. Tex Bar No. 1133712 | |
|   jleu@velaw.com | |
| Michael C. Lee | |
|   State Bar No. 24109461 | |
|   mlee@velaw.com | |
| VINSON & ELKINS LLP | |
| 2001 Ross Avenue, Suite 3900 | |
| Dallas, Texas 75201 | |
| Telephone: (214) 220-7700 | |
| Fax: (214) 220-7716 | |

*Attorneys for Defendant Stone Pigman Walther Wittmann L.L.C.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon all counsel of record on May 27, 2024, using the Court's electronic filing system.

                                                        */s/ George M. Kryder*
                                                        George M. Kryder