# Robert M. Corn
### Attorney At Law

Telephone: 713-229-0055
Facsimile: 713-229-0057

3131 Eastside St., Suite 440
Houston, Texas 77098-1947

Internet: www.corn-law.com
Email: rcorn@corn-law.com

May 30, 2024

*Via S.D. Tex. CM/ECF*
*Via Email: Jennelle_Gonzalez@txs.uscourts.gov*
Hon. Charles R. Eskridge, III
United States District Court
Southern District of Texas
515 Rusk Street, Room 8607
Houston, Texas 77002

Re:   Civil Action No. 4:21-cv-02698 – *Clingman & Hanger Management Associates, LLC v. Rieck, et al.* – In the United States District Court for the Southern District of Texas, Houston Division.

Dear Judge Eskridge:

We represent Plaintiff Clingman & Hanger Management Associates, LLC ("Plaintiff") in the above referenced matter. We are responding to a letter that Marcus Hill, counsel for Defendant Thomas Hord ("Hord"), sent on May 24, 2024.

We view Hord's letter as a gambit to avoid discovery now that the Court has granted the motion for leave to amend and directed the case to proceed against Hord. As discussed below, the genesis of Hord's letter is Plaintiff's proposal of a case management order to all defendants following the filing of the Second Amended Complaint.

We will first address Hord's contentions and then briefly report on the other parties' progress on the case management order.

1. **Hord's May 24, 2024 Letter**

Hord suggests that a new scheduling order should not be entered and that instead the Court should sever Hord from the remainder of the case. However, Hord is wrong about the status of discovery and his request to sever is improper.

Discovery commenced in this action on December 1, 2021. Plaintiff substantially completed its document production in May 2022 and served deficiency letters and notices of depositions on the defendants (including Hord) in April and May 2002. On June 1, 2022, Plaintiff submitted a letter to the Court (Dkt. 178) summarizing the state of discovery in advance the June 14th and 15th oral argument days. As reported therein, the parties had exchanged written discovery, and completed some document discovery, but the Defendants were requesting to

Hon. Charles R. Eskridge, III
May 3, 2024
Page 2

adjourn the depositions until after the motions to dismiss. In addition, Plaintiff requested that Defendants produce all their remaining documents by a date certain. On June 14, 2022, after discussion in Court, the Court signed an order encapsulating that "The parties agreed that depositions would commence after ruling on pending motions." (Dkt 186).

Following the conference, Plaintiff repeated its document deficiency demand on defendants (including Hord). Defendants generally took the position that the deficiency issues would need to await the Court's ruling on the motions to dismiss. In furtherance of the same, Hord has produced no documents since March 2022, when he produced just 4 pdf documents totaling just 268 pages.

On March 30, 2023, the Court dismissed the First Amended Complaint, including the claims against Hord, and directed Plaintiff to seek leave to file an amended complaint (Dkt. 213). On March 22, 2024, after full briefing and oral argument, the Court issued a decision clarifying the scope of the claims against Hord and granting Plaintiff leave to amend (Dkt. 286). Plaintiff filed the Second Amended Complaint on April 18, 2024 (Dkt. 288).

Hord, plus several of the remaining defendants, requested an extension to respond to the Complaint, which Plaintiff granted. Promptly thereafter, Plaintiff circulated a proposed scheduling order to all parties. Four defendants provided comments to the proposed schedule.

At this point, and *only* at this point, did Hord take the position that Plaintiff had been dilatory in discovery. It bears repeating that Hord has taken no discovery act in this case since we wrote to him in September 2022.[1] At no point did Hord ask that the Court's June 14 order be abrogated as to him.

Finally, Hord's request to be severed has no bearing on the scheduling issues and Hord identifies no basis for doing so. While we believe that such a request would require a motion under Fed. R. Civ. P. 21, we oppose such a request because the factual basis of the claims against Hord and the remaining defendants are intertwined.

### 2. The Case Management Order

We remain in discussions with other defendants regarding a case management order now that all Defendants have answered. Among the four parties who have responded, there appears to be a limited number of issues where the parties have not yet reached agreement. We believe we can either resolve those issues, or send a joint letter to the Court, by Wednesday of next week outlining the parties' positions so that the Court can rule.

---

[1] At the November 21, 2023 oral argument, Hord raised no concern regarding Plaintiff's allegedly dilatory conduct. Instead, he brought a baseless motion to obtain a settlement agreement with other parties which the Court denied because Hord had not undertaken the procedural steps to bring such a motion. To date, Hord has not done so, and to the extent the throwaway line in his May 24th letter is an attempt to revive this issue, we oppose.

Hon. Charles R. Eskridge, III
May 3, 2024
Page 3

                                        Respectfully,

                                        *s/Robert M. Corn*
                                        Robert M. Corn

                                        *s/Avery Samet*
                                        Avery Samet

RMC/001
127.001/ 2024-05-30 Eskridge Ltr

cc:      All counsel (Via S.D. Tex. CM/ECF)