# Robert M. Corn
### Attorney At Law

Telephone: 713-229-0055
Facsimile: 713-229-0057

3131 Eastside St., Suite 440
Houston, Texas 77098-1947

Internet: www.corn-law.com
Email: rcorn@corn-law.com

June 6, 2024

*Via S.D. Tex. CM/ECF*
*Via Email: Jennelle_Gonzalez@txs.uscourts.gov*
Hon. Charles R. Eskridge, III
United States District Court
Southern District of Texas
515 Rusk Street, Room 8607
Houston, Texas 77002

Re: Civil Action No. 4:21-cv-02698 – *Clingman & Hanger Management Associates, LLC v. Rieck, et al.* – In the United States District Court for the Southern District of Texas, Houston Division.

Dear Judge Eskridge:

We represent Plaintiff Clingman & Hanger Management Associates, LLC ("Plaintiff") in the above referenced matter. In our May 29, 2024 letter, we indicated we were continuing to confer with defendants on a scheduling order and would update the court today or provide a joint letter setting out the parties' positions.[1] We have been unable to reach an agreement on a scheduling order and this joint letter sets out the parties' positions.

Defendants' position is provided by George Kryder, counsel for Stone Pigman Walther Wittman, LLC. The remaining defendants, except Thomas Hord as noted below, have indicated they agree with his position.

1. **Plaintiff's Position**

Plaintiff seeks a discovery schedule containing a date certain by which document productions and depositions of fact witnesses will be completed. We sought but did not receive defendants' agreement on a schedule requiring document production and depositions to be completed within 90 days and expert discovery to take place after fact discovery is completed.

Document discovery remains incomplete with some defendants having produced a small number of documents or none at all. Given the difficulty with discovery to date, firm deadlines for documents and depositions are necessary to ensure defendants promptly participate in discovery and will reduce the need for discovery motion practice.

---

[1] Our May 29 letter stated we would provide a joint letter by June 5, 2024. We apologize for the delay in providing this letter. We delayed sending the letter so defense counsel to provide their position and proposed schedule.

Hon. Charles R. Eskridge, III
June 6, 2024
Page 2

The prior discovery schedules allowed fact and expert discovery to continue at the same time. We strongly urge the court to enter an order requiring document discovery and depositions need to be completed before expert discovery. This will ensure any experts have a known set of facts to work from and sufficient time to produce their opinions.

We previously brought this issue to the Court's attention on June 1, 2022 (Dkt. 178) and at oral argument on the motions to dismiss on June 14, 2022. Transcript of June 14, 2022 Hearing, Dkt. 190, at 4:17-7:12. At that time, we agreed to delay depositions until the motions to dismiss were decided. *Id.*, Dkt. 186.

With the motions resolved and the case narrowed significantly, we again ask that the Court enter a discovery schedule that provides for document discovery and depositions to be completed within 90 days. We have attached a proposed order reflecting our preferred timing.

**2. Defendants' Position**

Defendant Thomas Hord has already provided his position to the Court via letter on May 24, 2024, and takes no position on the schedules provided by Plaintiff and the other Defendants.

The remaining defendants do not agree to a schedule requiring document discovery and depositions to be completed in 90 days. Rather, defendants seek a discovery schedule containing deadlines that are similar to the prior orders entered by the Court. Such a schedule would have a single discovery deadline for both fact and expert discovery.

Defendants note that discovery was on hold – by agreement of all parties – while Defendants' respective motions to dismiss were pending. Discussions concerning discovery have only resumed following the Court's recent orders on those motions to dismiss, which greatly narrowed the issues in the case. For some Defendants, counsel for Plaintiff only proposed email custodians and search terms a few days ago. Production of emails for some Defendants will be months away.

Further, not a single deposition has been scheduled, let alone taken. In short, various Defendants believe it would be impossible to complete all fact discovery within 90 days over the Summer as Plaintiff proposes. Several Defendants have expressed their belief that all discovery reasonably can be completed by January 15, 2025, which would take into account the significant discovery needed by all parties and the logistics of working with the schedule of numerous parties, counsel, and witnesses. Plaintiff's proposed schedule proposes that all discovery be completed approximately 210 days after the Court enters the scheduling order. That date also is in mid-January 2025.

Defendants also believe that the amount of time between deadlines should be similar to that in the existing Third Amended Scheduling Order (ECF. 270 entered August 9, 2023),

Hon. Charles R. Eskridge, III
June 6, 2024
Page 3

particularly including 60 days for opposing expert reports after initial reports are provided and 45-60 days between the deadlines after the close of all discovery.

    Plaintiff proposes a schedule based on the number of days between events after the Court enters the order. The proposed order prepared by Defendant Stone Pigman Walther Wittman L.L.C. ("Stone Pigman") tracks the Court's three previous scheduling orders, which all had a single deadline for the completion of discovery. If the Court entered an order on or about June 14, 2024, the following table shows that the number of days Plaintiff proposes between events would yield very similar deadlines to those Defendants propose – if the parties have a later, more realistic deadline for completing discovery.

| Days Between Plaintiff's Proposed Deadlines after Order Entered | | 90 | 30 | 60 | 30 | 45 | 45 | 45 | |
|---|---|---|---|---|---|---|---|---|---|
| 6/14/2024 | | **9/12/2024** | **10/12/2024** | **12/11/2024** | **1/10/2025** | **2/24/2025** | **4/10/2025** | **5/25/2025** | |
| Total Days | | 90 | 120 | 180 | 210 | 255 | 300 | 345 | |
| | | Fact Discovery Close | Plaintiff Designates Experts | Defendants Designate Experts | Complete Expert Depositions and All Discovery | Motions Deadline | Mediation or Settlement Conference | Joint Pretrial Order | Docket Call |

| Stone Pigman Proposal | *Propose keeping single date for completing all discovery* | Plaintiff Designates Experts | Defendants Designate Experts | Complete All Discovery | Motions Deadline | Mediation or Settlement Conference | Joint Pretrial Order | Docket Call |
|---|---|---|---|---|---|---|---|---|
| | | 10/15/2024 | 12/16/2024 | 1/15/2025 | 3/3/2025 | 4/15/2025 | 5/30/2025 | |

    Respectfully,

    *s/Robert M. Corn*
    Robert M. Corn

    *s/Avery Samet*
    Avery Samet

RMC/001
127.001/ 2024-06-06 Eskridge Ltr

cc:    All counsel (Via S.D. Tex. CM/ECF)