**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **Clingman & Hanger Management** | § | **CIVIL ACTION NO.** |
| **Associates, LLC** | § | **4:21-cv-02698** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **JUDGE CHARLES ESKRIDGE III** |
| **Kay Rieck, et al.** | § | |
| **Defendants** | § | |

**DEFENDANTS HORD'S MOTION TO COMPEL**
**PLAINTIFF CLINGMAN & HANGER MANAGEMENT ASSOCIATES, LLC**
**PARTIAL SETTLEMENT AGREEMENT WITH DEFENDANTS THEODOR**
**VAN STEPHOUDT, DAVID HRYCK, AND REED SMITH LLP**

TO THE HONORABLE JUDGE OF SAID COURT:

"This motion is made following letters written in accordance with your local rules, where Plaintiff Hord made serious attempts to resolve a discovery dispute with the plaintiff. We seek no fees and are not attempting to quash a deposition. Further, as to this disagreement, I as lead counsel for Mr. Hord have communicated both in writing and telephonically and in person and eyeball to eyeball with Mr. Corn, lead counsel for plaintiff." … "Additionally, we have requested, on numerous occasions since last summer, in direct phone calls and in writing the partial settlement documents and still are stone walled by the plaintiff."

- Defendant's Letter to the Court of May 24, 2024.

1

COMES NOW, Defendant, Thomas E. Hord (hereinafter referred to as "Hord"), files this Defendant Hord's Motion to Compel Reed Smith Settlement Agreement, (hereinafter referred to as "the settlement agreement") against Plaintiff Clingman & Hanger Associates, LLC (hereinafter referred to as "Plaintiff") and in support thereof would respectfully show as follows:

## **Basis for the Motion**

**1.** On or about August 9, 2023, The Court entered an Order (DKT 269) Dismissing with Prejudice Defendants Theodor Van Stephoudt, David Hryck, and Reed Smith LLP.  All subject to a 60 day opportunity giving the plaintiff the option as follows, ..."within sixty days to reinstate the claims against these Defendants if approval of documentation or condition precedent fails."

**2.** On or about August 21, 2023, Defendant Hord requested said Settlement Agreement via letter to Plaintiff's counsel and Counsel for Reed Smith and received no response.

**3.** On or about September 1, 2023, Defendant Hord again requested the information contained in the Settlement Agreement. Again, no response.

**4.** On or about September 15, 2023, Defendant Hord served his Requests for Production numbered 19-23 on Plaintiff on Clingman & Hanger Management Associates, LLC requesting certain settlement information and documents including the settlement agreement. (**See Attached Ex. "A").**

**5.** On or about October 23, 2023, Plaintiff Clingman & Hanger served its Responses and Objections on Defendant Hord blaming Reed Smith's counsel for its failure to observe

2

the discovery process, saying in part, …"the settlement agreement contains confidentiality provisions that require the agreement and its terms to be kept confidential.  We are working with Reed Smith's counsel to determine whether the requested documents can be produced, but we will not produce at this time."

6. From this time until April of 2024, several exchanges took place with Plaintiff's counsel and counsel for Reed Smith with no solution in sight.

7. On or about April 15, 2024, Defendant Hord conferenced with Plaintiff's counsel regarding the confidentiality clause. At this time Defendant expressed its reluctant need to file a motion to compel.

8. On or about May 15, 2024, Defendant Hord sent yet another letter to counsel requesting the same Settlement Agreement.

9. On or about May 17, 2024, Defendant Hord followed up on the latest request of May 15, 2024.

10. On June 10, 2024, The Court ordered that Defendant Hord may bring his motion to compel discovery of the referenced settlement documents, if necessary. Dkt# 315.

11. On June 25, 2024, Counsel for Defendant Hord sent a message via electronic mail to the Case Manager of this Court. In this message, counsel advised that Defendant Hord finds it necessary to file the Motion to Compel the settlement documents.

12. On June 26, 2024, The Case Manager of this Court took notice of Defendant Hord's intention on filing its Motion to Compel, in which the Case Manager noted advisement to the Court.

**Arguments**

**13.** Defendant Hord, and others, are entitled to the sum and substance of the Partial
Settlement Agreement as co-defendants in this suit.  Moreover, Counsel for Theodor
Van Stephoudt, David Hryck are very aware of the concept having been affirmed in
*Cohen v. Arthur Anderson, L.L.P.*, 106 S.W.3d 304, 310 (Tex. App.-Houston [1st Dist.]
2003, no pet.).  In short, Defendant Hord, in seeking a settlement credit, …"has the
burden to prove its right to such credit." *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917,
927 (Tex. 1998). Additionally, in *Arthur Anderson* it was held the nonsettling party can
meet the burden by placing the settlement agreement or some evidence of the settlement
amount in the record". *Id.* Thereafter, "…the burden shifts to the plaintiff to tender a
valid settlement agreement allocating…" the settlement damages.

**14.** Not to mention the possibility of a "Mary Carter" agreement and cooperation
agreements.  Although the plaintiff claims none exists, it is always difficult to prove
until the documents are reviewed.

**15.** Lastly, Defendant Hord has agreed to enter into a protective order but to no avail.

**16.** In short, it has become *necessary* to bring this motion. DKT. 315.

**Conclusion**

**17.** It is evident the lengths Defendant Hord has tried to accommodate and reserve the
Court's time and resources for other matters. Regrettably, and to no fault of Defendant
Hord, the Plaintiff has been unwilling to provide the settlement agreement, even with
other options such as the protective order, and have left Defendant Hord with no other

4

options than to use the Court's resources to resolve a discovery dispute.   Accordingly, for the above reasons, Defendant Hord requests the court order the Settlement Agreement with any and all attachments and addendums be produced within 48 hours of the order being signed, in their entirety.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Thomas E. Hord, prays this Court Order Plaintiff and Co-Defendants turn over the Partial Settlement Agreement to Defendant Hord within 48 hours of this Order and that Defendant be granted all further relief to which he is entitled.

Respectfully submitted,

HILL & HILL, P.C., LAW FIRM
By:/s/ J. Marcus Hill
J. Marcus "Marc" Hill
State Bar No. 09638150
Southern District No. 4640
1770 St James Place, Ste 440
Houston, TX 77056
2116 Church Street
Galveston, Texas 77550
Phone: 713-688-6318
Fax: 713-688-2817
Email: marc@hillpclaw.com
ATTORNEY FOR THOMAS E. HORD

5

## CERTIFICATE OF CONFERENCE

I hereby certify that prior to filing the above Thomas E. Hord's lead counsel conferred with opposing counsels in an effort to resolve the disputed issues without seeking relief from the Court as follows.

-   On or about August 21, 2023, Defendant Hord requested said Settlement Agreement via letter to Plaintiff's counsel and Counsel for Reed Smith and received no response.
-   On or about September 1, 2023, Defendant Hord again requested the information contained in the Settlement Agreement. Again, no response.
-   On or about September 15, 2023, Defendant Hord served his Requests for Production numbered 19-23 on Plaintiff on Clingman & Hanger Management Associates, LLC requesting certain settlement information and documents including the settlement agreement.
-   On or about October 23, 2023, Plaintiff Clingman & Hanger served its Responses and Objections on Defendant Hord.
-   From October 23, 2023 until April of 2024, several exchanges took place with Plaintiff's counsel and counsel for Reed Smith with no solution in sight.
-   On or about April 15, 2024, Defendant Hord conferenced with Plaintiff's counsel regarding the confidentiality clause. At this time Defendant expressed its reluctant need to file a motion to compel.
-   On or about May 15, 2024, Defendant Hord sent yet another letter to counsel requesting the same Settlement Agreement.
-   On or about May 17, 2024, Defendant Hord followed up on the latest request of May 15th.
-   On or around June 10, 2024, Defendant Hord corresponded with counsel for Plaintiff to see if there was any last option to resolve this matter.

-   No agreement could be made and regretably Judicial intervention is necessary.

/ s/ *J. Marcus "Marc" Hill*
J. Marcus Hill

## CERTIFICATE OF COMPLIANCE

Under the Court Procedures for Hon. Charles R. Eskridge III, paragraph 18(c), I certify that this Motion contains 932 words, except the excluded case caption, signature block, and certificates. It was prepared in Microsoft Word using 13-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

6

*/ s/ J. Marcus "Marc" Hill*
  J. Marcus Hill

## **CERTIFICATE OF SERVICE**

      I certify that I served a true copy of this instrument and supporting evidence on all parties of record, through their lead counsel below, via e-service through efile.txcourts.gov on June 28, 2024.

*/s/ J. Marcus Hill*
J. Marcus Hill

**Plaintiff – Clingman & Hanger Management Associates, LLC as Trustee of the Furie Litigation Trust**
**Robert M Corn- Lead Attorney**
*Attorney at Law*
3131 Eastside St.
Suite 440
Houston, TX 77098
713-229-0055
713-229-0057 (fax)
rcorn@corn-law.com
**Bijan Amini**
**Avery Samet**
*Amini LLC*
asamet@aminillc.com
(212) 497-8239
131 West 35th Street, 12th Floor
New York, New York 10001


**Defendant Kay Rieck**
**William P Haddock**
*Pendergraft & Simon, LLP*
2777 Allen Parkway, Ste 800
Houston, TX 77019
713-528-8555
713-868-1267 (fax)
will@haddock.pro


**Defendant – Theodor Van Stephoudt**
**Barrett H Reasoner – Lead Attorney**
**Ayesha Najam**
*Gibbs & Bruns LLP*
1100 Louisiana
Suite 5300
Houston, TX 77002
713-650-8805
713-750-0903 (fax)
breasoner@gibbsbruns.com
anajam@gibbsbruns.com



**Defendant – Reed Smith LLP**

**Collin Joe Cox**
*Gibson, Dunn & Crutcher LLP*
811 Main St
Ste 3000
Houston, TX 77002
346-718-6604
ccox@gibsondunn.com
**Bennett Rawicki**
*Gibson, Dunn & Crutcher LLP*
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201-6912
**Kevin Rosen-** *Motion for pro hac vice pending*
**Shannon Mader –** *Motion for pro hac vice pending*
*Gibson, Dunn & Crutcher LLP*
333 South Grand Avenue
Los Angeles, California 90071-3197


**Defendant – David Hyrick**
**Barrett H Reasoner – Lead Attorney**
**Ayesha Najam**
*Gibbs & Bruns LLP*
1100 Louisiana, Suite 5300
Houston, TX 77002
713-650-8805
713-750-0903 (fax)
breasoner@gibbsbruns.com
anajam@gibbsbruns.com


**Defendant – Stone Pigman Walther Wittmann L.L.C.**
**George M Kryder, III**
**Matthew W. Moran**
**Jordan W. Leu**
*Vinson Elkins LLP*
2001 Ross Ave, Suite 3900
Dallas, TX 75201
214-220-7719
214-999-7719 (fax)
gkryder@velaw.com
**Patrick W. Mizell**

*Vinson Elkins LLP*
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760

**Defendant - Michael A Nunes -- Murray Folger**
*Folger, Brar, O'Neil & Gray LLP*
2 Houston Center
909 Fannin Street, suite 1640
Houston, Texas 77010 713-481-1010

**Defendant - David Elder**
**Kendall Kelly Hayden**
*Cozen O'Connor*
khayden@cozen.com
(214) 462-3072
1717 Main Street, Suite 3100
Dallas, Texas 75201
**Julia Gandar Simonet**
*Cozen O'Connor*
1221 McKinney Street, Suite 2900
Houston, Texas 77010

**Defendant - Bruce Ganer**
**Timothy Rothberg**
*Peckar & Abramson, PC*
trothberg@pecklaw.com
(713) 568-1638
3050 Post Oak Blvd., Suite 500
Houston, Texas 77056

**Defendant - Sierra Pine Resources**
**International, Inc.**
**Timothy Rothberg**
*Peckar & Abramson, PC*
trothberg@pecklaw.com
(713) 568-1638
3050 Post Oak Blvd., Suite 500
Houston, Texas 77056

**Defendant** – **Helena Energy LLC**
**Leonard H. Simon**
**William P Haddock**
*Pendergraft & Simon, LLP*
2777 Allen Parkway, Ste 800
Houston, TX 77019
713-528-8555
713-868-1267 (fax)
will@haddock.pro