**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CLINGMAN & HANGER | § | CIVIL ACTION NO. |
| MANAGEMENT ASSOCIATES, LLC, | § | 4:21-cv-02698 |
| Plaintiff, | § | |
| | § | JUDGE CHARLES ESKRIDGE III |
| vs. | § | |
| | § | |
| KAY RIECK, et al., | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT THOMAS E. HORD'S MOTION TO COMPEL
[Re: Dkt. 318, 319]**

Plaintiff Clingman & Hanger Management Associates, LLC, as trustee of the Furie Litigation Trust, submits this response in opposition to the motion (Dkt. 318) of defendant Thomas Hord ("Hord") to compel production of plaintiff's settlement agreement with defendants Reed Smith LLP, Theodor Van Stephoudt and David Hryck.

## INTRODUCTION

1.     Plaintiff agreed to keep the settlement document with the settling defendants confidential and is therefore compelled to defend the confidentiality of the agreement.

2.     Plaintiff's settlement agreement is a confidential document that has no bearing on the claims against Hord.  The only extant claims against Hord in the Second Amended Complaint are claims that *Hord* received certain fraudulent

transfers.  None of those transfers were sought from the settling Defendants.  Hord is not jointly and severally liable on any extant claim with the settling Defendants. As a result, his interest in the confidential settlement is only a prurient one and is not geared to uncover any probative fact.

## ARGUMENT

3.      The party seeking discovery has the burden of showing that the discovery requested is within the scope of disclosure under Rule 26(b)(1).  *Canada v. Hotel Development-Texas, Ltd.*, 2008 WL 3171940, at *1 (N.D. Tex. July 30, 2008).

4.      Under FRE 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  *See also In re Rodriguez*, 2013 WL 2450925, at *2 (Bankr. S.D. Tex. June 5, 2013) (applying this standard on motion to compel).

5.      "Within this general framework, the party seeking disclosure of a confidential settlement agreement involving … other parties in the same case must articulate something more than a bald desire to see what the other parties said in their settlement agreement … [I]n most cases, the movant articulates a specific basis as to why the settlement terms are relevant to a claim or defense in the continuing litigation so that production of the settlement agreement is proportional

to the needs of the case and overrides the settling parties' interest in keeping their settlement confidential." *In re Dealer Mgm't Sys. Antitrust Litig.*, 2019 WL 3884036, at *2 (N.D. Ill. Aug. 16, 2019).  Indeed, *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475 (N.D. Tex. 2005) acknowledged "many courts require parties seeking discovery of confidential settlement agreements to make a particularized showing of relevance before discovery will be permitted."

6.    Hord has failed to carry his burden under the above standard.  At the outset, the scope of discovery under Rule 26(b)(1) is limited to matters "relevant to any party's claim or defense", no claims are asserted against the settling defendants in the second amended complaint (Dkt. 288) and the motion does not explain how the settlement agreement is relevant to any current claim or defense.

7.    Tex. Civ. Prac. & Rem. Code § 33.012(b) (*see* Dkt. 318 ¶13) has no relevancy here because Hord is not alleged to have received transfers made to any of the settling defendants and vice versa.  Hord does not offer any account of how the claims against the settling defendants relate to the separate claims against him.

8.    Moreover, even if it were relevant, § 33.012(b) does not apply to this case at all.  Whether brought under the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code §24.001 *et seq*., made applicable by 11 U.S.C. § 544(b), or 11 U.S.C. § 548(a), the fraudulent transfer claims against Hord are recoverable under 11 U.S.C. § 550(a), and all such claims are therefore subject to and governed

by the Federal single satisfaction rule of 11 U.S.C. § 550(d).  Section 33.012(b) therefore has no application.  *Segner v. Ruthven Oil & Gas, LLC (In re Provident Royalties, LLC)*, 581 B.R. 185, 192-94, 2017 WL 8132747, 2017 Bankr. LEXIS 4567 (Bankr. N.D. Tex. 2017) (citing *In re Prudential of Florida Leasing, Inc.*, 478 F.3d 1291, 1298-1301 (11th Cir. 2007)) (federal not state law governs application of § 550(d) and declining to apply § 33.012(b)).[1]

9.     "[S]ection 550(d) must be applied on a transfer-by-transfer basis." *Provident Royalties*, 581 B.R. at 195-96.  As noted above, Hord is not alleged to have received transfers made to any of the settling defendants and vice versa.

10.    In addition, application of § 33.012(b) in the manner suggested by Hord would defeat § 550(a)'s statutory purpose of enabling a complete satisfaction.  *Id.* at 194. ("faithful application of the single satisfaction rule would effectively set a ceiling on the trustee's potential recovery but would not impair the trustee's ability to obtain a complete recovery").

11.    Hord's argument that disclosure is needed to investigate "the possibility of a 'Mary Carter' agreement and cooperation agreements" (Dkt. 318 ¶14) also fails.  Putting aside his acknowledgment that plaintiff advised him the

---

[1] The only Texas state court case located on the subject, *Challenger Gaming Solutions, Inc. v. Earp*, 402 S.W.3d 290, 299 (Tex App.—Dallas 2013, no pet.), held, after thorough analysis, that the Texas proportionate responsibility statute does not apply to Uniform Fraudulent Transfer Act claims.

settlement is not any such agreement, and that it cannot be a Mary Carter agreement because no claims are asserted against any of the settling defendants in the second amended complaint,[2] no explanation is given as to how any such agreement can possibly be relevant to any party's claims or defenses; that is, how any such agreement would tend to show a material fact at issue is more or less probable.

12.     Before compelling the production of a confidential settlement agreement, a party should be required to articulate some specific reason for the discovery as opposed to relying on speculation.  A contrary ruling would chill settlements which it is policy to encourage.  *Courtney v. Andersen*, 264 Fed. App'x 426, 429 (5th Cir. 2008) ("Public policy favors and encourages the settlement of claims between parties") (internal citations and quotations omitted); *Burlington Northern, Inc. v. Hyde*, 799 S.W.2d 477, 481 (Tex. App.—El Paso 1990, no pet.) ("allowing discovery of … confidential settlements of this kind would have a chilling effect on their encouragement").

13.     Hord's motion to compel production of plaintiff's settlement agreement should be denied.

---

[2] In a Mary Carter agreement, the settling defendant remains a party and is generally required to participate in the trial as a party. *Elbaor v. Smith*, 845 S.W.2d 240, 247-48 (Tex. 1992).  Here, the settling defendants were dismissed.  (Dkt. 269).

Dated: July 19, 2024

Respectfully submitted,

*/s/ Robert M. Corn*
Robert M. Corn
State Bar No. 0482600
3131 Eastside Street, Suite 440
Houston, TX 77098
Tel: (713) 229-0055
Fax: (713) 229-0057
rcorn@corn-law.com

Of counsel:

Bijan Amini
Avery Samet
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
bamini@aminillc.com
asamet@aminillc.com

Attorneys for Plaintiff Clingman &
Hanger Management Associates, LLC,
as Trustee of the Furie Litigation
Trusts

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2024, a true and correct copy of the above and foregoing was served in compliance with the Federal Rules of Civil Procedure upon all counsel of record via S.D. Tex. CM/ECF.

*/s/ Robert M. Corn*
Robert M. Corn
